**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

JUN 2 5 2004 *rg*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| v. | ) | Judge Joan Lefkow |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | Magistrate Judge Ashman |
| UTRERAS, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

DOCKETED

JUN 2 9 2004

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Craig B. Futterman
      Edwin F. Mandel Legal Aid Clinic
      6020 South University
      Chicago, Illinois 60637

      **PLEASE TAKE NOTICE** that on this 25th day of June 2004, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**, a copy of which is herewith served upon you.

      I hereby certify that I have served this notice and the attached document by causing it to be delivered via U.S. mail to the person named above at the address shown this 25th day of June 2004.

                              Respectfully submitted,

                              MARA S. GEORGES
                              Corporation Counsel
                              for the City of Chicago

                   By:    _____
                              ARNOLD H. PARK
                              Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9010
Attorney No. 06237837

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

FILED

JUN 2 5 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | Judge Joan Lefkow |
| UTRERAS (Star No. 19901), ANDREW | ) | |
| SCHOEFF.(Star No. 4436), CHRIST | ) | Magistrate Judge Ashman |
| SAVICKAS (Star No. 5991), ROBERT | ) | |
| STEGMILLER (Star No. 18764), JOSEPH | ) | |
| SEINITZ (Star No. 4947), ROBERT | ) | Jury Demand |
| SCHULTZ (Star No.13882), NICHOLAS | ) | |
| CORTESI (Stat No. 15112), JOHN CANNON | ) | |
| (Star No. 12241), ROBERT FRANKS (Star | ) | |
| No. 15935), WAYNE NOVY (Stat No. 2733), | ) | |
| and JOHN DOES ONE through FIVE, in their | ) | |
| individual capacities; and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

JUN 2 9 2004

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago for its Answer, Defenses and Jury Demand to Plaintiffs' Complaint, states as follows:

1.      This is a civil rights action for damages and injunctive relief brought pursuant to the
Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 arid 1988,
28 U.S.C. § 2201 et seq., the Illinois Hate Crimes Act, and Illinois common law for the torts of
assault and battery, false arrest and imprisonment, and intentional infliction of emotional distress.

**ANSWER:**    The City admits Plaintiffs are bringing the claims as contained in this

paragraph.

2.      Plaintiff Diane Bond, a forty-nine-year-old African-American woman, sues the
Individual Defendants for their ongoing physical, sexual, and psychological abuse and intimidation
of Ms. Bond in and around her own home, perpetrated under their color of authority as Chicago
Police Officers, and motivated by Defendants' gender and racial anima against Ms. Bond.

Defendants have preyed upon Ms. Bond for nearly a year, causing her to live in a state of fear.

**ANSWER:**  The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

### JURISDICTION AND VENUE

3.  The jurisdiction of the Court is conferred by 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction is conferred by 28 U.S.C. § 1367.

**ANSWER:**  The City admits this Court has jurisdiction.

4.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because all defendants reside in the district.

**ANSWER:**  The City admits that venue is proper.

### PARTIES

5.  Plaintiff Diane Bond is a forty-nine-year-old African-American woman, a resident of Cook County, Illinois, and United States citizen.

**ANSWER:**  The City admits that Plaintiff resided in Chicago, Illinois, at all times relevant to the Complaint.  The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

6.  Defendants Edwin Utreras, Andrew Schoeff, Christ Savickas, Robert Stegmiller, Joseph Seinitz, Robert Schultz, Nicholas Cortesi, John Cannon, Robert Franks, and Wayne Novy are sworn officers of the Chicago Police Department who are sued in their individual capacities for actions they took by virtue of their authority as police officers.

**ANSWER:**  The City admits defendant Officers are employed by the City and are being sued in their individual capacities.  The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and

-2-

therefore, these allegations are deemed denied.

