# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2617 | **DATE** | 1/27/2005 |
| **CASE TITLE** | Bond vs. Utreras, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to compel police photographs [26-1] is granted subject to protective order. *See below for reasons*.

## STATEMENT

Reasons:

     Diane Bond, plaintiff, has sued the City of Chicago, eight named and five unnamed officers of the Chicago Police Department for violation of her civil rights on five particular dates spanning the period April 13, 2003 to March 29, 2004. Because no official report of the Department was made of the alleged encounters, plaintiff seeks production of the photographs of all white, including Hispanic, police officers who were on duty on the five dates so her counsel may show the photographs to plaintiff and other potential witnesses in order to identify the unnamed officers and their respective conduct during the encounters. Plaintiff agrees to a protective order that (1) limits the use of the photos to this case; (2) limits control and possession of the photographs to plaintiff's counsel; (3) limits the persons to whom plaintiff's counsel may show the photographs to plaintiff and her witnesses disclosed to the defendants, and only in the presence of plaintiff's counsel; and (4) orders that at the defendants' election, the photos will either be returned or destroyed following the resolution of this case. Defendants contend that this protective order will negate the integrity of the identifications and will jeopardize the security as well as privacy of many officers who will ultimately be determined to have been uninvolved. Defendants seek a protective order akin to that used for criminal identification and as adopted by Judge Zagel in *Davis* v. *City of Chicago*, 219 F. Supp. 2d 593 (N.D. Ill. 2004). This would include requirements that the examination of the photographic array be conducted under the supervision of an independent, neutral person trained in the proper methods of eyewitness identification, that composition of the array and the manner of viewing be determined by that individual, and that identifications be made at the time including a level of confidence in the identification and recorded.

     Much of the discussion in *Davis* concerns the credibility of identification procedures which are informative and undoubtedly sound. Identification procedures in criminal cases have been developed to ensure as far as possible that a person not be wrongly accused of crime. In a civil case, however, the plaintiff and the defendant stand equal before the law. At the pleading stage, the court must accept plaintiff's

**STATEMENT**

allegations against the unknown officers as true. She is entitled to discovery.

The court is mindful that officers are placed in dangerous situations, in particular, identification of undercover officers could jeopardize their safety. Defendants make no specific statements, however, about undercover activities that were or are being conducted in or around the site of the alleged events. This concern can be handled through a motion for protective order concerning particular officers who have particular concerns. In principle, however, a public official necessarily accepts the possibility that photographs, addresses and other identifying information may be made public, nowadays even posted on Internet sites. An open society demands it. The assigned judge has personal experience with this unpleasant reality but finds and concludes that the constraints of the protective order requested by the defendants here are not justified.

The motion is granted subject to a protective order as follows: The photographs shall be produced to plaintiff's counsel within 14 days. Plaintiff's counsel shall at all times retain control and possession of the photographs and shall limit the use of the photographs to this case. Plaintiff's counsel may display the photographs only to plaintiff and potential witnesses as necessary to prepare the case, and only in the presence of plaintiff's counsel. Plaintiff's counsel will disclose at least five days in advance to defendants' counsel the identities of the persons to whom they will show the photographs. No copies of the photographs may be made without leave of court for good cause shown. At the end of the litigation in this court, unless otherwise ordered, plaintiff's counsel will return the photographs to the person from whom they were received.