7.     Defendant Edwin Utreras, at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

**ANSWER:**   The City admits that defendant Utreras was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

8.     Defendant Andrew Schoeff, at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the Scope of his employment.

**ANSWER:**   The City admits that defendant Schoeff was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied

9.     Defendant Christ Savickas, at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

**ANSWER:**   The City admits that defendant Savickas was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

10.     Defendant Robert Stegmiller, at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

**ANSWER:**   The City admits that defendant Stegmiller was, at all times relevant to the

-3-

Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

11.     Defendant Joseph Seinitz, at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago. and acted in the course and within the scope of his employment.

**ANSWER:**     The City admits that defendant Seinitz was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

12.     Defendant Robert Schultz at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

**ANSWER:**     The City admits that defendant Schultz was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

13.     Defendant Nicholas Cortesi at all times relevant to this Complaint. acted under color of State law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

**ANSWER:**     The City admits that defendant Cortesi was, at all times relevant to the Complaint, employed by the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

14.     Defendant John Cannon at all times relevant to this Complaint, acted under color of

-4-

state law as a police officer of the City of Chicago, and acted in the course and within the scope of, his employment.

> **ANSWER:**     The City admits that defendant Cannon was, at all times relevant to the
>
> Complaint, employed by the City.  The City lacks information or knowledge sufficient to
>
> form a belief as to the truth of the remaining allegations contained in this paragraph and
>
> therefore, these allegations are deemed denied.

15.     Defendant Robert Franks at all times relevant to this Complaint, acted under color of state raw as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

> **ANSWER:**     The City admits that defendant Franks was, at all times relevant to the
>
> Complaint, employed by the City.  The City lacks information or knowledge sufficient to
>
> form a belief as to the truth of the remaining allegations contained in this paragraph and
>
> therefore, these allegations are deemed denied.

16.     Defendant Wayne Novy at all times relevant to this Complaint, acted under color of state law as a police officer of the City of Chicago, and acted in the course and within the scope of his employment.

> **ANSWER:**     The City admits that defendant Novy was, at all times relevant to the
>
> Complaint, employed by the City.  The City lacks information or knowledge sufficient to
>
> form a belief as to the truth of the remaining allegations contained in this paragraph and
>
> therefore, these allegations are deemed denied.

17.     Defendant Chicago Police Officers John Does One through Five are sworn male, Caucasian officers of the Chicago Police Department whose names and star numbers are not now known to Plaintiff.  These defendants are sued in their individual capacities for action they took by virtue of their authority as Chicago Police Officers.  At all times material to this Complaint, these defendants acted under color of state law as police Officers of the City of Chicago and within the scope of their employment.

> **ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

18.    Defendant City Of Chicago is an Illinois municipal corporation, and was, at all times material to this Complaint, the employer and principal of Defendants Utreras, Schoeff, Savickas, Stegmiller, Seinitz, Schultz, Cortesi, Cannon, Franks, Novy, and John Does One through Five.[1]

**ANSWER:**    The City admits that it is a municipal corporation in Illinois, and at all times

relevant to the Complaint, employed defendant Officers Utreras, Schoeff, Savickas,

Stegmiller, Seinitz, Schultz, Cortesi, Cannon, Franks and Novy. The City lacks information

or knowledge sufficient to form a belief as to the truth of the remaining allegations contained

in this paragraph and therefore, these allegations are deemed denied.

## FACTS

### April 13, 2003 Incident

19.    At approximately 5:00 p.m. on April 13, 2003, Plaintiff Diane Bond walked up the stairs other Stateway Gardens apartment building, located at 3651 South Federal in Chicago, Illinois.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

20.    As she approached her home, Ms. Bond encountered four or more of the Individual Defendants.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

_____

[1]    Hereafter, Defendants Utreras, Schoeff, Savickas, 72216, Seinitz, Schultz, Cortesi, Cannon, Franks, Novy, and John Does One through Five shall collectively be referred to as the "Individual Defendants."

deemed denied.

21.     One of the Individual Defendants, without any provocation or lawful justification, pressed his gun against Ms. Bond's temple and demanded to know where she lived.  With his gun pressed against Ms. Bond's head, he tore her house keys from her hand, opened the door to her home, and forced Ms. Bond inside the apartment.

> **ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the
>
> truth of the allegations contained in this paragraph and therefore, these allegations are
>
> deemed denied.

22.     After the Defendant opened the door to Ms. Bond's home, three or more additional Individual Defendants entered Ms. Bond's apartment.

> **ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the
>
> truth of the allegations contained in this paragraph and therefore, these allegations are
>
> deemed denied.

23.     The Individual Defendants imprisoned Ms. Bond in her own home, handcuffing her behind her back, while they searched her home.

> **ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the
>
> truth of the allegations contained in this paragraph and therefore, these allegations are
>
> deemed denied.

24.     The Individual Defendants threw Ms. Bond's personal belongings throughout the apartment and damaged her personal property.  Among other things, they broke her drinking glasses and certain objects that held religious meaning to Ms. Bond.

> **ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the
>
> truth of the allegations contained in this paragraph and therefore, these allegations are
>
> deemed denied.

25.     Ms. Bond's then teen-age son and his friend were also present inside her home.  Ms. Bond was forced to watch in handcuffs as two of the Individual Defendants entered her son's

bedroom, handcuffed her son and his friend locking their hands behind their backs, and beat them.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

26. In response to Ms. Bond's verbal protest of Defendants' search of her home and beating of her son, one of the Individual Defendants yelled, "Shut up, Cunt!" as he struck her in the face and kicked her in the side.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

27. He then knocked down a painting of a brown-skinned Jesus Christ that was hanging above Ms. Bond's head. When she asked him to pick up her picture of Christ, he cursed, "Fuck Jesus and you too, Bitch," mocking her deeply held religious beliefs.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

28. Another Individual Defendant forced Ms. Bond up, as she sat crying on the floor. He took Ms. Bond inside her bedroom, closed the bedroom door, removed his police vest from his body, and laid the vest down near Ms. Bond's bed. He then removed Ms. Bond's handcuffs, and threatened to plant drugs on her and to falsely charge her with a crime if she did not do what he demanded.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

29. A third Individual Defendant entered Ms. Bond's bedroom, seized her by her arm, and ordered her to accompany him inside her closet-sized bathroom. He closed the door to the bathroom and stood within a foot or two of her body. The Defendant ordered Ms. Bond to unfasten her bra and shake it out. He commanded that she open her pants and pull them down. He then ordered that she

place her full hand inside the front of her panties. The Defendant then forced her to push the front of her panties away from her body and toward him, exposing the most private areas of her body, as he stated and smirked. He then compelled Ms. Bond to bring her panties back in contact with her pubic area, keeping het hand inside the front side of her underwear near her vagina. He ordered Ms. Bond to do it again. And again. And again. And again. The Individual Defendant threatened to incarcerate Ms Bond if she did not submit to his commands.

     **ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

     30.     In the hope to end her abuse, Ms. Bond held out her hands in front of her body so that the Defendant could handcuff her again and take her to jail. Instead, he opened the door to the bathroom and ordered Ms Bond to sit on the floor while another Individual Defendant repeatedly beat a middle-aged African-American man whom Defendants had brought inside Ms. Bond's home without her permission or consent. The Defendant punched him again in the face causing him to fall into Ms. Bond's framed painting of the Last Supper and breaking the glass inside the frame.

     **ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

     31.     The Individual Defendants compelled Ms. Bond to sit on the floor and watch, while they forced her son to perform a sadistic, racist and demeaning show for the Officers at the threat of incarceration. They uncuffed Ms. Bond's son and his friend and ordered them to punch and beat up the middle-aged African-American man whom Defendants brought uninvited inside Ms. Bond's home. The Individual Defendants laughed as they demeaned Ms. Bond and her son.

     **ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

     32.     The Individual Defendants left Ms. Bond's home laughing, after they had degraded Ms. Bond and her son.

     **ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

33.     At no time on April 13, 2003, did Ms. Bond give her permission or consent to any of the Individual Defendants to enter or search her home.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

34.     At no time did Ms. Bond provide the Individual Defendants with probable cause or any legal justification to search or seize her person, her home or her personal belongings.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

35.     The Individual Defendants did not possess any search warrant to search Ms. Bond's home nor an arrest warrant to arrest anyone in Ms. Bond's household.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

36.     The Individual Defendants' physical and mental abuse and humiliating search of Ms. Bond were excessive, unreasonable, and unsupported by any legal justification.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

37.     On April 14, 2003, Ms. Bond reported the Individual Defendants' abuse of their police powers to the City of Chicago's Office of Professional Standards.

**ANSWER:** The City admits that Plaintiff was interviewed by the Office of Professional Standards on April 14, 2003. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

### April 28, 2003

38. At approximately 7:30 p.m., on April 28, 2003, two of the Individual Defendants seized Ms. Bond in the stairway leading to her apartment, without any probable cause or other lawful justification.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

39. They dragged her up the stairs by her coat.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

40. The Defendants shouted and cursed at Ms. Bond, "Give me your fucking keys!" As one of the Individual Defendants held Ms. Bond by her coat, the other demanded Ms. Bond's house keys and struck Ms. Bond in her face, causing her to urinate on herself out of fear.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

41. Defendants seized Ms. Bond's keys from her person against her will and used the keys to unlock the front door to her home.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the

-11-

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

42.     Five or more of the Individual Defendants entered Ms. Bond's home without her permission or consent.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

43.     The Defendants also seized two young African-American men and brought them inside Ms. Bond's home without her permission or consent.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

44.     Members of the Individual Defendants searched through Ms. Bond's home and possessions. When Ms. Bond begged them not to destroy certain items of religious significance, one, of the Individual Defendants intentionally knocked Ms. Bond's icon of the Virgin Mary to the floor, broke the statue, and mocked Ms. Bond and her beliefs. "Fuck the Virgin Mary," he said.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

45.     Three of the Individual Defendants, all white male Chicago Police Officers, demanded that Ms. Bond join them inside her bedroom. They ordered her to undress.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

46.     One of the Individual Defendants thrust a pair of needle-nose pliers' in Ms. Bond's

-12-

face and threatened to pull out her teeth, unless she removed her clothes in the presence of the three white male officers. The Defendants forced Ms. Bond to pull down her pants and underwear, exposing her genitalia to the male Defendants. The Individual Defendants further commanded that Ms. Bond reach inside her vagina as she stood before them.

> **ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

47. The Individual Defendants threatened to plant drugs on her and incarcerate her, and otherwise verbally abused, intimidated, and humiliated her.

> **ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

48. At no time on April 28, 2003 did Ms. Bond give her permission or consent to any of the Individual Defendants to enter or search her home or to search her body.

> **ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

49. The Individual Defendants did not possess any search warrant to search Ms. Bond's home nor an arrest warrant to arrest anyone in Ms. Bond's household.

> **ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

50. At no time did Ms. Bond provide the Individual Defendants with probable cause or any legal justification to search or seize her person, her home, or her personal belongings.

> **ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

51.     The Individual Defendants' physical abuse and humiliating search of Ms. Bond were excessive, unreasonable, and unsupported by any legal justification.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

52.     Ms. Bond filed a second official misconduct complaint with the City of Chicago's Office of Professional Standards against the Individual Defendants for their abuse on April 28, 2003.

**ANSWER:**     The City admits that the Office of Professional Standards registered a complaint from Plaintiff on April 28, 2003.  The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

### April 30, 2003

53.     On April 30, 2003, at around 11:30 p.m., two of the Individual Defendants confronted Ms. Bond in the lobby of her apartment building at 3651 South Federal in Chicago.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

54.     One of the Defendants seized Ms. Bond by her arm, and demanded the keys to her home.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

-14-

55.     As Ms. Bond stood in fear of another assault, the Defendant grabbed Ms. Bond around her throat, pushed her up against the elevator door to her apartment building, and threatened, "I'll beat your motherfucking ass."

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

56.     Ms. Bond cried for help, as the Defendant choked arid cursed her.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

57.     Despite Ms. Bond's pleas, the second Individual Defendant stood by and kept a lookout for his partner, while he choked Ms. Bond. He facilitated and assisted Defendant's choking of Ms. Bond, and refused to intercede despite a reasonable opportunity to do so. When a private citizen pleaded with him to aid Ms. Bond, the second Individual Defendant thumped his hand against the man's chest and refused to intervene.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

58.     Other residents from the building responded to Ms. Bond's cries for help.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

59.     Due to their intervention, the Defendants ultimately released Ms. Bond's throat and told her to "get the fuck out of here."

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

-15-

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

60.     At no time did Ms. Bond provide the Individual Defendants with probable cause or any legal justification to seize her person.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

61.     The Individual Defendants' seizure and physical abuse of Ms. Bond were unreasonable, excessive, and unsupported by any legal justification.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

### March 29 and 30, 2004

62.     At approximately 11:40 p.m., on March 29, 2004, Ms. Bond was walking down the stairs of her apartment building at 3651 South Federal.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

63.     The same Defendant who had choked Ms. Bond in April 2003 confronted her in the stairwell with a screwdriver in his hand, along with another Individual Defendant. The Defendant who had choked Ms. Bond ordered her to come to him and threatened to stick her in the neck with the screwdriver.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

64.     The two Individual Defendants seized Ms. Bond and wrestled her to the ground. They pulled and twisted Ms. Bond's arm behind her back, causing her extreme pain, and forced handcuffs around her wrists. Ms. Bond screamed and cried for help, in fear for her life and of further sexual abuse.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

65.     As Ms. Bond continued to scream for help, the Individual Defendants pulled her off of the ground and removed her handcuffs. One Individual Defendant placed his finger over his lips and warned her not to say anything about what happened.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

66.     The next night, March 30,2003, after 8:00 p.m., the same Individual Defendant who had warned her not to say anything about the incident stood outside Ms. Bond's home.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

67.     Ms. Bond emerged wearing a sling on her right arm that the Defendant had pulled and twisted the night before. The Defendant called to Ms. Bond and nodded at her arm, "What happened to you?" he mocked in feigned ignorance.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

68.     At no time did Ms. Bond provide the Individual Defendants with probable cause or any legal justification to seize her person.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

69. The Individual Defendants' seizure and physical abuse of Ms. Bond were unreasonable, excessive, and unsupported by any legal justification.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

### ALLEGATIONS OF INTENTIONAL CONDUCT AND CAUSATION

70. Each of the Individual Defendants acted or failed to act knowingly and intentionally, maliciously, wantonly or with reckless or callous disregard of, or indifference to, the rights of Ms. Bond.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

71. The Individual Defendants' seizures of Ms. Bond, the searches of her body, home, and belongings, physical beatings, physical abuse, choking, assaults, intimidation, and humiliation of Ms. Bond, destruction of her property, and vilification of Ms. Bond's religious beliefs and certain icons were undertaken with the intent to discriminate against Ms. Bond's on account of her gender, race, and the color of her skin.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

72. By their actions and omissions, the Individual Defendants violated and abused Ms. Bond's body and home, desecrated her most treasured icons and religious beliefs, violated her Constitutional rights, and robbed Ms. Bond of any feeling of security, leaving Ms. Bond traumatized and violated, in a constant state of fear in and around her own home.

-18-

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

73. As a direct and proximate result of the conduct of the Individual Defendants described above, Ms. Bond suffered and continues to suffer mental and emotional distress, including but not limited to extreme fear, anxiety, mental pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to her self esteem, and the loss of the sense of personal safety in and around her home. In addition, Ms. Bond suffered physical pain to her head, neck, face, and eye, she suffered and continues to suffer intense pain in her right arm, which was required to be immobilized in a sling; and she was deprived of personal property inside her home.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

### CLAIM I: FOURTH AND FOURTEENTH AMENDMENTS
### (Illegal Search of Person, Home, and Effects)

74. Plaintiff realleges and incorporates herein paragraphs 1 through 13 above.

**ANSWER:** The City's answers to paragraphs 1 through 13 are incorporated herein as though fully set forth.

75. Plaintiff asserts Claim I of this action against Individual Defendants in their individual capacities. Claim I arises under 42 U.S.C. § 1983.

**ANSWER:** The City admits that Plaintiff brings her claim under 42 U.S.C. § 1983 against defendant Officers in their individual capacities. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

76. The Individual Defendants' unreasonable and illegal searches of Plaintiff's person, home, and personal possessions, undertaken without a warrant, probable cause, or reasonable suspicion, deprived Plaintiff of her Fourth and Fourteenth Amendment rights to be secure in her

person, home, papers, and effects against unreasonable searches and seizures.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

77. The aforementioned actions and omissions in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiffs Constitutional violations, physical and emotional injuries; loss of personal freedom, and loss of personal property, as set forth more fully above.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

78. Each of the Individual Defendant's actions and omissions was intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against each Defendant is necessary to punish him for his misconduct, and to deter similar misconduct.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

## CLAIM II: FOURTH AND FOURTEENTH AMENDMENTS
### (Unlawful and Unreasonable Seizure and Detention)

79. Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:** The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

80. Plaintiff asserts Claim II of this action against Individual Defendants in their individual capacities. Claim II arises under 42 U.S.C. § 1983.

**ANSWER:** The City admits that Plaintiff brings her claim under 42 U.S.C. § 1983 against

-20-

defendant Officers in their individual capacities. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

81. The Individual Defendants' false arrest of Plaintiff and unlawful and unreasonable seizure of Plaintiff's person and effects without a warrant, probable cause, or reasonable suspicion, deprived Plaintiff of her Fourth and Fourteenth Amendment rights to be secure in her person, home, papers. and effects against unreasonable searches and seizures.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

82. The aforementioned actions and omissions in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiffs Constitutional violations, physical and emotional injuries, loss of personal freedom, and loss of personal property, as set forth more fully above.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

83. Each of the Defendant's actions and omissions was intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against each Defendant is necessary to punish each Defendant for his misconduct, and to deter similar misconduct.

**ANSWER:** The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

## CLAIM III: FOURTH AND FOURTEENTH AMENDMENT
### (Excessive Force)

84. Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:**   The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

85.   Plaintiff asserts Claim III of this action against the Individual Defendants in their individual capacity. Claim III arises under 42 U.S.C. § 1983.

**ANSWER:**   The City admits that Plaintiff brings her claim under 42 U.S.C. § 1983 against defendant Officers in their individual capacities. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

86.   The Individual Defendants' physical beating, physical abuse, choking, assault, intimidation, and humiliation of Plaintiff without probable cause deprived Plaintiff of her Fourth and Fourteenth Amendment rights to be free from the use of excessive and unreasonable force.

**ANSWER:**   The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

87.   The aforementioned actions and omissions in the face of a Constitutional duty to intercede by the Individual Defendants were the direct and proximate cause of Plaintiff's Constitutional violations, physical and emotional injuries, destruction of her personal property, and loss of personal freedom, as set forth more fully above.

**ANSWER:**   The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

88.   Each of the Defendant's actions and omissions was intentional, willful, and exhibited a conscious disregard or reckless indifference to Plaintiff's rights. The award of punitive damages against each Defendant is necessary to punish each Defendant for his misconduct, and to deter similar misconduct.

**ANSWER:**   The City lacks information or knowledge sufficient to form a belief as to the

-22-

truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

## CLAIM IV: FOURTEENTH AMENDMENT
### (Equal Protection)

89.    Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:**    The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

90.    Plaintiff asserts Claim IV of this action against the Individual Defendants in their individual capacities.  Claim IV arises under 42 D.S.C. § 1983.

**ANSWER:**    The City admits that Plaintiff brings her claim under 42 U.S.C. § 1983 against defendant Officers in their individual capacities.  The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

91.    The actions and omissions of the Individual Defendants, in seizing Plaintiff, searching her body, home and belongings, physical beating and abusing her, assaulting, intimidating and humiliating her, were undertaken with the intent to discriminate against Plaintiff on account of Plaintiff's gender, race, and color of her skin, denying Plaintiff of her Fourteenth Amendment right to equal protection under the law.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, these allegations are deemed denied.

92.    The Individual Defendants singled Plaintiff out for abuse (as set forth more fully above) and treated her differently from other similarly situated persons.  The Individual Defendants' differential treatment of Plaintiff was intentional, malicious, and motivated by ill-will.  Their differential treatment was also motivated by their gender and racial anima.  In addition, their differential treatment of Plaintiff was arbitrary and irrational.

**ANSWER:**    The City lacks information or knowledge sufficient to form a belief as to the

-23-

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

93.     The aforementioned actions and omissions in the face of a Constitutional duty to
intercede by the Individual Defendants were the direct and proximate cause of Plaintiff's
Constitutional violations, physical and emotional injuries. loss of personal freedom, and loss of
personal property, as set forth more fully above.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

94.     Each of the Defendant's actions and omissions was intentional, willful, and exhibited
a conscious disregard or reckless indifference to Plaintiff's rights.  The award of punitive damages
against each Defendant is necessary to punish each Defendant for his misconduct, and to deter
similar misconduct.

**ANSWER:**     The City lacks information or knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore, these allegations are

deemed denied.

## CLAIM V: ILLINOIS HATE CRIME STATUTE

95.     Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:**     The City's answers to paragraphs 1 through 73 are incorporated herein as

though fully set forth.

96.     Plaintiff asserts Claim V of this complaint, arising under the private right of action
included in the Illinois Hate Crimes Statute, 720 ILCS 5/12-7.1, against the Individual Defendants
and their employer, the City of Chicago.  This Court has jurisdiction of this claim under 28 U.S.C.
§ 1367.

**ANSWER:**     The City admits that Plaintiff brings this claim under 720 ILCS 5/12-7.1

against defendant Officers and the City.  The City lacks information or knowledge sufficient

to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

97.     The Individual Defendants' assault, battery, trespass to her home, and damage to her property, as set forth more fully above, were intentional, willful, wanton, malicious, and motivated, in whole or in part, by the Plaintiff's gender, race, color, and ancestry, in violation of Illinois statute 720 ILCS 5/12-7.1(a).

**ANSWER:**     The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

98.     The aforementioned actions of the Individual Defendants were the direct and proximate cause of Plaintiff's physical and emotional injuries and loss of personal property, as set forth more fully above.

**ANSWER:**     The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

99.     The actions committed by the Individual Defendants were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:**     The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

### CLAIM VI: ILLINOIS BATTERY

100.     Plaintiff realleges and incorporates herein paragraphs 1 through 73 above. .

-25-

**ANSWER:** The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

101. Plaintiff asserts Claim VI of this complaint, arising under Illinois Common law, against the Individual Defendants and their employer, the City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

**ANSWER:** The City admits that Plaintiff brings this claim against defendant Officers and the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

102. The Individual Defendants subjected Plaintiff to contact of an insulting and provoking nature and caused Plaintiff bodily harm, directly and proximately causing Plaintiff's physical and emotional injuries, as set forth above. The Individual Defendants thereby subjected Plaintiff to the tort of battery under Illinois law.

**ANSWER:** The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

103. The Individual Defendants' actions and omissions, as set forth above, were intentional, willful, wanton, malicious, and without probable cause, provocation, or legal justification, and/or with reckless disregard for their natural consequences.

**ANSWER:** The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed

denied.

104.    The actions committed by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:**    The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

## CLAIM VII: ILLINOIS FALSE ARREST AND IMPRISONMENT

105.    Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:**    The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

106.    Plaintiff asserts Claim VII of this complaint, arising under Illinois common law against the Individual Defendants and their employer, the City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

**ANSWER:**    The City admits that Plaintiff brings this claim against defendant Officers and the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

107.    The Individual Defendants' seizure and arrest of the Plaintiff without a warrant and without probable cause were intentional, willful, wanton, and unreasonable; they denied Plaintiff her personal liberty against her will; and they constitute the tort of false arrest and imprisonment under Illinois Law. Further, these actions directly and proximately caused Plaintiff's injuries as set forth more fully above.

**ANSWER:** The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

108. The actions committed by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:** The City denies the allegations against it as contained in this paragraph. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

## CLAIM VIII: ILLINOIS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

109. Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:** The City's answers to paragraphs 1 through 73 are incorporated herein as though fully set forth.

110. Plaintiff asserts Claim VII of this action, an Illinois common law action for intentional infliction of emotional distress, against the Individual Defendants and their employer, the City of Chicago. This Court has jurisdiction of this claim under 28 D.S.C. § 1367.

**ANSWER:** The City admits that Plaintiff brings this claim against defendant Officers and the City. The City lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, these allegations are deemed denied.

111. The actions committed by the Individual Defendants as described above were extreme and outrageous; they were undertaken willfully, wantonly and maliciously, with the intent to cause

-28-

Plaintiff severe emotional distress; and they caused and continue to cause Plaintiff severe emotional distress.

**ANSWER:**    The City denies the allegations against it as contained in this paragraph. The

City lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph and therefore, these allegations are deemed

denied.

112.    The actions committed by the Individual Defendants described above were undertaken within the scope of their employment as police officers of the City of Chicago.

**ANSWER:**    The City denies the allegations against it as contained in this paragraph. The

City lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph and therefore, these allegations are deemed

denied.

## CLAIM IX: ILLINOIS LOCAL GOVERNMENT AND LOCAL GOVERNMENT EMPLOYEES TORT IMMUNITY ACT (745 ILCS 10/9-102B)

113.    Plaintiff realleges and incorporates herein paragraphs 1 through 73 above.

**ANSWER:**    The City's answers to paragraphs 1 through 73 are incorporated herein as

though fully set forth.

114.    Claim IX of this Complaint is an Illinois statutory claim against Defendant City of Chicago. This Court has jurisdiction of this claim under 28 U.S.C. § 1367.

**ANSWER:**    The City admits that Plaintiff brings this claim against the City. The City

lacks information or knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph and therefore, these allegations are deemed denied.

115.    Defendant City of Chicago is the employer of each of the Individual Defendants.

**ANSWER:**    The City admits that defendant Officers were, at all times relevant to the

Complaint, employed by the City.  The City lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph and

therefore, these allegations are deemed denied.

116.    Each of the Individual Defendants committed the acts and omissions alleged above
under color of state law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**    The City denies the allegations against it as contained in this paragraph.  The

City lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph and therefore, these allegations are deemed

denied.

## AFFIRMATIVE DEFENSES

1.    Defendant City is not liable to Plaintiff if its employees or agents are not liable to the

Plaintiff.  745 ILCS 10/2-109 (1994).

2.    To the extent any employee or agent of Defendant City was acting within the scope

of his or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of the law, unless such act or omission constitutes wilful and wanton

conduct.  745 ILCS 10/2-202 (1994).

3.    Defendant City is not liable for any injury caused by the act or omission of another

person. 745 ILCS 10/2-204 (1994).

4.     To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

5.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6.     City is not liable for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

By:  _____
ARNOLD H. PARK
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9010
Attorney No. 06237837

-31-