

IN THE UNTED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

F I L E D

MAR 2 3 2005

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

|  |  |  |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | MAGISTRATE JUDGE ASHMAN |
| UTRERAS (Star No. 19901), ANDREW | ) | |
| SCHOEFF (Star No. 4436), CHRIST | ) | |
| SAVICKAS (Star No. 5991), ROBERT | ) | |
| STEGMILLER (Star No. 18764), JOSEPH | ) | |
| SEINITZ (Star No. 4947), ROBERT | ) | |
| SHULTZ (Star No. 13882), NICHOLAS | ) | |
| CORTESI (Star No. 15112), JOHN | ) | |
| CANNON (Star No. 12241), and JOHN | ) | |
| DOES ONE through FIVE, in their | ) | |
| individual capacities; and the CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, by and through her counsel, respectfully requests, pursuant to Rule 37 of the

Federal Rules of Civil Procedure, that this Court enter an order: (a) levying sanctions against the

Defendants for their refusal to comply with a Court Order and discovery; and/or (b) compelling

Defendants to disclose information relating to the identification of the police officers who

participated in the abuse charged in Plaintiff's Complaint. In support, Plaintiff states:

### INTRODUCTION

1. This case challenges a group of Chicago police officers' repeated sexual, physical,

and psychological abuse and intimidation of Diane Bond, a fifty-year-old African-American, on

at least five occasions between April 2003 and March 2004.

1

2. Plaintiff brings this motion to compel the production of the names of pictured officers and other long overdue information relating to the identification of the police officers who participated in the abuse charged in Plaintiff's Complaint. Plaintiff also seeks sanctions for the Defendants' refusal to comply with Judge Lefkow's January 27, 2005 Order, active deception of Plaintiff's Counsel, and pattern of delay in responding to discovery.

3. All parties agree that the identities and roles of the officers are the central issues in this case. Plaintiff charges that the Individual Defendants engaged in a series of horrific abuses. The Defendants deny ever having contact with Ms. Bond.

4. From the outset of this litigation, Plaintiff sought the production of documents and information (including police photographs) to confirm the identities and roles of the officers who participated in her abuse. The Defendants do not dispute the relevance of the requested information, but have nonetheless engaged in a pattern of delay in producing critical information, culminating in their present contempt of a court order.

5. To facilitate Plaintiff's discovery on the identity issue, Judge Lefkow, on January 27, 2005, ordered the Defendants to produce photographs of certain police officers to Plaintiff's Counsel on or before February 10. February 10 came and went. After almost a month-and-a-half of false promises by Defendant City that it would produce the ordered photographs with an appropriate key identifying the corresponding names of the officers depicted, Defendant City produced on *March 21* certain photographs, but refused to disclose the names of the officers in the photographs.

6. Defendants' strategic foot-dragging, deception of Plaintiff's Counsel, and violation of Judge Lefkow's Order have severely prejudiced Plaintiff's ability to prosecute this case. The Court deadline to name additional parties is March 28. The relevant statute of limitations may

run on April 13. The Defendants' delays are compounded by their active misrepresentation that they would produce the requested key with the photographs. Defendants induced Plaintiff to rely on their false statements, only to go back on their word in the 25th hour, after it was too late to remedy Defendants' misconduct. Defendants' duplicity is particularly egregious in the context of Plaintiff's accommodation of Defendants' supposed "difficulties" in printing out photographs from a computer database and providing the corresponding names— a seemingly straightforward task.

7. Defendants' flouting of Judge Lefkow's Order is a part of a larger pattern of delay in producing other information related to the identification of the officers who participated in the abuse that has operated to prejudice Plaintiff's prosecution. Indeed, Defendants raise an "alibi" defense, but refuse to provide Plaintiff with information relating to their alibis.

8. Defendants' active deception, pattern of delay, and disregard for Judge Lefkow's Order cannot be understood other than having been conducted in bad faith; they have placed Plaintiff at an unfair disadvantage; and they warrant for the most severe sanction.

## THE POLICE PHOTOGRAPHS

9. On January 5, 2005, Plaintiff brought her Motion to Compel Police Photographs, requesting that Defendants produce certain photographs to Plaintiff's Counsel under a Protective Order. Plaintiff requested the photographs along with "a log of the name, rank, star number, and unit of assignment corresponding to each photograph produced." (Ex. 1, Pl's Mot. to Compel.)

3

10.  On January 27, Judge Lefkow granted Plaintiff's Motion to Compel, subject to a Protective Order similar to that proposed by Plaintiff. (Ex. 2, Order of Jan. 27, 2005.)[1] Judge Lefkow held that the Plaintiff's Counsel would be allowed to show the photographs to Plaintiff and witnesses, without the interference or involvement of Defense Counsel. (Id.) The Court ordered the Defendants to produce the requested photographs to Plaintiff's Counsel within 14 days of the Order (before February 10). (Id.)

11.  On February 7, Mr. Futterman, Plaintiff's Counsel, telephoned Arnold Park, Counsel for the City, about the status of the photographs. Mr. Park indicated that he would need an additional week to produce the photos and corresponding key, due to the number of photographs involved.

12.  Not having received the photographs, Plaintiff's Counsel phoned Mr. Park again on February 22, in anticipation of raising the issue before the Court in a hearing scheduled for February 24. Mr. Park assured Plaintiff's Counsel that he was actively working on the production. Because Defendants had not produced the ordered photos as required by February 10, Mr. Park agreed not to oppose Plaintiff's request to extend the date to add parties to March 28.

13.  The parties did not appear in Court on February 24, due to the tragedy in Judge Lefkow's family. The Court, however, entered an Order extending the date to add parties to March 28.

---

[1] The only substantive difference between the Court's Order and Plaintiff's proposal was the additional requirement that Plaintiff's Counsel disclose at least five days in advance to Defendants' Counsel the identities of person to whom they will show photographs.

14. On February 28, Counsel for the parties participated in a Rule 37.2 Conference to address deficiencies in Defendants' answers to discovery. Mr. Park again promised that he would produce the photographs and corresponding key, this time by March 10. (*See* Ex. 3 at p. 2.)

15. During the March 10 hearing in this case before this Court, Plaintiff's Counsel informed the Court about the Defendants' non-compliance with Judge Lefkow's Order. Mr. Park represented that the process had taken longer than expected, but that he would produce the photographs forthwith. After the hearing, Mr. Park promised Mr. Futterman that he would produce the photographs and key within the next couple of days.

16. After the settlement conference before Magistrate Judge Keys on March 11, Mr. Park stated that he needed a few more days, but would produce the photographs and key by Wednesday, March 16.

17. Because Defendants' delays were jeopardizing Plaintiff's ability to add parties before the statute of limitations, Plaintiff faxed Mr. Park on March 15 requesting an immediate telephone conference upon Mr. Park's receipt of the fax. (Ex. 4.)

18. March 16 came and went without the production of the photos or a telephone call.

19. On the morning of March 17, Mr. Futterman called Mr. Park about the City's continued failure to produce. Mr. Futterman's call was not returned.

20. Mr. Park finally telephoned Mr. Futterman on Friday, March 18. Mr. Park informed Mr. Futterman that he had the photographs in his possession and was in the process of preparing the corresponding key for production to Plaintiff. Park promised that he would "do his best" to produce the photographs and key on March 21.

21. Mr. Park called again after 5:00 p.m. on Friday, March 18, and informed Plaintiff's Counsel that although the key was prepared, the City would not produce it. Mr. Park admitted

5

that he had consistently represented to Plaintiff's Counsel for longer than a month that he would produce the key with the names and was working on the same. Mr. Park also conceded that Plaintiff had relied upon his representations that the City would produce the photographs *and corresponding key*. He further admitted that Plaintiff's Motion to Compel, granted by Judge Lefkow, and October 2004 discovery requests expressly requested the information in the "key." Mr. Park offered no basis for withholding the names of the officers depicted in the photos. Moreover, Mr. Park acknowledged the Court's March 28 deadline to name parties and April 13 statute of limitations, placing Plaintiff in a precarious position.

22. Mr. Park stated that Counsel for the Individual Defendants and the City collectively decided on this late date that they would not produce the key, because they now believe that the key was not "required" by the Court's Order. Mr. Futterman advised Mr. Park that Plaintiff considered the Defendants' 25th hour turnabout as an act of extreme bad faith. Futterman requested that Defendants reconsider.

23. On March 21, Defendants produced 108 photographs, but did not disclose the names of the persons depicted in the photos.

## DEFENDANTS' REFUSAL TO PRODUCE OTHER IDENTIFICATION MATERIAL

24. Upon receiving telephone notice from Mr. Park of Defense Counsels' intent to appear on behalf of the City on May 27, 2004, Plaintiff's Counsel requested that the City produce certain documents to confirm the identities and roles of the necessary parties to this suit. Counsel agreed that confirming the identities of the appropriate parties was of primary importance. Mr. Park agreed to produce the requested material to enable Plaintiff to bring all appropriate parties before the Court early in the litigation, so that it could proceed efficiently.

25. Not having received the requested documents, Plaintiff reiterated her request in writing on July 12, 2004. (Ex. 5.) Soon thereafter, Mr. Park assured Plaintiff that he had ordered the requested documents and would produce them as soon as they came in. Many of the documents have yet to be produced as of the date of this Motion, almost ten months after Plaintiff's oral request and more than eight months after her written request to Park.

26. On September 7, 2004, the Individual Police Defendants filed their Answers to Plaintiff's Complaint, each denying any contact with Ms. Bond, making the identity of the abusive officers the centerpiece of their defense.

27. On October 8, 2004, Plaintiff served her first set of formal document requests and interrogatories on the City and Individual Defendants, which again requested information necessary to confirm the identity and roles of the officers who abused Ms. Bond.

28. Due to Defendants' delay in responding to written discovery, the Court on January 10, 2005 extended the date for Plaintiff to add parties to February 28.

29. On January 11, 2005, the Individual Defendants mailed formal responses to Plaintiff's October 8, 2004, written discovery requests. The City mailed their responses on January 14. While Defendants boast of having produced nearly 400 documents, their answers were woefully deficient, even in terms of discovery related to the threshold identity issue. The deficiencies are detailed in Plaintiff's February 14, 2005 letter attached as Exhibit 6.[2]

30. On February 28, 2005, Counsel for the parties held a telephonic conference pursuant to Rule 37.2 to address the deficiencies outlined in Plaintiff's February 14 letter. Defendants agreed to produce on an "expedited basis" certain information that all parties concurred was relevant to the identification issue. (*See* Ex. 3.) Plaintiff's Counsel represented that in light of

---

[2] Plaintiff inadvertently omitted from the letter a further deficiency that she described in a supplementary letter hand delivered on March 11. (Ex. 7.)

existing scheduling orders, if the information was not produced *post haste*, Plaintiff would be required to seek relief from the Court. (Id.)

31. The parties reached an impasse with respect to at least two identification issues, despite reasonable efforts to resolve their differences. First, the Individual Defendants refused to appropriately answer Interrogatories 5 and 6, interrogatories related to their whereabouts at the times of the charged abuse—information that goes to the heart of their "alibi" defense. (*See* Ex. 8, Defs' Answers to Int. 5-6.) The Federal Rules require Defendants to conduct a reasonable inquiry into their claimed whereabouts. At a minimum, this inquiry should include a review of their own reports that they were required to complete as a part of their jobs as police officers. If after a reasonable inquiry, the Defendants claim that they do not know where they were at those times, they must say so. There is no basis to refuse to respond. Moreover, Defendants' reference to a pile of documents produced, from which responsive information cannot be gleaned, is also plainly insufficient under the Rule 33(d), which requires Defendants to "specify the records from which the answer may be derived or ascertained."

32. Second, certain officers who participated in the abuse of Plaintiff were observed at or near Plaintiff's home during the evening police shift on April 19, 2003, April 7, 2004, and May 3, 2004. Accordingly, Plaintiff requested official documents that chronicle assignments given to officers in Defendants' unit on those dates—unit query, event query, and attendance and assignment records. (*See* Ex. 9, Doc. Requests 2 and 11 to Indiv. Defs.) Given the centrality of the identity issue, Plaintiff's requests are reasonably calculated to lead to the discovery of admissible evidence. Defendants, however, refuse to produce unit and event query reports for those dates. Defendants' refusal is unjustified under the civil rules.

33. On March 15, 2005, Plaintiff sent a letter to Counsel for the City of Chicago, addressing additional deficiencies in the City of Chicago's response to discovery relating to the identification of the police officers who participated in the abuse charged in Plaintiff's Complaint. (Ex. 4.) After having agreed to produce much of the same material in summer 2004, the City failed to provide information related to the manner of dress and cars assigned to patrol Plaintiff's building on the evenings of the charged abuse. (Ex. 10, Int. No. 7 to City; Ex. 11, Doc. Requests 42, 48, 49 to City.) Also despite having agreed to produce this information in July 2004, the City had not produced the names and star numbers of officers assigned to five described cars on specified times on April 19, 2003, and April 7 and May 3, 2004, dates that members of the officers who abused Plaintiff were sighted at or near those cars. (Ex. 10, Int. No. 3; Ex. 11, Doc Request No. 51.) In light of the length of the City's delay in producing this admittedly relevant material and the deadlines noted in this Motion, Plaintiff demanded production by March 21. (Ex. 4.) The City has yet to produce this material.

34. The Defendants have intentionally delayed the production of documents *initially requested in May 2004* and *formally requested in October 2004*. The Defendants' pattern of delay, in combination with representations that they are working to produce documents has culminated over time to result in an irreparable harm to Plaintiff's ability to prosecute her case.

35. Despite Plaintiff's efforts to obtain the information needed to confirm the identities and roles of the Individual Defendants, the Defendants have delayed producing such information to the point to which it has prejudiced Plaintiff's case.

## ARGUMENT

36. Defendants' refusal to produce the key containing the names of officers in the ordered photographs demonstrates Defendants' bad faith. Knowing that the March 28 court

9

deadline to add parties and April 13 statute of limitations are upon us, the Defendants seize upon Judge Lefkow's unavailability to create a false issue. Despite their open defiance of Judge Lefkow's order for longer than a month, their acknowledged assent to their obligation to produce the key under the Order for the same period, and their continuous representations to Plaintiff's Counsel that they would produce the photos *and key*, Defendants now refuse to do so under the pretense that the production of the names are not contemplated by the Court Order.

37. Defendants' active deception of Counsel and stratagem under these circumstances amount to the worst kind of bad faith and call for the ultimate Rule 37 sanction—default judgment. Rule 37(b) of the Federal Rules of Civil Procedure provides as follows:

> "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action action or proceedings or any part thereof, or *rendering a judgment by default against the disobedient party*." (emphasis added)

38. The Supreme Court and Seventh Circuit have approved dismissal or default judgment as Rule 37 sanctions when parties have failed to comply with discovery and disobeyed a court order regarding the same. *See N.H.L. v. Metro. Hockey Club*, 427 U.S. 639 (1976) (upheld dismissal with prejudice as sanction for failure to timely answer interrogatories); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220 (7th Cir. 1991) (upheld default judgment as sanction for failure to comply with court discovery order); *Downs v. Westphal*, 78 F.3d 1252 (7th Cir. 1996) (upheld default judgment as sanction for violation of discovery order); *U.S. v. DiMucci*, 879 F.2d 1488 (7th Cir. 1989) (upheld default judgment as sanction for defendants' pattern of delay in response to discovery and failure to comply with court order); *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175 (7th Cir. 1987) (upheld dismissal for

evasive and incomplete answers to interrogatories in the face of a court order). To impose a default judgment as a sanction, the Court must find "willfulness, bad faith, or fault" on the part of the Defendants. *Downs*, 78 F.3d at 1257.

39. Defendants' pattern of delay, deception of Counsel, and failure to obey Judge Lefkow's discovery order demonstrate a "callous disregard of responsibilities counsel owe to the Court and to their opponents." *N.H.L.*, 427 U.S. at 640. Defendants' misconduct was willful, in bad faith *and* of their own making.

40. Plaintiff's ability to meet Court and statute of limitations deadlines has been seriously prejudiced by Defendants' contumacious conduct. The prejudice visited upon Plaintiff by Defendants' contempt and deception is compounded by Defendants' delay and refusal to produce other basic material relevant to the identities of the officers who participated in Ms. Bond's abuse and the Individual Defendants' alibi defense. Defendants have yet to produce readily accessible records (first requested in *May 2004*) that would shed light on the Individual Defendants' and their unit members' whereabouts during the dates and times of the charged abuse.

41. Plaintiff's Counsel cannot even verify or challenge whether Defendants have produced the required photographs without the newly disputed key. Plaintiff possesses documents that indicate the names of the officers who worked the relevant shift in the Police Department's Public Housing Unit on the dates of the charged abuse. Without the key, Plaintiff would be deprived of the ability to investigate and prove whether Defendants have even produced the appropriate universe of photographs ordered by the Court.

42. Defendants' reinterpretation of Judge Lefkow's ruling in this 25th hour is a transparent and bad faith ploy to compromise Plaintiff's prosecution, knowing that the Court is

11

unavailable to sanction Defendants for their disregard of its ruling. Plaintiff formally requested the ordered police photographs and log in October 2004. On January 27, 2005, she won the right to have her Counsel review the photographs and names, along with other documents and information, and make strategic judgments in a privileged setting free from interference or oversight of the Defendants.

43. Defendants seek to unjustly profit from their month-and-a-half-long contempt of Judge Lefkow's Order to produce before February 10. If Defendants sought Court reconsideration of its January 27 Order, Defendants should have brought an appropriate Motion before February 10, the date by which Defendants were ordered to produce. It is far too late and prejudicial on the eve of the running of the relevant statute of limitations for Defendants to attempt re-argue issues that they already litigated and lost. Defendants opposed Plaintiff's Motion to Compel, by claiming that the production of police photos to Plaintiff's Counsel would negate the integrity of identifications and jeopardize officer security and privacy interests. (Ex. 2 at p. 1.) Defendants sought to inject themselves into Plaintiff's privileged investigation of the identities and roles of officers, by imposing identification procedures accessible to the Defendants.

44. In granting Plaintiff's Motion to Compel Police Photographs, Judge Lefkow expressly rejected Defendants' arguments. The Court did not require an identification procedure, as Defendants now profess, in which Plaintiff's Counsel show photographs and report to Defendants any identifications and request the names of those officers. The Court granted Plaintiff's Counsel the right to review the evidence, like any other discovery document, in privacy, free from the scrutiny of the other side. In rejecting the applicability of Defendants' "integrity" objection to this civil case, the Court explained, "Identification procedures in criminal

12

cases have been developed to ensure as far as possible that a person not be wrongly accused of crime. In a civil case, however, the plaintiff and the defendant stand equal before the law... She [the Plaintiff] is entitled to discovery." (Ex. 2 at pp. 1-2.) The Court also rejected Defendants' security objection, holding that the Protective Order appropriately addressed those concerns and "that the constraints of the protective order requested by the defendants here are not justified." (Id. at p. 2.)

45. The imposition of a default judgment against Defendants, while severe, is the appropriate and fair sanction under the circumstances presented here. Defendants' delay on top of delay, violation of Judge Lefkow's Order, and deception of Plaintiff's Counsel have placed Plaintiff in an untenable position with the imminent arrival of the statute of limitations. In addition to avoiding irreparable prejudice to Plaintiff's case, the default sanction would serve to deter the City and other litigants from engaging in this pattern of delay and disobedience to Court discovery orders in future cases.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter a default judgment against the City and Individual Defendants. In the alternative, Plaintiff requests that the Court (a) extend the deadline for Plaintiff to add parties to April 13, 2005; (b) award Plaintiff the costs of bringing this Motion; (c) order the Defendants to immediately produce a log of the name, rank, star number, and unit of assignment corresponding to each of the 108 photographs produced; (d) order each of the Individual Defendants to provide full and sufficient answers to Interrogatories 5-6; (e) order the City of Chicago to fully and sufficiently answer Interrogatories 3 and 7 and Document Requests 42, 48, 49, and 51; and (d) order the Defendants to immediately

13

produce the following information and material or subject themselves to the entry of default

judgment against them:

a. Unit and Event Query Reports for the Third Watch patrol and tactical units in Public Housing South on April 28, 2003.

b. Unit and Event Query Reports for the Third Watch patrol and tactical units in Public Housing South on April 30, 2003.

c. Unit Queries and related Event Queries for Units 4545C, 4545D, and all patrol officers who worked the Third Watch in Public Housing South on April 13, 2003.

d. All existing Supervisor Management logs and daily activity reports of police units who worked the Third Watch in Public Housing South on April 13, 28, and 30, 2003, and March 29 and 30, 2004.

e. Contact Cards of police units who worked the Third Watch in Public Housing South on April 13, 28, and 30, 2003, and March 29 and 30, 2004.

f. All police reports relating to the arrests of Jennifer Carrasco, Annette Sandoval, Joseph Nowak, and Percy Bolden, referred to in documents IDL_0396 – IDL_0403.

g. All police reports (including arrest, case, and inventory reports and contact cards) relating to arrests, stops, and contacts that occurred relating to: RDG Report #4533B $CPDHJ298574 referred to in IDL_0200; RDG Report #4533C $CPDHJ298581 D/1812 referred to in IDL_0202; RDG Report #4562B $CPDHJ328577 D/5072 referred to in IDL_0206, RDG Report #4545A; $CPDHK270938 D/1200 referred to in IDL_0214; RDG Report #4533B $CPDHK270843 D/2027 referred to in IDL_0218; CPD0408916490 referred to in IDL_0215; CFD040892001 referred to in IDL_0216; CFD040900022 referred to in IDL_0233; and any existing reports related to the events referred to in IDL_0221, IDL_0222, and IDL_0227.

h. Audio records (preserved by Judge Lefkow's Order) of Chicago police radio communications and "911" calls regarding officers or incidents at or within a four-block radius of 3651 South Federal in Chicago, and/or regarding Diane Bond between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004, and between the hours of 7:00 p.m. to 9:30 p.m. on March 30, 2004.

i. Office of Emergency Management Communications Audio Tape preserved from CR 296843, referred to in Attachment 18, document IDL_0393.

j.  The manner of dress and cars assigned to Chicago police officers who worked during the Third Watch in the Public Housing South unit on April 13, April 28, and April 30, 2003, and March 29 and 30, 2004.

k.  The identity of the police officers assigned to the following vehicles on the following days: Blue Chevy Caprice, license plate M115315 on April 7, 2004, at approximately 6:30 p.m.; Grey Chevy Caprice, license plate M1206845 or M120845 on April 7, 2004, at approximately 6:30 p.m.; Grey Chevy Caprice, license plate M154643 on April 7, 2004, at approximately 6:30 p.m.; Dark colored unmarked police car, license plate M116885 on April 19, 2003, at approximately 6:15 p.m.; Dark Colored unmarked police car, license plate M140181 on May 3, 2004, at approximately 7:30 p.m.

l.  Attendance and Assignment Records and Unit and Event Query Reports of units who worked in Public Housing South during the Third Watch on April 19, 2003, April 7, 2004, and May 3, 2004.

m.  Legible and unredacted copies of the following documents:

    i.  IDL_0025
    ii.  IDL_0053
    iii.  IDL_0057
    iv.  IDL_0078
    v.  IDL_0087
    vi.  IDL_0088
    vii.  IDL_0095
    viii.  IDL_0167
    ix.  IDL_0171-IDL_0172.

Respectfully Submitted,

One of Plaintiff's Attorneys

Date: March 23, 2005

Craig B. Futterman
Thekla Hansen-Young, Senior Law Student
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611

## **Attachments**

**Exhibit 1.**    Plaintiff's Motion to Compel Police Photographs

**Exhibit 2.**    Order of January 27, 2005 (Judge Lefkow)

**Exhibit 3.**    Letter to Defense Counsel, dated March 8, 2005

**Exhibit 4.**    Letter to Defense Counsel, dated March 15, 2005

**Exhibit 5.**    Letter to Defense Counsel, dated July 12, 2004, 2005

**Exhibit 6.**    Letter to Defense Counsel, dated February 14, 2005

**Exhibit 7**    Letter to Defense Counsel, dated March 11, 2005

**Exhibit 8**    Individual Defendants' Answers to Plaintiff's First Set of Interrogatories (excerpts)

**Exhibit 9**    Plaintiff's First Request to Produce Documents to Individual Defendants

**Exhibit 10**    Plaintiff's First Set of Interrogatories to Defendant City of Chicago (excerpts)

**Exhbit 11**    Plaintiff's First Request to Produce Documents to Defendant City of Chicago (excerpts)

# EXHIBIT 1

IN THE UNTED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | MAGISTRATE JUDGE ASHMAN |
| UTRERAS (Star No. 19901), ANDREW | ) | |
| SCHOEFF (Star No. 4436), CHRIST | ) | |
| SAVICKAS (Star No. 5991), ROBERT | ) | |
| STEGMILLER (Star No. 18764), JOSEPH | ) | |
| SEINITZ (Star No. 4947), ROBERT | ) | |
| SCHULTZ (Star No. 13882), NICHOLAS | ) | |
| CORTESI (Star No. 15112), JOHN | ) | |
| CANNON (Star No. 12241), and JOHN | ) | |
| DOES ONE through FIVE, in their | ) | |
| individual capacities; and the CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL POLICE PHOTOGRAPHS

Plaintiff, by and through her counsel, respectfully requests, pursuant to Rule 37 of

the Federal Rules of Civil Procedure, that this Court order:

    a.  the Defendant City of Chicago to produce recent color photographs of each

        and every male white or white Hispanic police officer assigned or detailed to

        Public Housing Units 715 or 715B, between 4 p.m. and midnight on April 13,

        2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, and

        March 30, 2004;

    b.  the Defendant City of Chicago to produce the photographs of the officers

        assigned to Unit 715 that were shown to Diane Bond on May 23, 2003;

c. the Defendants produce documents and information concerning the physical descriptions of the Individual Police Defendants; and

d. each of the Individual Police Defendants to produce a recent color photograph of himself.

Plaintiff respectfully requests that the Court order the defendants to produce the requested photographs under a Protective Order as outlined below. In support, Plaintiff states:

1. This case challenges a group of Chicago police officers' physical, sexual, racial, and psychological abuse and intimidation of Diane Bond, a fifty-year-old African-American, on at least five occasions between April 2003 and March 2004. The officers did not provide Ms. Bond with their names and badge numbers on any of the occasions when they beat, stripped, searched, threatened, and degraded Ms. Bond and ransacked her home. The photographs are necessary to confirm the identities and roles of the officers. This issue is central to this litigation, as each of the Individual Defendants denies any contact with Ms. Bond.

2. Plaintiff has agreed to production of the photographs under a protective order that: (1) limits the use of the photos to this case; (2) limits control and possession of the photos to Plaintiff's Counsel; (3) limits the persons to whom Plaintiff's Counsel may show the photos to Plaintiff and her witnesses disclosed to the defendants, and only in the presence of Plaintiff's Counsel; and (4) orders that at the defendants' election, the photos will either be returned or destroyed following the resolution of this case. Plaintiff attaches her proposed Protective Order as Exhibit 1 to this Motion.

3. The Defendants do not dispute the relevance of the requested photographs and physical descriptions. They, nonetheless, object to production, even under the proposed

2

Order. The Defendants object to showing the photographs to *any* of Plaintiff's witnesses and insist that Plaintiff and her Counsel view the photographs inside Chicago Police Headquarters.

4. In the last two years, two Courts in the Northern District of Illinois have ordered the City of Chicago to produce police photographs to Plaintiff's Counsel in the case at bar in other police misconduct cases, over the identical objections that the Defendants raise here. *See* Ex. 2, *Vargas v. Blyskal*, 02 C 5451 (N.D.Ill. May 14 and 27, 2003) (Alesia, J.) (unpublished orders); Ex. 3, *Williams v. Brown*, 01 C 3228 (N.D.Ill. June 27, 2002) (Schenkier, M.J.) (unpublished order). Like Judges Alesia and Schenkier, this Court should entrust the requested photographs to the care and custody of Plaintiff's Counsel under the proposed Protective Order.

## RELEVANT PROCEDURAL FACTS AND LOCAL RULE 37.2 COMPLIANCE

5. On May 27, 2004, Counsel for the City of Chicago (hereafter "City"), Arnold Park, telephoned Plaintiff's Counsel to inform Plaintiff of his intent to appear on behalf of the City. In recognition of the primacy of confirming the identities and roles of the necessary parties to this suit, Plaintiff's Counsel requested that the City produce certain documents (including photographs). Mr. Park agreed to produce documents to identify the Chicago police officers involved in the incidents.

6. Not having received any of the requested documents from the City or Individual Police Defendants, Plaintiff's Counsel met with Susan Sullivan, Counsel for the Individual Police Defendants, following the initial status conference in this matter on August 24, 2004. Plaintiff's Counsel offered to accept police photographs under a protective order similar to the one entered by Judge Alesia in *Vargas v. Blyskal*, 02 C

3

5451, a police misconduct case also involving Plaintiff's Counsel and the Corporation Counsel's Office for the City. Plaintiff sent a letter to all Defense Counsel reiterating the offer, along with a copy of the proposed Protective Order. (Ex. 4.)

7. On September 7, 2004, the Individual Police Defendants filed their Answers to Plaintiff's Complaint, denying any contact with Ms. Bond.

8. Pursuant to their obligations under Fed.R.Civ.P. 26(a)(1), the Individual Defendants produced some redacted police investigatory files. However, the Defendants failed to produce any police photographs or the bulk of the other requested documents needed to confirm the identities and roles of the abusive officers. Notably, Defense Counsel redacted the physical descriptions of the Individual Police Defendants from the investigatory files.

9. On October 8, 2004, Plaintiff served her first set of formal document requests and interrogatories on the City. Request Nos. 37-39 and 54-56 seek the production of relevant police photographs and documents that provide physical descriptions of the officers who may have been present during the abuse of Ms. Bond. (*See e.g.*, Ex. 5, Request No. 56.) Interrogatory No. 11 requested a log of the name, rank, star number, and unit of assignment corresponding to each photograph produced. (Ex. 6.)

10. Similarly, Plaintiff's Document Requests and Interrogatories to each of the Individual Police Defendants requested a recent photograph and the officer's physical description. (Ex. 7, Request No. 8; Ex. 8, Int. No. 1.)

11. On October 16, 2004, Plaintiffs' Counsel sent a letter to Counsel for the Individual Police Defendants, requesting the defendants to provide Plaintiff with "unredacted" copies of their Rule 26(a) documents that contained the physical

descriptions of officers involved in this case, reiterating that "confirmation of the identities of the appropriate individual defendants is a priority." (Ex. 9.)

12. Plaintiff's Counsel left repeated telephone messages for Defense Counsel between October 26 and November 30 to attempt to resolve any disputes over the disclosure of police photographs and physical descriptions. Plaintiff since learned that some of Defense Counsel were absent for legitimate personal reasons.

13. Following the November 30 status hearing before this Court, Counsel for the parties met and conferred regarding the production of police photographs under a protective order. Counsel also engaged in a series of telephone negotiations between November 30 and December 16. Despite reasonable attempts, the parties could not resolve their differences.

**ARGUMENT**

14. The dispute boils down to two issues: (1) Whether witnesses to Ms. Bond's abuse should be allowed to view police photographs; and (2) Whether Plaintiff's Counsel can be entrusted with custody of police photos under the proposed protective order. The bases for Defendants' objections are twofold. *First*, Defendants claim that production to Counsel unfairly prejudices Defendants and may lead to misidentification. *Second*, the City claims that the production of police photographs to Plaintiff's Counsel under the Protective Order jeopardizes officer security. Defendants' objections should be denied for the reasons explained below.

**LEGAL STANDARD FOR INVOKING PRIVILEGE**

15. Rule 26 provides that Plaintiffs "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

16. If Defendants seek to invoke a privilege, they bear the burden of justifying its application. *See Von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987); *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D.Ill. 1997). To assert a claim of privilege against disclosure of police materials, the Defendants must make a "substantial threshold showing, that there are specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (Weinstein, J) (internal citations omitted). This threshold showing requires the Defendants to "explain the reasons for nondisclosure with particularity" because the court cannot conduct a meaningful analysis unless it knows "*how* disclosure under a protective order would cause the harm, and *how much* harm there would be." *Id.* (internal quotations omitted).

17. "Thus, before a Court need consider the merits of whether the privilege applies, 'the responsible official in the [governmental] department [asserting the privilege] must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege.'" *Lewis v. Chicago*, 2004 WL 2608302 at *2 (N.D.Ill. Nov. 16, 2004), citing *Hernandez v. Longini*, 1997 WL 754041 at *4 (N.D.Ill. Nov. 13, 1997) (other internal citations omitted).[1]

---

[1] Unpublished cases are appended as Exhibit 11 to this Motion.

18. If the Defendants fail to make this showing, the court "has no choice but to order disclosure." *King*, 121 F.R.D. at 189 *quoting, Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D.Cal. 1987); *see also Lewis*, 2004 WL 2608302 at *2.

19. If and only if Defendants meet their "substantial threshold showing" of specific harm, the court should "balance the interests favoring and disfavoring disclosure, keeping in mind that the burden of persuasion rests on the party seeking to prevent disclosure." *King*, 121 F.R.D. at 190-191. In performing the balance, the Seventh Circuit counseled district courts to "compare the hardship to the party against whom discovery is sought, if discovery is allowed, with the hardship of the party seeking discovery if discovery is denied. [S]he must consider the nature of the hardship as well as its magnitude and thus give more weight to interests that have a distinctively social value than to purely private interests; and [s]he must consider the possibility of reconciling the competing interest through a carefully crafted protective order." *Marrese v. American Academy of Orthopaedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir 1984) (en banc), *rev'd on other grounds*, 470 U.S. 373 (1985).

20. The balance of hardships is weighted in favor of disclosure in civil rights cases because: "The great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery . . . Together, these powerful public policies suggest that the defendants' case for restricted disclosure must be extremely persuasive." *King*, 121 F.R.D. at 195; *Lewis*, 2004 WL 2608302 at *4, citing *Wood v. Breier*, 54 F.R.D. 7, 10 (E.D.Wis. 1972).

I. **Defendants' Unfair Prejudice Objection Does Not Amount to Good Cause Justifying the Entry of a Protective Order.**

21. The Court should reject Defendants' "unfair prejudice" objection and insistence upon criminal identification procedures during discovery in a civil case.

22. Courts in this District have rejected the City's objection on at least three occasions. *First*, in *Williams v. Brown*, 01 C 3228 (N.D. Ill. June 27, 2002) (Ex. 3), a class action illegal search and seizure case against Chicago police officers, the City and police officers objected to producing the police photographs to Plaintiffs' Counsel and insisted upon showing the photos at Police Headquarters "to preserve the integrity of any identifications that may be made," and to prevent witness coaching. *Id.* at 14. Judge Schenkier denied the objection and ordered the City to produce the forty requested police photographs to Plaintiff's Counsel in the case at bar, ruling that "the defendants have not established good cause to believe that there is a particularized integrity concern with respect to an identification process that warrants a protective order." *Id.* at 15.

23. Plaintiff's Counsel should be allowed to exercise their independent judgment regarding whether and when they should show the photographs to Ms. Bond or witnesses to further their investigation or to prepare for depositions and trial. As noted by the *Williams* court, these decisions are quintessential strategic judgments traditionally left to counsel. *Id.* at 15-18. The Defendants here will be free to depose and cross-examine Ms. Bond and her witnesses, including showing them the police photos to probe the strength of their identification. *Id.* at 16-17. As in *Williams*, the Court should refuse to "impose on the plaintiff a strategic approach to that the defendants would wish them to make." *Id.* at 18.

24. Judge Alesia also ordered the City to produce police photographs to Plaintiff's Counsel in this case in a Chicago police brutality case. *Vargas v. Blyskal*, O2 C 5451 (N.D.Il. May 14, 2003) (Ex. 2.) The Court recognized that the viewing of photographs by the witnesses was necessary to assist the plaintiff in his attempt to identify certain police officers. Similar to the Order proposed here, Judge Alesia authorized Plaintiff's Counsel to retain custody of the photographs and to show the photographs to the plaintiff "and witnesses who have been disclosed to defendants as witnesses to the incident underlying the complaint." *Id.*

25. Judge Aspen similarly rejected the City's "unfair prejudice" argument in *Montano v. City of Chicago*, 97 C 8035 (N.D. Il. Nov. 20, 1998) (unpublished order) (Ex. 10). As here, the police photographs were "obviously relevant" to the plaintiffs' investigation into the identities of various police officers in the police misconduct case. *Id.* Nonetheless, the City insisted that the viewing of photographs take place at Police Headquarters, complaining that allowing people to view photographs at plaintiffs' counsels' office would permit "fellow witnesses' reactions, suggestions or discussions to taint the process." *Id.* Judge Aspen flatly rejected the notion that the defendants' objection was legitimate in the context of a civil case and saw "no reason why we should ignore the usual civil discovery rules." *Id.* Like Judge Schenkier in *Williams*, Judge Aspen found that if the defendants sought to challenge any identification, they should do so in the context of depositions or cross-examination at trial. *Id.* Accordingly, the Court ordered the production of police photographs to plaintiffs' counsel. *Id.*

26. Defendants' unfair prejudice claim has also been rejected by courts in police misconduct cases in other jurisdictions. See *Lozano v. City of New York*, 1992 WL

9

116433 at *2 (S.D.N.Y. 1992) (Ex. 11) (holding, "[B]ecause this is not a criminal case, the defendants' complaints that disclosure of the photos would constitute a 'selective lineup' are simply inapposite."); *Castro v. City of New York*, 1995 WL 699730 (S.D.N.Y. Nov. 28, 1995) (Ex.11) (ordering production of police photographs to plaintiff's counsel).

27. As the Courts in each of these cases recognized, the Federal Rules do not give civil defendants the right to watch how his opponent views evidence produced in discovery. As the *Castro* Court underscored, "The federal rules governing civil discovery do not authorize imposition… [of criminal photo array procedures] as a condition for producing concededly relevant documents." *Id.* at *1.

28. There can be no principled distinction made between the production of these photographs and the discovery of any other document or tangible thing in a civil case. Each day thousands of documents are produced in discovery across the nation, and parties are free to review the evidence in privacy, free from the scrutiny of the other side. Every day lawyers and clients meet to have privileged discussions concerning those produced documents. The federal rules do not authorize special burdens to be placed on a person prosecuting a civil police misconduct case.

29. Judge Zagel stands alone in requiring criminal identification procedures as a condition to the production of police photographs in civil discovery. *See Davis v. City of Chicago*, 219 F.R.D. 593 (N.D.Ill. 2004). This Court should reject *Davis* as an extreme outlier that impairs Counsels' ability to conduct an independent investigation, free of undue interference or oversight by the Defendants, and wrongfully allows Defendants to pry into and control Plaintiff's attorneys' investigatory thoughts and strategies (work product) and privileged conversations with their client.

30. Like all other courts who have addressed this issue, the Court should find that the Defendants have not shown particularized integrity concerns necessary to establish good cause for the entry of a protective order.

**II.   Defendants' Safety Objection is Without Evidentiary Support, Adequately Addressed by the Proposed Protective Order, and Outweighed by Plaintiff's Need for the Information in a Federal Civil Rights Prosecution.**

31. Defendants' conclusory assertion that showing police photographs to witnesses or releasing the photos to Plaintiff's Counsel would compromise safety is without merit.

32. Plaintiff has not found a single civil case in which a court denied witnesses the opportunity to view police photographs for identification purposes. Indeed, in two other police misconduct cases in this District in which Plaintiff's Counsel was personally involved, the Courts granted Counsel permission to show police photographs to witnesses. In *Williams v. Brown*, a class action challenging a police mass search and seizure involving a class of approximately **250** individuals, Judge Schenkier allowed Counsel to show photographs of approximately 40 officers to class members and witnesses, as long as those persons were disclosed to the defendants. (*See* Ex. 3.) In *Vargas v. Blyskal,* Judge Alesia permitted Counsel to show police photographs to the plaintiff and the civilian witnesses present during the charged police abuse. (Ex. 2.) Here, Plaintiff's Counsel seeks permission to show the photos to only a handful of disclosed witnesses, who are familiar with these individuals as Chicago police officers.

33. Defendants are unable to make the required threshold showing, by affidavits and evidence, that specific harm would accrue from showing the photos to the identified witnesses or entrusting the photos to the care and custody of Plaintiff's Counsel. Even if

11

they could, the balance of hardships weighs strongly in favor of disclosure to Plaintiff's Counsel under the proposed protective order.

### A. Plaintiff's Need for the Photographs

34. The photographs are necessary to confirm the identities and roles of the officers who abused Ms. Bond. As the Individual Police Defendants deny having any contact with Ms. Bond, Plaintiff's need could not be more acute.

35. Fairness in the adversarial process depends on providing each litigant with the ability to analyze critical evidence with the assistance of counsel. Counsel has accumulated a significant amount of information and documents to sort out the identity issue, including Counsel's personal observations of some of the officers in the field. Plaintiff's Counsel should be allowed to review and analyze the police photographs in conjunction with other information related to the officers' identities in the privacy of their own office. Further, Counsel should be allowed the opportunity to make strategic judgments whether and when to show witnesses the photographs.

36. As most of the witnesses in this case are low-income former public housing residents without phones and whose homes are being demolished, it is even more critical that the photos be entrusted with Counsel to insure a full and fair opportunity to investigate the case and prepare for trial.

37. Moreover, the "strong public interest in uncovering civil rights violations" and enforcing the "Nation's fundamental laws" counsels in favor of disclosure. *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D.Cal. 1995); *City of Riverside v. Rivera*, 477 U.S. 561, 564 (1986). As Judge Weinstein observed, "The interest that without doubt looms largest in [civil rights] cases is the public interest in giving force to the federal civil rights

laws." *King*, 121 F.R.D. at 195. To withhold the photographs, Defendants' claim "must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action." *Id.* (citation omitted). Defendants do not come close to meeting this burden, as demonstrated below.

### B. Defendants' Purported Security Interest

38. Defendants' asserted security interests are unproven or, at best, uncertain. Moreover, they are amply safeguarded by Plaintiff's proposed Protective Order (Ex. 1).

39. Defendants are unable to provide any reason why Plaintiff's Counsel should not be trusted with the photographs under the proposed Order. Indeed, in one of the two cases in which federal judges in this District ordered the production of Chicago police photos to Plaintiff's Counsel in the case at bar, Judge Schenkier noted, "[T]here is no suggestion that has been made that the plaintiffs' counsel here are anything but honorable attorneys and officers of the court." Ex. 3, *Williams* at p.21. Neither the City nor Counsel for more than forty Chicago police officers ever raised an issue regarding the integrity with which Mr. Futterman maintained the photographs, and no police officer's security was compromised.

40. In addition, Defendants' purported security interests are overstated. During each of the incidents that they abused Ms. Bond, the officers made clear to Plaintiff and other witnesses that they were Chicago police officers. In addition, the crew that abused Ms. Bond regularly held themselves out as Chicago police officers to the members of the public housing communities on the South Side of Chicago, who are familiar with these notorious officers' physical appearances.

41. As noted above, Judges Alesia, Aspen, and Schenkier rejected the City's identical "security" objections in favor of production to the plaintiffs' counsel in similar circumstances. Federal courts in other jurisdictions have ordered the same. *See e.g.*, *Pridgen v. Doe*, 2000 WL 892873 (D.Md. 2000); *Castro*, 1995 WL 699730 at *1.

42. Defendants' claimed security interests are insufficient to overcome Plaintiff's need for the photographs and physical descriptions in this suit, which was brought to safeguard our nation's most fundamental and cherished rights.

WHEREFORE, Plaintiff respectfully requests that this Court Order:

a. the Defendant City of Chicago to produce recent color photographs of each and every male white or white Hispanic police officer assigned or detailed to Public Housing Unites 715 or 715B, between 4 p.m. and midnight on April 13, 2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, or March 30, 2004;

b. the Defendant City of Chicago to produce the photographs of the officers assigned to Unit 715 that were shown to Diane Bond on May 23, 2003;

c. the Defendant City of Chicago to produce documents concerning the physical descriptions of the Individual Police Defendants;

d. each of the Individual Police Defendants to produce a recent color photograph of himself; and

e. each of the Individual Police Defendants to provide Plaintiff's Counsel with his physical description in April 2003 and April 2004

under the conditions detailed in the Protective Order appended as Exhibit 1 and within five days of the entry of this Order.

Respectfully Submitted,

_____
One of Plaintiff's Attorneys

Date:  January 5, 2005

Craig B. Futterman
Andrew Janis, Senior Law Student
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University
Chicago, IL  60637
(773) 702-9611

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DIANE BOND,                                    )
                                               )
            Plaintiff                          )      No. 04 C 2617
                                               )
            v.                                 )      Judge Joan Humphrey Lefkow
                                               )
EDWIN UTRERAS, et al.,                         )      Magistrate Judge Ashman
                                               )
            Defendants.                        )

---

## PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Motion to Compel police photographs,
due notice having been given and the Court being fully advised on the premises.

THE COURT HEREBY FINDS THAT:

1. The production of the most recent digital photograph of each Chicago police officer
who was assigned to work in Unit 715 or 715B at any time between the hours of 4:00 p.m. and
midnight on April 13, 2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, or
March 30, 2004, is reasonably calculated to enable the plaintiff to confirm the identities of the
officers who participated in her alleged abuse and the roles that each officer played.

2. Defendants do not object altogether to producing the photographs but instead argue
that defendants should retain control of the photographs and that plaintiff should be required to
come to police internal affairs office to view the photographs. Defendants argue that such
procedures are necessary to protect the safety of the police officers who will have to work in the

1

community.

3. Release of the photos to the plaintiff's attorney's control subject as follows adequately serves defendants' safety concerns.

4. Therefore, good cause exists for the entry of this Protective Order.

IT IS HEREBY ORDERED THAT:

1. On or before January 14, 2005, Defendant City of Chicago shall produce one set of the most recent color photograph (prints not photocopies) of each and every officer who was assigned to work in Unit 715 or 715B at any time between the hours of 4:00 p.m. and midnight on any of the following dates: April 13, 2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, or March 30, 2004.

2. The photographs will have no names on them but will instead be numbered. The City will provide plaintiffs' counsel with a key indicating the full name, rank, and star number associated with each numbered photograph.

3. On or before January 14, 2005, each of the Individual Defendants shall produce a recent color photograph of himself.

4. Plaintiff's Counsel shall, at all times, retain custody of the photographs. Plaintiff's Counsel shall not make copies of the photographs or otherwise reproduce the photographs without permission of the Court. Plaintiff's Counsel shall take appropriate steps to verify that the photographs are not shown to any people not authorized by this Order without further order of Court.

5. Plaintiff's Counsel may show the photographs only to the plaintiff Diane Bond and witnesses who have been disclosed to defendants.

2

6. Upon the termination of this litigation, Plaintiff's Counsel shall return the photographs to the City or destroy the photographs within ten days of the written request by the City. Similarly, Plaintiff's Counsel shall return or destroy the photographs of any Individual Police Defendant within ten days of a written request by his Counsel.

7. No document treated as Confidential under this protective order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

Dated:_____          ENTERED:_____

Craig B. Futterman
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 South University
Chicago, IL 60637
(773) 702-9611

3

# EXHIBIT 2

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2617 | **DATE** | 1/27/2005 |
| **CASE TITLE** | Bond vs. Utreras, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to compel police photographs [26-1] is granted subject to protective order. *See below for reasons.*

---

## STATEMENT

Reasons:

Diane Bond, plaintiff, has sued the City of Chicago, eight named and five unnamed officers of the Chicago Police Department for violation of her civil rights on five particular dates spanning the period April 13, 2003 to March 29, 2004. Because no official report of the Department was made of the alleged encounters, plaintiff seeks production of the photographs of all white, including Hispanic, police officers who were on duty on the five dates so her counsel may show the photographs to plaintiff and other potential witnesses in order to identify the unnamed officers and their respective conduct during the encounters. Plaintiff agrees to a protective order that (1) limits the use of the photos to this case; (2) limits control and possession of the photographs to plaintiff's counsel; (3) limits the persons to whom plaintiff's counsel may show the photographs to plaintiff and her witnesses disclosed to the defendants, and only in the presence of plaintiff's counsel; and (4) orders that at the defendants' election, the photos will either be returned or destroyed following the resolution of this case. Defendants contend that this protective order will negate the integrity of the identifications and will jeopardize the security as well as privacy of many officers who will ultimately be determined to have been uninvolved. Defendants seek a protective order akin to that used for criminal identification and as adopted by Judge Zagel in *Davis* v. *City of Chicago*, 219 F. Supp. 2d 593 (N.D. Ill. 2004). This would include requirements that the examination of the photographic array be conducted under the supervision of an independent, neutral person trained in the proper methods of eyewitness identification, that composition of the array and the manner of viewing be determined by that individual, and that identifications be made at the time including a level of confidence in the identification and recorded.

Much of the discussion in *Davis* concerns the credibility of identification procedures which are informative and undoubtedly sound. Identification procedures in criminal cases have been developed to ensure as far as possible that a person not be wrongly accused of crime. In a civil case, however, the plaintiff and the defendant stand equal before the law. At the pleading stage, the court must accept plaintiff's

## STATEMENT

allegations against the unknown officers as true. She is entitled to discovery.

The court is mindful that officers are placed in dangerous situations, in particular, identification of undercover officers could jeopardize their safety. Defendants make no specific statements, however, about undercover activities that were or are being conducted in or around the site of the alleged events. This concern can be handled through a motion for protective order concerning particular officers who have particular concerns. In principle, however, a public official necessarily accepts the possibility that photographs, addresses and other identifying information may be made public, nowadays even posted on Internet sites. An open society demands it. The assigned judge has personal experience with this unpleasant reality but finds and concludes that the constraints of the protective order requested by the defendants here are not justified.

The motion is granted subject to a protective order as follows: The photographs shall be produced to plaintiff's counsel within 14 days. Plaintiff's counsel shall at all times retain control and possession of the photographs and shall limit the use of the photographs to this case. Plaintiff's counsel may display the photographs only to plaintiff and potential witnesses as necessary to prepare the case, and only in the presence of plaintiff's counsel. Plaintiff's counsel will disclose at least five days in advance to defendants' counsel the identities of the persons to whom they will show the photographs. No copies of the photographs may be made without leave of court for good cause shown. At the end of the litigation in this court, unless otherwise ordered, plaintiff's counsel will return the photographs to the person from whom they were received.

# EXHIBIT 3



# THE EDWIN F. MANDEL LEGAL AID CLINIC
# OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE NATIONAL ASSOCIATION OF LEGAL AID AND DEFENDER ASSOCIATIONS

6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service*
*Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris
(1923-2004)

March 8, 2005

Susan Sullivan
Thomas Platt
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 1400
Chicago, Illinois 60602
Fax (312) 744-6566

Arnold Park
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 900
Chicago, Illinois 60602
Fax (312) 744-6912

**Via First Class Mail and Fascimile**

Re:  <u>Bond v. Utreras et al., No. 04 C 2617</u>

Dear Counsel,

I am writing (belatedly) to confirm your agreement to produce certain discovery in our telephone conference held pursuant to Rule 37.2 on February 28, 2005 and follow-up conference with Mr. Futterman on March 1, 2005. The conference was held to address deficiencies in the Individual Police Defendants' responses to written discovery, as identified in our letter of February 14, 2005. I also note certain disagreements that the parties were unable to resolve, despite reasonable efforts.

*First*, the Defendants have agreed to produce complete and unredacted copies of the following documents responsive to the Plaintiff's discovery requests. With regard to numbers 13, 14, 15, 18, and 19, Defendants agreed to produce provided that if they reasonably believe that a document contains privileged information, Defense Counsel shall immediately notify Plaintiff to assess whether agreement can be reached concerning production. Further, Defendants agreed to obtain the documents on an "expedited" basis. All parties understand that the production of the documents is necessary for Plaintiff to prepare to take the depositions of the Individual Police Defendants. All parties also understand that if the documents are not produced *post haste*, Plaintiff shall be required to seek appropriate relief from the Court.

1. IDL_0025.
2. IDL_0053.

1

3. IDL_0057 (Defendants shall seek a copy that has not been cut off).
4. IDL_0078.
5. IDL_0087.
6. IDL_0088.
7. IDL_0095.
8. IDL_0167.
9. IDL_0171-IDL_0172 (Defendants shall seek a copy of the Chicago Fire Department's Emergency Medical Service report that has not been cut off).
10. All Unit and Event Queries for the Third Watch patrol and tactical units in Public Housing South on April 28, 2003.
11. All Unit and Event Queries for the Third Watch patrol and tactical units in Public Housing South on April 30, 2003.
12. All existing Supervisor Management logs and daily activity reports of all police units who worked the Third Watch in Public Housing South on April 13, 28, and 30, 2003, and March 29 and 30, 2004.
13. Any and all Contact Cards of all police units who worked the Third Watch in Public Housing South on April 13, 28, and 30, 2003, and March 29 and 30, 2004.
14. All police reports relating to the arrests of Jennifer Carrasco, Annette Sandoval, Joseph Nowak, and Percy Bolden, referred to in documents IDL_0396 – IDL_0403.
15. All police reports (including arrest, case, and inventory reports and contact cards) relating to arrests, stops, and/or contacts that occurred as reported in Unit and Event Queries as follows: RDG Report #4533B $CPDHJ298574 referred to in IDL_0200; RDG Report #4533C $CPDHJ298581 D/1812 referred to in IDL_0202; RDG Report #4562B $CPDHJ328577 D/5072 referred to in IDL_0206, RDG Report #4545A; $CPDHK270938 D/1200 referred to in IDL_0214; RDG Report #4533B $CPDHK270843 D/2027 referred to in IDL_0218; CPD0408916490 referred to in IDL_0215; CFD040892001 referred to in IDL_0216; CFD040900022 referred to in IDL_0233; and any existing reports related to the events referred to in IDL_0221, IDL_0222, and IDL_0227.
16. Audio records of Chicago police radio communications and "911" calls regarding officers or incidents at or within a four-block radius of 3651 South Federal in Chicago, and/or regarding Diane Bond between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004, and between the hours of 7:00 p.m. to 9:30 p.m. on March 30, 2004.
17. OEMC Audio Tape preserved from CR 296843, referred to in Attachment 18, document IDL_0393.
18. Attachment 12 referred to in IDL_0113.
19. Attachment 14 referred to in IDL_0383.
20. Attendance and Assignment Records of all units who worked in Public Housing South during the Third Watch on April 19, 2003, April 7, 2004, and May 3, 2004.

*Second*, the City shall produce numbered digital color copies of police photographs along with a key providing the names of the officers (due by court order on or before February 10) by March 10.

*Third*, while Counsel did not discuss the Individual Police Defendants' production of their color photographs taken within the last two years, the Court ordered such production by February 10 and it is long overdue. Please produce the photographs immediately.

*Fourth*, Defendants agreed to produce the Complaint History of each of the Individual Police Defendants on or before March 4. Upon receipt of the Histories, Counsel agreed to confer and negotiate the production of the corresponding investigatory and discipline files. As Counsel made clear in the conference, Plaintiff considers these files necessary to her preparation for Defendants' depositions. As of the date of this letter, the Complaint Histories have not yet been produced. Please do so immediately.

*Fifth*, Defendants agreed to supplement their answers to Interrogatory 11, providing information on work related lawsuits in which the Individual Defendants have been involved. The Defendants, however, continue to refuse to provide any information related to litigation that did not arise from their employment as Chicago police officers.

*Sixth*, while the Defendants refuse to provide further written answers to Interrogatories 3, 13, and 14 and Document Requests 7 and 10, they agreed to answer without objection similar questions to the best of their ability in their depositions.

*Seventh*, as to information related to the Individual Defendants' net worth, Defense Counsel agreed to produce a financial statement after Plaintiff has had the opportunity to review the police photographs and amend her Complaint. After the production of such statements, Counsel agreed to further meet and confer to determine whether the assistance of the Court will be needed on this subject.

Despite reasonable efforts, the parties were unable to resolve their differences on the following issues.

- Plaintiff's February 14 letter detailed the deficiencies in the Individual Defendants' answers to Interrogatories 4-7. Defendants stand by their answers.

- Defendants continue to refuse to produce Unit and Event Queries involving Chicago police units in Public Housing South that worked the Third Watch on April 19, 2003, April 7, 2004, and May 3, 2004. As Plaintiff's Counsel made clear, certain officers who participated in Ms. Bond's abuse were observed in or around Stateway Gardens on the dates and times noted in Plaintiff's July 12, 2004, letter to Mr. Park.

- Defendants refuse to produce their personal calendars for April 13, 28, and 30, 2003 and March 29 and 30, 2004.

Please contact Craig Futterman or me immediately if I have misstated or omitted anything we discussed.

Sincerely,

Thekla Hansen-Young
Senior Law Student

3

# EXHIBIT 4



# THE EDWIN F. MANDEL LEGAL AID CLINIC
# OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE ARTHUR O. KANE CENTER FOR CLINICAL LEGAL EDUCATION

**6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786**
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service
Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris
(1923-2004)

March 15, 2005

Arnold Park
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 1400
Chicago, Illinois 60602
Fax (312) 744-6566

**Via Facsimile and First Class Mail**

Re:  <u>Bond v. Utreras et al., No. 04 C 2617</u>

Dear Counsel,

I am writing, pursuant to Fed.R.Civ.P. 37(a)(2), to address certain deficiencies in the City of Chicago's responses to written discovery that relate to the identification of the police officers who participated in the abuse charged in Plaintiff's Complaint. As you know, the deadline to add parties is March 28. The Defendants' consistent delays in producing material that all agree are relevant to ascertaining the identity of the officers involved in the incidents have placed us at a considerable disadvantage. Even if Defendants produce within a week all of the outstanding identity-related material requested in October 2004, our ability to confirm identities within the ordered time constraints has been seriously compromised. For example, if the City provided Plaintiff the photographs in a timely manner, we could have shown them to witnesses to confirm identities well in advance of the Court's deadline. While other shortcomings exist in the City's responses to discovery, identification is of the utmost priority and must be addressed at once.

In addition to the identity-related deficiencies detailed in our February 14 letter and discussed in our February 28 conference *and* the long awaited police photographs, the City has not provided information or documents that describe the manner of dress and the cars assigned to the Individual Police Defendants and other police officers who worked the third watch in Public Housing South on the relevant dates. (*See* Int. 7; D.R. 42, 48, 49.) Moreover, in *July 2004* we requested by letter the names and star numbers of officers assigned to five cars on specified times on April 19, 2003 and April 7 and May 3, 2004, instances that some of the officers involved in the charged abuse were observed at Stateway Gardens. (*See* Letter dated July 12, 2004). Shortly thereafter, you indicated that you requested the

information from the Office of Legal Affairs and would provide it to us. Despite our repeated requests (*see* Int. 3, D.R. 51), the City has yet to disclose this information. In light of the March 28 deadline and Defendants' continued delay in adequately answering discovery, we demand that you provide the foregoing information on or before March 21.

The City has also not produced records related to the whereabouts and activities of Public Housing South officers on the specified times on April 19, 2003 and April 7 and May 3, 2004. (*See* D.R. 40, 43-46.) These records are clearly relevant to the identification issue and the Individual Defendants' "alibi" defense. Despite their relevance, Counsel for the Individual Police Defendants refused to produce unit or event queries, daily activity records, supervisor management logs, or other records documenting officer activity on those dates. Please indicate whether you agree to provide the requested documents or instead adopt the position of the Individual Defendants.

Please call to discuss upon your receipt of this letter.

Sincerely,

Craig B. Futterman

cc: Thomas Platt
    Susan Sullivan

# EXHIBIT 5



## THE EDWIN F. MANDEL LEGAL AID CLINIC
## OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE MANDEL LEGAL AID CLINIC OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service*
*Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris

July 12, 2004

Mr. Arnold Park
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 900
Chicago, Illinois 60602
Fax (312) 744-6912

**Via First Class Mail and Fascimile**

    Re:    <u>Bond v. Utreras et al., No. 04 C 2617</u>

Dear Mr. Park,

      Enclosed please find Plaintiff's initial Rule 26 disclosures in the above-captioned matter.

      I appreciate your agreement to provide documents and information to enable us to identify the unnamed Chicago police officers in this case, when we spoke last month regarding your agreed-to-request for additional time to answer Plaintiff's Complaint. As we discussed, it makes a great deal of sense to identify the unnamed individual defendants and to bring them before the Court at the outset of this case, thereby conserving court and attorney time as we proceed. To that end, please provide us with the following documents as soon as you are able:

The **daily activity reports** and **Unit Query Reports** for the following dates and units:

**April 13, 2003**--Units 4533B, 4533C, 4541A, and 4545C;
**April 28, 2003**-- Units 4562B, 4562C, 4538A, 4538B, 4536A and 4536C;
**April 30, 2003**-- Units 4562B and 4562C;
**March 29, 2004**-- Units 4533B, 4533C, and 4545A;
**March 30, 2004**-- Units 4533B and 4533C.

In addition, please provide us with the full names and star numbers of the officers assigned to:

a.   Blue Chevy Caprice, license plate M115315 assigned to Public Housing South on April 7, 2004, at approximately 6:30 p.m.;

b.   Grey Chevy Caprice, license plate M1206845 or M120845 assigned to Public Housing South on April 7, 2004 at approximately 6:30 p.m.;

c.   Grey Chevy Caprice, license plate M154643 assigned to Public Housing South on April 7, 2004 at approximately 6:30 p.m.;

d.   Dark colored unmarked police car, license plate M116885, assigned to Public housing South on April 19, 2003 at approximately 6:15p.m.;

e.   Dark colored unmarked police car, license plate M140181, assigned to public housing South on May 3, 2004 at approximately 7:30p.m.

We would appreciate any other information or documents that you believe would assist us in determining the identities of the unnamed officers, including the Complaint Register investigations related to this case.

Finally, as you prepare the City's Rule 26(a) materials, please include the entire Complaint Register files for the incidents at issue in this litigation. My notes reflect that the relevant CRs include Nos. 288793, 289089, and 296843. I look forward to your response.

Sincerely,

Craig B. Futterman

Encl.
cc: Thomas Platt

# EXHIBIT 6



# THE EDWIN F. MANDEL LEGAL AID CLINIC
# OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE ARTHUR O. KANE CENTER FOR CLINICAL LEGAL EDUCATION

6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service
Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris
(1923-2004)

February 14, 2005

Ms.Susan Sullivan
Mr. Thomas Platt
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 1400
Chicago, Illinois 60602
Fax (312) 744-6566

**Via First Class Mail and Fascimile**

Re:     <u>Bond v. Utreras et al., No. 04 C 2617</u>

Dear Counsel,

I'm writing, pursuant to Fed.R.Civ.P. 37(a)(2), in response to the Defendant Officers' Responses to Plaintiff's Interrogatories and Answer to Plaintiff's Request to Produce Documents to Individual Defendants. Our review demonstrates that the Defendants' answers are deficient under the operative discovery rules. A significant amount of relevant information was not disclosed, important documents were not produced, and many of the answers were unresponsive, incomplete, and failed to include information that is easily accessible to the defendants. This letter hereby demands that the Individual Defendants provide complete responses to the Plaintiff's written discovery requests and correct the deficiencies noted below by February 21, 2005.

*First*, Defendants' Answers to Interrogatories 4-7 are grossly deficient. As you know, each Individual Police Defendant denies having contact with Ms. Bond at or near 3651-53 South Federal on any of the dates enumerated in the Complaint. In essence, each Defendant maintains that he was somewhere else. Plaintiff has the right to discover where each Defendant claims that he was. Defendants' refusal to provide information related to their whereabouts because it demands "an unreasonable accounting of activities," while simultaneously denying contact with Plaintiff, demonstrates a lack of good faith in responding to written discovery. Further, each Defendant's gratuitous "response" that plaintiff's allegations are "absolutely false" is non-responsive to Plaintiff's straightforward interrogatory asking whether the Defendant was present at or near 3651 South Federal in Chicago during the relevant times charged in the Complaint. The Federal Rules

require each Defendant to conduct a reasonable inquiry into their claimed whereabouts, which would at a minimum include a review of their own reports that they were required to complete as a part of their jobs as police officers. Even if after a reasonable inquiry, the Defendants claim that they do not know where they were at those times, they must say so. There is simply no basis to refuse to respond.

To the extent that any of the Defendants provided *any* information responsive to Interrogatories 4-7, he referred to a large pile of documents and indicated that Plaintiff may find some information somewhere in the pile that may indicate where the defendant purports to have been at a particular point in time. It is not Plaintiff's burden to sort through the documents and speculate about which documents purport to contain the requested information. Rule 33(d) requires that the answering party "specify the records from which the answer may be derived or ascertained." Please amend the answer to comport with the requirements of the Federal Rules.

*Second*, Defendants refuse to provide information in response to Interrogatories 4-7 and Document Requests 2 and 11 related to their whereabouts or police activities on April 25, 2000, April 19, 2003, April 7, 2004, and May 3, 2004. Certain Individual Defendants were observed on April 19, 2003, April 7, 2004 and May 3, 2004 at Stateway Gardens. The requested information is plainly discoverable, as Defendants have made their identity a centerpiece of their defense. Information related to the April 25, 2000 date is also relevant because it is related to another police search of Ms. Bond's apartment that was the subject of CR#261847, which was previously produced by the defense in discovery. Please provide the unit query and event query reports, attendance and assignment records, watch assignment sheets, daily activity reports, supervisor management logs, calendars, arrest reports, and other documents responsive documents for those dates that can be obtained after exercising reasonable diligence.

*Third*, Defendants answers to Interrogatories 3, 11, and 13-14 and Document Requests 7 and 10 are deficient. Defendants refuse to provide basic background information related to their prior employment, employment records, civil and criminal lawsuits in which the Defendants have been or are currently a party, and criminal lawsuits in which the defendants have testified and in which there have been motions to suppress evidence. The information requested is standard discoverable information. Indeed, the Defendants have asked the same information of the Plaintiff, and the Plaintiff provided it.

*Fourth*, in light of the Court's ruling on the production of photographs, please produce a color photograph of each Individual Defendant taken within the last two years (*see* Document Request 8) and a complete physical description of each Individual Defendant in April 2003 and April 2004 (*see* Interrogatory 1).

*Fifth*, to the extent that the Defendants have objections to producing Complaint Register files involving the Individual Defendants (Interrogatories 12 and Document Request 10) and documents and information related to their financial net worth (Interrogatories 15-25 and Document Requests 15-27) under the agreed Protective Order, we need to schedule a Rule 37 conference as soon as possible. The Plaintiff is entitled to this information. The Seventh Circuit has made plain that police misconduct complaints may be relevant in police brutality cases as Rule 404(b) evidence of the defendant's intent, motive, bias, interest, absence of mistake,

2

opportunity, preparation, and plan. See Wilson v. City of Chicago, 6 F.3d 1230, 1238 (7th Cir. 1993); *Charles v. Cotter,* 1994 WL 424144 (N.D. Ill. Aug. 11, 1994). In addition, the Plaintiff seeks a punitive damage award against Defendants in an amount sufficient to punish Defendants and deter similar misconduct. The Individual Defendants' financial resources are critical to the determination of the amount of punitive damages necessary to deter and punish them. *Smith v. Wade* 461 U.S. 30, 36 (1983). A majority of federal courts have held that this information is discoverable in advance of trial and without making a *prima facie* showing that the Plaintiff is entitled to recover such damages. *Equal Employment Opportunity Comm., v. Staffing Network,* 2002 WL 31473840 at *3-4 (N.D. Ill. Nov. 4, 2002).

*Finally,* there are a number of responses to both Interrogatories and Document Requests that are incomplete. A number of documents are missing, redacted, or illegible. We requested clean and unredacted copies of the documents in a letter dated October 16, 2004. However, appropriate copies of the following documents (which are also called for by Document Requests 5-6) still have not been produced:

a) IDL_0025
b) IDL_0053
c) IDL_0057
d) IDL_0078
e) IDL_0087
f) IDL_0088
g) IDL_0095
h) IDL_0167
i) IDL_0171-IDL_0172

Please find below a list of Document Requests to which Defendants' Responses are deficient:

1) In response to Request 2, the defendants failed to produce at least the following documents:
   a. Unit Queries for the Third Watch patrol and tactical units in Public Housing South on April 28, 2003 (Defendants produced UQRs and EQRs for the day shift, rather than the Third Watch).
   b. All related Event Queries for the Third Watch patrol in tactical units in Public Housing South on April 28, 2003.
   c. All Unit and Event Queries for April 30, 2003.
   d. All daily activity reports.
   e. The Individual Defendants' personal calendars for relevant dates.
   f. Supervisor Management Logs, except for one Supervisor Management Log dated March 29, 2004 (IDL_0188).
   g. Personal equipment logs for April 30, 2003, March 30, 2004, April 7, 2004, May 3, 2004, and April 25, 2000.

3

h. All documents/police reports relating to the arrests and/or prosecution of Jennifer Carrasco, Annette Sandoval, Joseph Nowak, and Percy Bolden, referred to in documents IDL_0396 – IDL_0403, with the exception of the Arrest Report of Percy Bolden (IDL_0190 – IDL_0194).

i. Contact cards for the relevant dates.

j. Documents/police reports relating to arrests, stops, and/or contacts that occurred as reported in Unit and Event Queries. For example, missing RDG Report #4533B $CPDHJ298574 referred to in IDL_0200, RDG Report #4533C $CPDHJ298581 D/1812 referred to in IDL_0202, RDG Report #4562B $CPDHJ328577 D/5072 referred to in IDL_0206, RDG Report #4545A $CPDHK270938 D/1200 referred to in IDL_0214, RDG Report #4533B $CPDHK270843 D/2027 referred to in IDL_0218, any documents relating to #CPD0408916490 referred to in IDL_0215, any documents relating to #CFD040892001 referred to in IDL_0216, any documents relating to #CFD040900022 referred to in IDL_0233. Missing all documents relating to emergency calls placed and actions taken as a result of those calls referred to in IDL_0221, IDL_0222, IDL_0227. Defendants also failed to produce any documents or police reports relating to arrests reported in all event queries on all relevant dates.

2) We noted at least the following deficiencies with respect to Defendants' Response to Request 4. Defendants did not produce:

a. Audio records of Chicago police radio communications, "911" calls, or personal data transmissions regarding officers or incidents at or within a four-block radius of 3651 South Federal in Chicago, and/or regarding Diane Bond between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004, and between the hours of 7:00 p.m. to 9:30 p.m. on March 30, 2004. Judge Lefkow entered an express order to preserve this evidence at the outset of this litigation.

b. Attachment 12 referred to in IDL_0113.

c. Attachment 14 referred to in IDL_0383.

d. Page 1 of CR #261847.

e. OEC Tape preserved from CR 261847.

f. OEC Tape preserved from CR 296843, referred to in Attachment 18, document IDL_0393.

Please produce the overdue documents and information by February 21, 2005. Feel free to call Craig Futterman or myself if you have any questions.

Sincerely,

Thekla Hansen-Young
Senior Law Student

# EXHIBIT 7



# THE EDWIN F. MANDEL LEGAL AID CLINIC
## OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE ARTHUR O. KANE CENTER FOR CLINICAL LEGAL EDUCATION

6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service
Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris
(1923-2004)

March 11, 2005

Ms. Susan Sullivan
Mr. Thomas Platt
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 1400
Chicago, Illinois 60602

**By Hand Delivery**

Re:   Bond v. Utreras et al., No. 04 C 2617

Dear Counsel,

I'm writing to request additional Unit and Event Queries for April 13, 2003 that we neglected to specify in our February 14 letter and Rule 37.2 Conference. When I reviewed my notes, I realized that we did not inform you that we are also missing the Unit Queries and related Event Queries for Units 4545C, 4545D, and *all* patrol (non-tactical) officers who worked the Third Watch in Public Housing South on April 13, 2003. Based on our conference on February 28 and your production of similar documents for other Third Watch Public Housing South officers on April 13, I assume that you have no objection to providing these materials. They are clearly demanded by Plaintiff's First Set of Document Requests and are directly relevant to the claims and defenses in this matter. Please let me know whether you have any objection to supplementing your expedited document request to the Office of Legal Affairs to include these documents. I apologize for our inadvertent omission from our February 14 letter.

Sincerely,

Craig B. Futterman

cc: Arnold Park

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND, )
)
Plaintiff, )
)
v. ) NO. 04 C 2617
)
CHICAGO POLICE OFFICERS EDWIN ) JUDGE LEFKOW
UTRERAS (Star No. 19901), et al. )
)
Defendants. )

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF CHRIST SAVICKAS

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as

unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the

number of responses required of this defendant beyond the number allowed under the local rules

of the Norther District of Illinois.

1.    State your full name, date and place of birth, social security number, driver's

license number, physical description in April, 2003 (including race, height, weight, age, hair

color and style, eyes, facial hair and any distinguishing physical characteristics), physical

description in April 2004 (if any way different from that in April 2003), present residential

address, all past residential addresses that you have had within the last ten years and whether you

have been evicted from any of the addresses.  If you have ever been known by any other name,

state all names by which you have been known, the dates of use of each such name, and the

reasons for any change of name.

   **ANSWER:**   Christ Savickas, Star 5991, Chicago Police Department, 3510 S. Michigan

1995 to present, Chicago Police Department. To the best of my recollection at the preset time, in the past five years, I served a two separate one day suspensions for court deviations for missing a court date.

4.   Identify:

   a.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

   b.   the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

   c.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

   d.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

   e.   the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

   f.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

   g.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00

3

p.m. and 9:00 p.m.

h.     the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.     the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.     the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.     the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.     With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**    (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to the best his knowledge at the present time, he has never had any contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004.

4

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

5.      Describe with specificity your whereabouts (including street address and location) during each of the following periods of time:

        a.      between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

        b.      between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

        c.      between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

        d.      between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

        e.      between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

        f.      between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

        g.      between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

        h.      between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

        i.      between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**      (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case or the claims of plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

6.  Were you present at or near 3651 South Federal in Chicago;

    a.  at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

    b.  at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

    c.  at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

    d.  at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

    e.  at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

    f.  at any time between 9:00 and 10:00 p.m. on March 30, 2004?

    g.  at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

    h.  at any time between 7:00 p.m. and 8:00 on May 3, 2004?

    i.  at any time between 10:30 p.m. and midnight on April 25, 2000?

    j.  For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

**ANSWER:**  (a) through (j). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an

unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case or the claims of plaintiff. Additionally, defendant objects on

grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of

discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this

limit. Without waiving this objection, and to the extent that it is even reasonably possible to

prove or disprove the existence or existence of non-contact with any unknown person, defendant

submits that plaintiff's allegations as to him are absolutely false (as previously stated in his

answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his

response to Interrogatory Number Four (4).

      7.    For each of the following dates, state whether you worked in a Chicago police

uniform or civilian dress, and describe the car that you were assigned (including but not limited

to the make, model, color, and license plate number):

      a.    during your evening on duty hours of April 13, 2003;

      b.    during your evening duty hours of April 19 2003;

      c.    during your evening on duty hours of April 28, 2003;

      d.    during your evening on duty hours of April 30, 2003;

      e.    during your evening on duty hours of March 29, 2004;

      f.    during your evening on duty hours of March 30, 2004:

      g.    during your evening on duty hours of April 7, 2004;

      h.    during your evening duty hours of May 3, 2000.

    **ANSWER:**    (a) through (h). Defendant objects to this interrogatory as overbroad and

unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an

unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects

based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive

of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded

this limit. Defendant therefore declines to respond. Without waiving this objection, Defendant

states that to the best of knowledge at the present time, he most likely was in civilian dress during

his hours of duty on April 13, and 30, 2003, and on March 29 and 30, 2004. Defendant further

states that to the best of knowledge at the present time, he is not sure whether he was in civilian

dress or in his uniform during his hours of duty on April 28, 2003. Defendant further refers

plaintiff to documents (Rule 26(a) disclosures answers to Requests to Produce of the parties),

sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio

tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents

submitted by the parties to date in this case.

    8.    Have you had any contact or interaction with Plaintiff within three years of the

date of these interrogatories? If your answer is anything other than an unconditional no, identify

the date, time, and place of the interaction and describe the nature of the interactions.

    **ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which

limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal

interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection,

Defendant answers that to the best of his knowledge at the present time, he has never had any

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | JUDGE LEFKOW |
| UTRERAS (Star No. 19901), et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF ROBERT STEGMILLER

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the number of responses required of this defendant beyond the number allowed under the local rules of the Norther District of Illinois.

1.  State your full name, date and place of birth, social security number, driver's license number, physical description in April, 2003 (including race, height, weight, age, hair color and style, eyes, facial hair and any distinguishing physical characteristics), physical description in April 2004 (if any way different from that in April 2003), present residential address, all past residential addresses that you have had within the last ten years and whether you have been evicted from any of the addresses. If you have ever been known by any other name, state all names by which you have been known, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**   Robert Stegmiller, Star 18764, Chicago Police Department, 3510 S.

1995 to present, Chicago Police Department. To the best of my recollection at the preset time, in the past five years, I have never been suspended.

4. Identify:

    a.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

    b.   the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

    c.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

    d.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

    e.   the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

    f.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

    g.   the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

3

h.    the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.    the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.    With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**    (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to the best of his knowledge at the present time, he has never had any contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for

4

the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

5. Describe with specificity your whereabouts (including street address and location) during each of the following periods of time:

a. between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

b. between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

c. between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

d. between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

e. between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

f. between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

g. between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

h. between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

i. between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:** (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Without waiving this objection,

and to the extent that it is even reasonably possible to prove or disprove the existence or

existence of non-contact with any unknown person, defendant submits that plaintiff's allegations

as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and

in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

      6.      Were you present at or near 3651 South Federal in Chicago;

          a.      at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

          b.      at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

          c.      at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

          d.      at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

          e.      at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

          f.      at any time between 9:00 and 10:00 p.m. on March 30, 2004?

          g.      at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

          h.      at any time between 7:00 p.m. and 8:00 on May 3, 2004?

          i.      at any time between 10:30 p.m. and midnight on April 25, 2000?

          j.      For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

    **ANSWER:**    (a) through (j). Defendant objects to this interrogatory as overbroad and

unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an

unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case or the claims of plaintiff. Additionally, defendant objects on

grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of

discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this

limit. Without waiving this objection, and to the extent that it is even reasonably possible to

prove or disprove the existence or existence of non-contact with any unknown person, defendant

submits that plaintiff's allegations as to him are absolutely false (as previously stated in his

answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his

response to Interrogatory Number Four (4).

      7.     For each of the following dates, state whether you worked in a Chicago police

uniform or civilian dress, and describe the car that you were assigned (including but not limited

to the make, model, color, and license plate number):

          a.     during your evening on duty hours of April 13, 2003;

          b.     during your evening duty hours of April 19 2003;

          c.     during your evening on duty hours of April 28, 2003;

          d.     during your evening on duty hours of April 30, 2003;

          e.     during your evening on duty hours of March 29, 2004;

          f.     during your evening on duty hours of March 30, 2004:

          g.     during your evening on duty hours of April 7, 2004;

          h.     during your evening duty hours of May 3, 2000.

    **ANSWER:**     (a) through (h). Defendant objects to this interrogatory as overbroad and

unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

7

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond. Without waiving this objection, Defendant states that to the best of knowledge at the present time, he most likely was in civilian dress during his hours of duty on April 13, and 30, 2003, and on March 29 and 30, 2004. Defendant further states that to the best of knowledge at the present time, he is not sure whether he was in civilian dress or in his uniform during his hours of duty on April 28, 2003. Defendant further refers plaintiff to documents (Rule 26(a) disclosures answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

8.    Have you had any contact or interaction with Plaintiff within three years of the date of these interrogatories? If your answer is anything other than an unconditional no, identify the date, time, and place of the interaction and describe the nature of the interactions.

**ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, Defendant answers that to the best of his knowledge at the present time, he has never had any contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004. Defendant further

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND,                              )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    NO.  04 C 2617
                                         )
CHICAGO POLICE OFFICERS EDWIN            )    JUDGE LEFKOW
UTRERAS (Star No. 19901), et al.         )
                                         )
                Defendants.              )

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF EDWIN UTRERAS

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as

unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the

number of responses required of this defendant beyond the number allowed under the local rules

of the Norther District of Illinois.

1.      State your full name, date and place of birth, social security number, driver's

license number, physical description in April, 2003 (including race, height, weight, age, hair

color and style, eyes, facial hair and any distinguishing physical characteristics), physical

description in April 2004 (if any way different from that in April 2003), present residential

address, all past residential addresses that you have had within the last ten years and whether you

have been evicted from any of the addresses.  If you have ever been known by any other name,

state all names by which you have been known, the dates of use of each such name, and the

reasons for any change of name.

**ANSWER:**   Edwin Utreras, Star 19901, Chicago Police Department, 3510 S. Michigan

1998 to present, Chicago Police Department. To the best of my recollection at the preset time, in the past five years, I served a one day suspension for failure to search a female inmate going into the lockup area who was found to have contraband on her person and a one day suspension for eating a meal outside of my geographical patrol boundaries. To the best of my recollection I also have a few reprimands.

4.  Identify:

a.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

b.  the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

c.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

d.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

e.  the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

f.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

3

g.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.  the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.  the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.  With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**   (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to the best

4

of his knowledge at the present time, he has never had any contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

5. Describe with specificity your whereabouts (including street address and location) during each of the following periods of time:

        a. between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

        b. between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

        c. between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

        d. between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

        e. between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

        f. between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

        g. between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

        h. between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

        i. between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:** (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

6. Were you present at or near 3651 South Federal in Chicago;

    a.    at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

    b.    at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

    c.    at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

    d.    at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

    e.    at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

    f.    at any time between 9:00 and 10:00 p.m. on March 30, 2004?

    g.    at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

    h.    at any time between 7:00 p.m. and 8:00 on May 3, 2004?

    i.    at any time between 10:30 p.m. and midnight on April 25, 2000?

    j.    For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

6

**ANSWER:** (a) through (j). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Additionally, defendant objects on grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

7.      For each of the following dates, state whether you worked in a Chicago police uniform or civilian dress, and describe the car that you were assigned (including but not limited to the make, model, color, and license plate number):

    a.      during your evening on duty hours of April 13, 2003;

    b.      during your evening duty hours of April 19 2003;

    c.      during your evening on duty hours of April 28, 2003;

    d.      during your evening on duty hours of April 30, 2003;

    e.      during your evening on duty hours of March 29, 2004;

    f.      during your evening on duty hours of March 30, 2004:

    g.      during your evening on duty hours of April 7, 2004;

7

h.    during your evening duty hours of May 3, 2000.

**ANSWER:**    (a) through (h). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond. Without waiving this objection, Defendant states that to the best of knowledge at the present time, he most likely was in civilian dress during his hours of duty on April 13, and 30, 2003, and on March 29 and 30, 2004. Defendant further states that to the best of knowledge at the present time, he is not sure whether he was in civilian dress or in his uniform during his hours of duty on April 28, 2003. Defendant further refers plaintiff to documents (Rule 26(a) disclosures answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

8.    Have you had any contact or interaction with Plaintiff within three years of the date of these interrogatories? If your answer is anything other than an unconditional no, identify the date, time, and place of the interaction and describe the nature of the interactions.

**ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND,                          )
                                     )
                  Plaintiff,         )
                                     )
                                     )      NO. 04 C 2617
        v.                           )
                                     )      JUDGE LEFKOW
CHICAGO POLICE OFFICERS EDWIN        )
UTRERAS (Star No. 19901), et al.     )
                                     )
                  Defendants.        )

## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES OF JOSEPH SEINITZ

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the number of responses required of this defendant beyond the number allowed under the local rules of the Norther District of Illinois.

1.    State your full name, date and place of birth, social security number, driver's license number, physical description in April, 2003 (including race, height, weight, age, hair color and style, eyes, facial hair and any distinguishing physical characteristics), physical description in April 2004 (if any way different from that in April 2003), present residential address, all past residential addresses that you have had within the last ten years and whether you have been evicted from any of the addresses. If you have ever been known by any other name, state all names by which you have been known, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**   Joseph Seinitz, Star 4947, Chicago Police Department, 3510 S. Michigan

this objection, defendant states as follows:

Chicago Housing Authority Police Department from 1994 - 1997. 1997 to present, Chicago

Police Department. To the best of my recollection at the preset time, in the past five years, I

served a one day suspension for a failure to do a safety check on a vehicle and a one day

suspension for eating a meal outside of my geographical patrol boundaries. To the best of my

recollection I also have a few court deviations for missing a court date.

4. Identify:

    a. the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

    b. the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

    c. the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

    d. the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

    e. the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

    f. the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your

3

whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

g.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.    the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.    the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.    With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**    (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as

4

previously stated in his answer to the plaintiff's complaint) and further submits that, to the best of his knowledge at the present time, he has never had any contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004.

Answering further, defendant states that based on his review of the Attendance and Assignment records of the Chicago Police Department, he was off duty on April 13, 2003, one of the dates alleged in the Plaintiff's Complaint. I, therefore, could not have been at 3651 S. State on that date.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

     5.     Describe with specificity your whereabouts (including street address and location) during each of the following periods of time:

     a.     between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

     b.     between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

     c.     between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

     d.     between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

     e.     between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

     f.     between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

g.    between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

h.    between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

i.    between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**    (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

6.    Were you present at or near 3651 South Federal in Chicago;

a.    at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

b.    at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

c.    at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

d.    at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

e.    at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

f.    at any time between 9:00 and 10:00 p.m. on March 30, 2004?

g.    at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

6

h.  at any time between 7:00 p.m. and 8:00 on May 3, 2004?

i.  at any time between 10:30 p.m. and midnight on April 25, 2000?

j.  For each subparagraph that you answered anything other than an

unconditional no, describe your activities with specificity at or near 3651

South Federal in Chicago.

**ANSWER:**   (a) through (j).  Defendant objects to this interrogatory as overbroad and

unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003;

March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an

unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case or the claims of plaintiff.  Additionally, defendant objects on

grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of

discrete parts.  Even under the most liberal interpretation of this rule, plaintiff has exceeded this

limit.  Without waiving this objection, and to the extent that it is even reasonably possible to

prove or disprove the existence or existence of non-contact with any unknown person, defendant

submits that plaintiff's allegations as to him are absolutely false (as previously stated in his

answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his

response to Interrogatory Number Four (4).

7.  For each of the following dates, state whether you worked in a Chicago police

uniform or civilian dress, and describe the car that you were assigned (including but not limited

to the make, model, color, and license plate number):

a.  during your evening on duty hours of April 13, 2003;

b.  during your evening duty hours of April 19 2003;

7

c.  during your evening on duty hours of April 28, 2003;

d.  during your evening on duty hours of April 30, 2003;

e.  during your evening on duty hours of March 29, 2004;

f.  during your evening on duty hours of March 30, 2004:

g.  during your evening on duty hours of April 7, 2004;

h.  during your evening duty hours of May 3, 2000.

**ANSWER:**  (a) through (h). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond. Without waiving this objection, Defendant states that to the best of knowledge at the present time, he most likely was in civilian dress during his hours of duty on April 30, 2003, and on March 29 and 30, 2004. Defendant further states that to the best of knowledge at the present time, he is not sure whether he was in civilian dress or in his uniform during his hours of duty on April 28, 2003. Answering further, defendant states that based on his review of the Attendance and Assignment records of the Chicago Police Department, he was off duty on April 13, 2003, one of the dates alleged in the Plaintiff's Complaint. I, therefore, could not have been at 3651 S. State on that date. Defendant further refers plaintiff to documents (Rule 26(a) disclosures answers to Requests to Produce of the

8

parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor

logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other

documents submitted by the parties to date in this case.

8.    Have you had any contact or interaction with Plaintiff within three years of the

date of these interrogatories? If your answer is anything other than an unconditional no, identify

the date, time, and place of the interaction and describe the nature of the interactions.

**ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which

limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal

interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection,

Defendant answers that to the best of his knowledge at the present time, he has never had any

contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004. Defendant further

states that to the best of his recollection at the present time, at some point in the late summer of

2004, after viewing a photograph of Plaintiff Bond that was produced to Plaintiff in this lawsuit,

he recognized Plaintiff Bond in the lobby of 3651 S. Federal talking to a uniformed officer.

Defendant further states that he had no contact with Plaintiff Bond at that time, and to the best of

his knowledge and recollection, has never had any contact with Plaintiff.

9.    Identify the full name, rank, star number and unit of assignment of each and every

member of the Chicago Police Department whom you have reason to believe interacted with

Plaintiff on any of the following dates:

        a.    April 13, 2003;

        b.    April 28, 2003;

        c.    March 29, 2004;

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND,                          )
                                     )
                  Plaintiff,         )
                                     )
        v.                           )    NO. 04 C 2617
                                     )
CHICAGO POLICE OFFICERS EDWIN        )    JUDGE LEFKOW
UTRERAS (Star No. 19901), et al.     )
                                     )
                  Defendants.        )

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF ANDREW SCHOEFF

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as

unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the

number of responses required of this defendant beyond the number allowed under the local rules

of the Norther District of Illinois.

1.      State your full name, date and place of birth, social security number, driver's

license number, physical description in April, 2003 (including race, height, weight, age, hair

color and style, eyes, facial hair and any distinguishing physical characteristics), physical

description in April 2004 (if any way different from that in April 2003), present residential

address, all past residential addresses that you have had within the last ten years and whether you

have been evicted from any of the addresses.  If you have ever been known by any other name,

state all names by which you have been known, the dates of use of each such name, and the

reasons for any change of name.

**ANSWER:**    Andrew Schoeff, Star 20423, Chicago Police Department, 3510 S.

**ANSWER:** Defendant objects to this the interrogatory to the extent that it requests information which is overbroad and unlikely to lead to discoverable material. Without waiving this objection, defendant states as follows:

Chicago Housing Authority Police Department from 1994 - 1997. 1997 to present, Chicago Police Department. To the best of my recollection at the preset time, in the past five years, I may have had an oral reprimand for unreported undercarriage damage to my squad car. To the best of my recollection at the preset time, I also have a disciplinary action pending where a suspension was recommended that is going through the appeals process. The final decision is still pending.

4.    Identify:

      a.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

      b.    the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

      c.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

      d.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

      e.    the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified,

3

state the nature and substance of his or her knowledge.

f.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

g.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.    the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.    the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.    With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**    (a) through (l).  Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and

4

to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to the best of his knowledge at the present time, he has never met or had any contact in his life with plaintiff at any time.

Answering further, defendant states that based on his review of the Attendance and Assignment records of the Chicago Police Department, he was assigned to detective Training on March 29, 2004 and March 30, 2004, two of the dates alleged in the Plaintiff's Complaint. I, therefore, could not have been at 3651 S. State on those dates.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

5.      Describe with specificity your whereabouts (including street address and location) during each of the following periods of time:

        a.      between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

        b.      between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

        c.      between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

        d.      between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

        e.      between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on

5

March 30, 2004;

f.  between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

g.  between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

h.  between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

i.  between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**   (a) through (i).  Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff.  Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

6.   Were you present at or near 3651 South Federal in Chicago;

a.  at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

b.  at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

c.  at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

d.  at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

e.  at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

6

f.       at any time between 9:00 and 10:00 p.m. on March 30, 2004?

g.      at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

h.      at any time between 7:00 p.m. and 8:00 on May 3, 2004?

i.      at any time between 10:30 p.m. and midnight on April 25, 2000?

j.      For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

**ANSWER:**    (a) through (j).  Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff.  Additionally, defendant objects on grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of discrete parts.  Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit.  Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and in answering further, Defendant refers Plaintiff to his response to Interrogatory Number Four (4).

7.      For each of the following dates, state whether you worked in a Chicago police uniform or civilian dress, and describe the car that you were assigned (including but not limited to the make, model, color, and license plate number):

7

a.  during your evening on duty hours of April 13, 2003;

b.  during your evening duty hours of April 19 2003;

c.  during your evening on duty hours of April 28, 2003;

d.  during your evening on duty hours of April 30, 2003;

e.  during your evening on duty hours of March 29, 2004;

f.  during your evening on duty hours of March 30, 2004:

g.  during your evening on duty hours of April 7, 2004;

h.  during your evening duty hours of May 3, 2000.

**ANSWER:**  (a) through (h).  Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond.  Without waiving this objection, Defendant states that to the best of knowledge at the present time, he most likely was in civilian dress during his hours of duty on April 13 and 30, 2003. Defendant further states that to the best of knowledge at the present time, he is not sure whether he was in civilian dress or in his uniform during his hours of duty on April 28, 2003. Defendant further sates he was assigned to detective Training on March 29, 2004 and March 30, 2004, two of the dates alleged in the Plaintiff's Complaint. I, therefore, could not have been at 3651 S. State on those dates. Defendant further

8

refers plaintiff to documents (Rule 26(a) disclosures answers to Requests to Produce of the

parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor

logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other

documents submitted by the parties to date in this case.

8.     Have you had any contact or interaction with Plaintiff within three years of the

date of these interrogatories?  If your answer is anything other than an unconditional no, identify

the date, time, and place of the interaction and describe the nature of the interactions.

**ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which

limits a party to 25 interrogatories inclusive of discrete parts.  Even under the most liberal

interpretation of this rule, plaintiff has exceeded this limit.  Without waiving this objection,

Defendant answers that to the best of his knowledge at the present time, he has never had any

contact with plaintiff on either April 13, 28, 30, 2003, or March 29-30, 2004.

9.     Identify the full name, rank, star number and unit of assignment of each and every

member of the Chicago Police Department whom you have reason to believe interacted with

Plaintiff on any of the following dates:

        a.     April 13, 2003;

        b.     April 28, 2003;

        c.     March 29, 2004;

        d.     March 30, 2004;

**ANSWER:**    Defendant objects based on Federal Rule of Civil Procedure 33 which

limits a party to 25 interrogatories inclusive of discrete parts.  Even under the most liberal

interpretation of this rule, plaintiff has exceeded this limit.  Without waiving this objection,

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND, )
)
               Plaintiff, )
)
       v. )     NO. 04 C 2617
)
CHICAGO POLICE OFFICERS EDWIN )     JUDGE LEFKOW
UTRERAS (Star No. 19901), et al. )
)
             Defendants. )

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF JOHN CANNON

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the number of responses required of this defendant beyond the number allowed under the local rules of the Norther District of Illinois.

1.    State your full name, date and place of birth, social security number, driver's license number, physical description in April, 2003 (including race, height, weight, age, hair color and style, eyes, facial hair and any distinguishing physical characteristics), physical description in April 2004 (if any way different from that in April 2003), present residential address, all past residential addresses that you have had within the last ten years and whether you have been evicted from any of the addresses. If you have ever been known by any other name, state all names by which you have been known, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**   John Cannon, Star 1938, Chicago Police Department, 3510 S. Michigan

information which is overbroad and unlikely to lead to discoverable material. Without waiving

this objection, defendant states as follows:

1998 to present: Chicago Police Department. Received a one day suspension for lost star. Prior,

full time student at S.I.U. (see previous answer).

    4.    Identify:

        a.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

        b.    the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

        c.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

        d.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

        e.    the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

        f.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

        g.    the full name, address, telephone number(s), and relationship to you of

3

each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.  the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.  the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.  the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.  With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**  (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to his knowledge, he has never met or had any contact in his life with plaintiff at any time.

4

Answering further, defendant states that based on his review of the Attendance and Assignment records of the Chicago Police Department, he did not work on April 30, 2003 through May 1, 2003 (shift hours were 4:00 p.m. to 2:30 a.m.) and did not work March 29-30, 2004. (shift hours were 4:00 p.m. to 2:30 a.m.).

Additionally, a review of the arrest records for the shift of April 12-13, 2003, (shift hours, 4:00 p.m. to 2:30 a.m.), shows that defendant made an arrest with his partners, including, Robert Shultz and Nicholas Cortesi at 5401 S. Archer, Chicago of Joseph Nowak, CB 1541340 and Jennifer Carrasco, CB 15431425; that on April 28, 2003, (shift hours, 4:00 a.m. to 2:30 a.m.), defendant made an arrest with his partners, including, Robert Shultz and Nicholas Cortesi of Annette Sandoval at 3508 S. Lowe Ave. CB 15446502. The location of these arrests and time required for processing indicates to defendant that he was not at 3651 S. State Street on any of the dates alleged and that he was assigned to work in public housing projects which included Wentworth Gardens (39th and Wentworth), LeClaire Courts or Lituanica Homes and did not include the public housing project occupied by plaintiff at 3651 S. State.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

5.    Describe with specifity your whereabouts (including street address and location) during each of the following periods of time:

a.    between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

5

b.  between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

c.  between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

d.  between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

e.  between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

f.  between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

g.  between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

h.  between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

i.  between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**  (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Defendant has never had any contact with plaintiff at any time. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant states he was not assigned to work in any public housing including 3651 S. State, during 2000 and refers plaintiff to his answers to previous interrogatories and to previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to

6

plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

6.      Were you present at or near 3651 South Federal in Chicago;

     a.      at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

     b.      at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

     c.      at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

     d.      at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

     e.      at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

     f.      at any time between 9:00 and 10:00 p.m. on March 30, 2004?

     g.      at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

     h.      at any time between 7:00 p.m. and 8:00 on May 3, 2004?

     i.      at any time between 10:30 p.m. and midnight on April 25, 2000?

     j.      For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

**ANSWER:**      (a) through (j). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or

no relation to the issues of this case or the claims of plaintiff. Defendant has never had any

contact with plaintiff at any time. Additionally, defendant objects on grounds that Federal Rule

of Civil Procedure 33 limits a party to 25 interrogatories inclusive of discrete parts. Even under

the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this

objection, and to the extent that it is even reasonably possible to prove or disprove the existence

or existence of non-contact with any unknown person, defendant submits that plaintiff's

allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's

complaint) and answering further, defendant restates his answers to previous interrogatories and

states that he did not work in public housing at all during 2000 including 3651 S. State, but was

assigned to a regular police district and refers plaintiff to the previously disclosed documents

(Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this

case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs

reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the

parties to date in this case.

     7.     For each of the following dates, state whether you worked in a Chicago police

uniform or civilian dress, and describe the car that you were assigned (including but not limited

to the make, model, color, and license plate number):

        a.     during your evening on duty hours of April 13, 2003;

        b.     during your evening duty hours of April 19 2003;

        c.     during your evening on duty hours of April 28, 2003;

        d.     during your evening on duty hours of April 30, 2003;

        e.     during your evening on duty hours of March 29, 2004;

8

f.      during your evening on duty hours of March 30, 2004:

g.      during your evening on duty hours of April 7, 2004;

h.      during your evening duty hours of May 3, 2000.

**ANSWER:**   (a) through (h).  Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts.  Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond.  Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant states he was not assigned to work in any public housing including 3651 S. State, during 2000 and restates his answers to previous interrogatories and states that his hours of duty whether he wore a uniform or civilian clothes on while on duty and vehicle information, if any, is information contained in the previously disclosed documents (Rule 26(a) disclosures answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

8.      Have you had any contact or interaction with Plaintiff within three years of the

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | JUDGE LEFKOW |
| UTRERAS (Star No. 19901), et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF NICHOLAS CORTESI

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the number of responses required of this defendant beyond the number allowed under the local rules of the Norther District of Illinois.

1.    State your full name, date and place of birth, social security number, driver's license number, physical description in April, 2003 (including race, height, weight, age, hair color and style, eyes, facial hair and any distinguishing physical characteristics), physical description in April 2004 (if any way different from that in April 2003), present residential address, all past residential addresses that you have had within the last ten years and whether you have been evicted from any of the addresses. If you have ever been known by any other name, state all names by which you have been known, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**   Nicholas Cortesi, Star 15112, Chicago Police Department, 3510 S.

information which is overbroad and unlikely to lead to discoverable material. Without waiving

this objection, defendant states as follows:

1995 to present, Chicago Police Department. Received suspension in 1999 for verbal abuse, but

have appealed this decision. Decision is still pending.

4.  Identify:

   a.  the full name, address, telephone number(s), and relationship to you of
       each and every person who has or claims to have information that supports
       your claim that you had no contact or interaction with Plaintiff on April
       13, 2003.

   b.  the full name, address, telephone number(s), and relationship to your or
       each and every person who has or claims to have information that supports
       your claim that you had no contact or interaction with Plaintiff on April
       28, 2003.

   c.  the full name, address, telephone number(s), and relationship to you of
       each and every person who has or claims to have information that supports
       your claim that you had no contact or interaction with Plaintiff on April
       30, 2003.

   d.  the full name, address, telephone number(s), and relationship to you of
       each and every person who has or claims to have information that supports
       your claim that you had no contact or interaction with Plaintiff on March
       29 and 30, 2004.

   e.  the full name, address, telephone number(s), and relationship to you of
       each and every person not named in the preceding subparagraphs who has
       or claims to have any knowledge of the events described in Plaintiff's
       Complaint, the damages suffered or alleged to be suffered by Plaintiff, or
       any of the defenses raised by any defendant. For each person identified,
       state the nature and substance of his or her knowledge.

   f.  the full name, address, telephone number(s), and relationship to you of
       each and every person who has or claims to have knowledge of your
       whereabouts or activities on April 13, 2003, between the hours of 4:00
       p.m. and 6:00 p.m.

   g.  the full name, address, telephone number(s), and relationship to you of

3

each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.    the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.    the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.    With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**    (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to his knowledge, he has never met or had any contact in his life with plaintiff at any time.

4

Answering further, defendant states that based on his review of the Attendance and

Assignment records of the Chicago Police Department, he did not work on April 30, 2003

through May 1, 2003 (shift hours were 4:00 p.m. to 2:30 a.m.) and did not work after 2:30 a.m.

on March 30, 2004. In addition, on March 29, 2004, defendant made an arrest of Percy Bolden at

11:15 p.m. at 527 E. Browning (Ida B. Wells public housing), and spent the remainder of the

shift through 2:30 a.m. on March 30, 2004 processing this arrest with my partner, Robert

Shultz.(See Bates IDL 190-194). Defendant therefore, could not have been at 3651 S. State

during these hours, and very likely was not at this building or location prior to this arrest.

Additionally, a review of the arrest records for the shift of April 12-13, 2003, (shift hours,

4:00 p.m. to 2:30 a.m.) shows that defendant made an arrest with his partners, including, Robert

Shultz and John Cannon at 5401 S. Archer, Chicago of Joseph Nowak, CB 1541340 and Jennifer

Carrasco, CB 15431425; that on April 28, 2003 shift hours, (4:00 a.m. to 2:30 a.m.), defendant

made an arrest with his partners, including, Robert Shultz and John Cannon of Annette Sandoval

at 3508 S. Lowe Ave. CB 15446502. The location of these arrests and time required for

processing indicates to defendant that he was not at 3651 S. State Street on any of the dates

alleged and that he was assigned to work in public housing projects which included Wentworth

Gardens (39th and Wentworth), LeClaire Courts or Lituanica Homes and did not include the

public housing project occupied by plaintiff at 3651 S. State.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for

the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to

Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A

and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by

5

plaintiff and any other documents submitted by the parties to date in this case.

5.　　Describe with specifity your whereabouts (including street address and location) during each of the following periods of time:

　　　　a.　between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

　　　　b.　between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

　　　　c.　between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

　　　　d.　between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

　　　　e.　between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

　　　　f.　between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

　　　　g.　between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

　　　　h.　between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

　　　　i.　between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**　　(a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Defendant has never had any contact with plaintiff at any time. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as

6

previously stated in his answer to the plaintiff's complaint) and answering further, defendant states he was not assigned to work in any public housing including 3651 S. State, during 2000 and refers plaintiff to his answers to previous interrogatories and to previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

6.     Were you present at or near 3651 South Federal in Chicago;

    a.     at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

    b.     at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

    c.     at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

    d.     at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

    e.     at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

    f.     at any time between 9:00 and 10:00 p.m. on March 30, 2004?

    g.     at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

    h.     at any time between 7:00 p.m. and 8:00 on May 3, 2004?

    i.     at any time between 10:30 p.m. and midnight on April 25, 2000?

    j.     For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

7

**ANSWER:** (a) through (j). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Defendant has never had any contact with plaintiff at any time. Additionally, defendant objects on grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant restates his answers to previous interrogatories and states that he did not work in public housing at all during 2000 including 3651 S. State, but was assigned to a regular police district and refers plaintiff to the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

7. For each of the following dates, state whether you worked in a Chicago police uniform or civilian dress, and describe the car that you were assigned (including but not limited to the make, model, color, and license plate number):

      a. during your evening on duty hours of April 13, 2003;

b.    during your evening duty hours of April 19 2003;

c.    during your evening on duty hours of April 28, 2003;

d.    during your evening on duty hours of April 30, 2003;

e.    during your evening on duty hours of March 29, 2004;

f.    during your evening on duty hours of March 30, 2004:

g.    during your evening on duty hours of April 7, 2004;

h.    during your evening duty hours of May 3, 2000.

**ANSWER:**    (a) through (h). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant states he was not assigned to work in any public housing including 3651 S. State, during 2000 and restates his answers to previous interrogatories and states that his hours of duty whether he wore a uniform or civilian clothes on while on duty and vehicle information, if any, is information contained in the previously disclosed documents (Rule 26(a) disclosures

9

answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

8.     Have you had any contact or interaction with Plaintiff within three years of the date of these interrogatories? If your answer is anything other than an unconditional no, identify the date, time, and place of the interaction and describe the nature of the interactions.

**ANSWER:**     Defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, defendant answers, none that I am aware.

9.     Identify the full name, rank, star number and unit of assignment of each and every member of the Chicago Police Department whom you have reason to believe interacted with Plaintiff on any of the following dates:

     a.     April 13, 2003;

     b.     April 28, 2003;

     c.     March 29, 2004;

     d.     March 30, 2004;

**ANSWER:**     Defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, defendant answers, he is not aware of anyone.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | JUDGE LEFKOW |
| UTRERAS (Star No. 19901), et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWERS TO PLAINTIFF'S FIRST SET OF
## INTERROGATORIES OF ROBERT SHULTZ

### Definitions and Instructions

Defendants object to the "definitions and instructions" portions of the interrogatories as unauthorized, improper and superfluous under FRCP 33 and to the extent they multiply the number of responses required of this defendant beyond the number allowed under the local rules of the Norther District of Illinois.

1.      State your full name, date and place of birth, social security number, driver's license number, physical description in April, 2003 (including race, height, weight, age, hair color and style, eyes, facial hair and any distinguishing physical characteristics), physical description in April 2004 (if any way different from that in April 2003), present residential address, all past residential addresses that you have had within the last ten years and whether you have been evicted from any of the addresses. If you have ever been known by any other name, state all names by which you have been known, the dates of use of each such name, and the reasons for any change of name.

**ANSWER:**   Robert Schultz, Star 13882, Chicago Police Department, 3510 S. Michigan

information which is overbroad and unlikely to lead to discoverable material. Without waiving

this objection, defendant states as follows:

1993-1997: Electrician for Local 134; 1997 to present, Chicago Police Department. No discipline

imposed for either position.

4.    Identify:

a.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 13, 2003.

b.    the full name, address, telephone number(s), and relationship to your or each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 28, 2003.

c.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on April 30, 2003.

d.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have information that supports your claim that you had no contact or interaction with Plaintiff on March 29 and 30, 2004.

e.    the full name, address, telephone number(s), and relationship to you of each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

f.    the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

g.    the full name, address, telephone number(s), and relationship to you of

3

each and every person who has or claims to have knowledge of your whereabouts or activities on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h.     the full name, address, telephone number(s), relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003.

i.     the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004.

j.     the full name, address, telephone number(s), and relationship to you of each and every person who has or claims to have knowledge of your whereabouts or activities on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k.     the full name, address, telephone number(s), and relationship to you of each person that you may call as a witness at the trial of this case.

l.     With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed (including yourself), the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:**     (a) through (l). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and to the extent that the interrogatory unfairly requests proof of a negative, i.e. that defendant had no contact with plaintiff. Without waiving this objection, and to the extent that it is even reasonably possible to prove the existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and further submits that, to his knowledge, he has never met or had any contact in his life with plaintiff at any time.

4

Answering further, defendant states that based on his review of the Attendance and Assignment records of the Chicago Police Department, he did not work on April 30, 2003 through May 1, 2003 (shift hours were 4:00 p.m. to 2:30 a.m.) and did not work after 2:30 a.m. on March 30, 2004. In addition, on March 29, 2004, defendant made an arrest of Percy Bolden at 11:15 p.m. at 527 E. Browning (Ida B. Wells public housing), and spent the remainder of the shift through 2:30 a.m. on March 30, 2004 processing this arrest with my partner, Nicholas Cortesi.(See Bates IDL 190-194). Defendant therefore, could not have been at 3651 S. State during these hours, and very likely was not at this building or location prior to this arrest.

Additionally, a review of the arrest records for the shift of April 12-13, 2003, (shift hours, 4:00 p.m. to 2:30 a.m.), shows that defendant made an arrest with his partners, including, Nicholas Cortesi and John Cannon at 5401 S. Archer, Chicago of Joseph Nowak, CB 1541340 and Jennifer Carrasco, CB 15431425; that on April 28, 2003, (shift hours, 4:00 a.m. to 2:30 a.m)., defendant made an arrest with his partners, including, Nicholas Cortesi and John Cannon of Annette Sandoval at 3508 S. Lowe Ave. CB 15446502. The location of these arrests and time required for processing indicates to defendant that he was not at 3651 S. State Street on any of the dates alleged and that he was assigned to work in public housing projects which included Wentworth Gardens (39th and Wentworth), LeClaire Courts or Lituanica Homes and did not include the public housing project occupied by plaintiff at 3651 S. State.

Defendant further refers plaintiff to the persons listed as co-workers or fellow officers for the dates specified in the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by

plaintiff and any other documents submitted by the parties to date in this case.

     5.      Describe with specifity your whereabouts (including street address and location) during each of the following periods of time:

          a.      between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;

          b.      between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;

          c.      between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

          d.      between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;

          e.      between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;

          f.      between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;

          g.      between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;

          h.      between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004; and

          i.      between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:**     (a) through (i). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Defendant has never had any contact with plaintiff at any time. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as

6

previously stated in his answer to the plaintiff's complaint) and answering further, defendant

states he was not assigned to work in any public housing including 3651 S. State, during 2000

and refers plaintiff to his answers to previous interrogatories and to previously disclosed

documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to

plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes,

photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents

submitted by the parties to date in this case.

6.    Were you present at or near 3651 South Federal in Chicago;

    a.    at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?

    b.    at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

    c.    at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

    d.    at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

    e.    at any time between 10:30 p.m. and March 29, 2004 and 12:30 a.m. on March 30, 2003?

    f.    at any time between 9:00 and 10:00 p.m. on March 30, 2004?

    g.    at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

    h.    at any time between 7:00 p.m. and 8:00 on May 3, 2004?

    i.    at any time between 10:30 p.m. and midnight on April 25, 2000?

    j.    For each subparagraph that you answered anything other than an unconditional no, describe your activities with specificity at or near 3651 South Federal in Chicago.

7

**ANSWER:** (a) through (j). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case or the claims of plaintiff. Defendant has never had any contact with plaintiff at any time. Additionally, defendant objects on grounds that Federal Rule of Civil Procedure 33 limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant restates his answers to previous interrogatories and states that he did not work in public housing at all during 2000 including 3651 S. State, but was assigned to a regular police district and refers plaintiff to the previously disclosed documents (Rule 26(a) disclosures and answers to Requests to Produce of the parties), sent to plaintiff in this case including, but not limited to "A and A" sheets, supervisor logs, audio tapes, photographs reviewed by plaintiff or to be viewed by plaintiff and any other documents submitted by the parties to date in this case.

7.     For each of the following dates, state whether you worked in a Chicago police uniform or civilian dress, and describe the car that you were assigned (including but not limited to the make, model, color, and license plate number):

a.     during your evening on duty hours of April 13, 2003;

8

b.    during your evening duty hours of April 19 2003;

c.    during your evening on duty hours of April 28, 2003;

d.    during your evening on duty hours of April 30, 2003;

e.    during your evening on duty hours of March 29, 2004;

f.    during your evening on duty hours of March 30, 2004:

g.    during your evening on duty hours of April 7, 2004;

h.    during your evening duty hours of May 3, 2000.

**ANSWER:**   (a) through (h). Defendant objects to this interrogatory as overbroad and unduly burdensome in that the only the dates alleged in the complaint (April 13, 28, 30, 2003; March 29-30, 2004) are at issue and that it unfairly requests proof of a negative or an unreasonable accounting of activities which occurred more than a year ago and likely has little or no relation to the issues of this case of the claims of plaintiff. Additionally defendant objects based on Federal Rule of Civil Procedure 33 which limits a party to 25 interrogatories inclusive of discrete parts. Even under the most liberal interpretation of this rule, plaintiff has exceeded this limit. Defendant therefore declines to respond. Without waiving this objection, and to the extent that it is even reasonably possible to prove or disprove the existence or existence of non-contact with any unknown person, defendant submits that plaintiff's allegations as to him are absolutely false (as previously stated in his answer to the plaintiff's complaint) and answering further, defendant states he was not assigned to work in any public housing including 3651 S. State, during 2000 and restates his answers to previous interrogatories and states that his hours of duty whether he wore a uniform or civilian clothes on while on duty and vehicle information, if any, is information contained in the previously disclosed documents (Rule 26(a) disclosures

9

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DIANE BOND, )
)
Plaintiff )
)
v. )
)
CHICAGO POLICE OFFICERS EDWIN )
UTRERAS (Star No. 19901), ANDREW )
SCHOEFF (Star No. 4436), CHRIST )
SAVICKAS (Star No. 5991), ROBERT )
STEGMILLER (Star No. 18764), JOSEPH )
SEINITZ (Star No. 4947), ROBERT SHULTZ )
(Star No. 13882), NICHOLAS CORTESI (Star )
No. 15112), JOHN CANNON (Star No. )
12241), and JOHN DOES ONE through FIVE, )
in their individual capacities; and the CITY OF )
CHICAGO, )
)
Defendants. )
)
)

No. 04 C 2617

Judge Joan Humphrey Lefkow

Magistrate Judge Ashman

## PLAINTIFF'S REQUEST TO PRODUCE
## DOCUMENTS TO DEFENDANT CHRIST SAVICKAS

Plaintiff, by and through her attorney, CRAIG B. FUTTERMAN, and pursuant to

Rule 34 of the Federal Rules of Civil Procedure, hereby requests that the Defendant

CHRIST SAVICKAS, produce the following documents, objects, and tangible things

within thirty days upon receipt of this request at the office of CRAIG B. FUTTERMAN,

EDWIN F. MANDEL LEGAL AID CLINIC, 6020 South University, Chicago, IL 60637.

### DEFINITIONS

As used herein, the below-listed terms shall have the following meanings unless

otherwise specified or unless otherwise required by the context in which the term is used.

A. "Plaintiff" means Diane Bond.

1

## **DOCUMENTS TO BE PRODUCED**

1.      Any and all notes, documents, reports, statements or other paperwork that you drafted (in whole or in part), reviewed, or possess related to the Plaintiff.

2.      Any and all documents, reports, notes, logs, unit query reports, daily activity reports or calendars (whether in paper or electronic form), that reflect your activities on April 13, 2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, March 30, 2004, April 7, 2004, May 3, 2004, and April 25, 2000.

3.      Any and all documents referred to in your answers to Plaintiff's interrogatories.

4.      Any and all documents related to the allegations in Plaintiff's Complaint or any of the Answers or affirmative defenses filed by any of the Defendants. This request includes, but is not limited to, any and all reports of telephone calls to and from Defendants, radio communications, tape recordings, electronic communications including "personal data transmissions," event query reports, unit query reports, general incident or case reports, evidence technician reports, crime scene processing reports, arrest reports, general progress reports, supplemental reports, daily activity reports, supervisor management logs or reports, watch commander logs or reports, to/from reports, field contact cards, use of force reports, drafts of any reports, notes, street files, roll call records, attendance and assignment records, watch assignment sheets, lock-up keeper reports, search or arrest warrants, applications or supporting affidavits to attempt to obtain a warrant, photographs, inventory sheets or reports, evidence or recovered property (E.R.P.S.)

10.     Any and all documents related to any disciplinary complaints or proceedings against you in your employment (including but not limited to the Chicago Police Department) and in any post-high school educational institution.

11.     Any and all documents or communications relating to your roll calls, assignments, or details on April 13, 2003, April 19, 2003, April 28, 2003, April 30, 2003, March 29, 2004, March 30, 2004, April 7, 2004, May 3, 2004, and April 25, 2000.

12.     Any and all documents related to Plaintiff Diane Bond, including but not limited to photographs, police reports, personal notes, documents related to Plaintiff's alleged injuries in this case, medical records, and employment records.

13.     Any and all physical evidence or demonstrative aids (including but not limited to charts, diagrams, photographs, models, or sketches) that relate to the incidents alleged in Plaintiff's Complaint or the Answers or Affirmative Defenses of Defendants, or that any of the Defendants may offer at trial.

14.     Any and all documents received by any defendant pursuant to any subpoena or records deposition in this case.

15.     Copies of your federal and state income tax returns together with all schedules and attachments thereto (including W-2 forms) for the years 2000 through the present.

16.     Any and all documents reflecting any ownership interest in real property or other capital assets anytime between January 2000 and the present.

10

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DIANE BOND,                                  )
                                             )
                Plaintiff                    )
                                             )
        v.                                   )
                                             )
CHICAGO POLICE OFFICERS EDWIN                )
UTRERAS (Star No. 19901), ANDREW             )    No. 04 C 2617
SCHOEFF (Star No. 4436), CHRIST              )
SAVICKAS (Star No. 5991), ROBERT             )    Judge Joan Humphrey Lefkow
STEGMILLER (Star No. 18764), JOSEPH          )
SEINITZ (Star No. 4947), ROBERT SHULTZ       )    Magistrate Judge Ashman
(Star No. 13882), NICHOLAS CORTESI (Star     )
No. 15112), JOHN CANNON (Star No.            )
12241), and JOHN DOES ONE through FIVE,      )
in their individual capacities; and the CITY OF )
CHICAGO,                                     )
                                             )
                Defendants.                  )
                                             )
                                             )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT CITY OF CHICAGO

Plaintiff, by and through her attorney, CRAIG B. FUTTERMAN, and pursuant to Rule

33 of the Federal Rules of Civil Procedure, hereby requests that the Defendant City of Chicago

to provide written answers under oath to the following interrogatories within 30 days of service

thereof.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff adopts the Definitions and Instructions recited in Plaintiff's Request to Produce

Documents to the City of Chicago.

e.      March 30, 2004.

## INTERROGATORY NO. 3:

Identify the full name, star number, rank, unit of assignment, address, and phone number of the each and every Chicago police officer assigned to a:

a.  Blue Chevy Caprice, license plate M115315 on April 7, 2004, at approximately 6:30 p.m.

b.  Grey Chevy Caprice, license plate M1206845 or M120845 on April 7, 2004, at approximately 6:30 p.m.

c.  Grey Chevy Caprice, license plate M154643 on April 7, 2004, at approximately 6:30 p.m.

d.  Dark colored unmarked police car, license plate M116885 on April 19, 2003, at approximately 6:15 p.m.

e.  Dark Colored unmarked police car, license plate M140181 on May 3, 2004, at approximately 7:30 p.m.

## INTERROGATORY NO. 4:

Identify:

a.  Each and every person who has or claims to have information relating to the April 13, 2003, incidents alleged in Plaintiff's Complaint.

b.  Each and every person who has or claims to have information relating to the April 28, 2003, incidents alleged in Plaintiff's Complaint.

c.  Each and every person who has or claims to have information relating to the April 30, 2003, incidents alleged in Plaintiff's Complaint.

d.  Each and every person who has or claims to have information relating to the March 29 and 30, 2004, incidents alleged in Plaintiff's Complaint.

e.  Each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her knowledge.

f.  Each and every person who has or claims to have knowledge of the whereabouts or activities of any of the Individual Police Defendants on April 13, 2003, between the

3

h. between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004: and

i. between the hours of 10:30 p.m. and midnight on April 25, 2000.

## INTERROGATORY NO. 6:

State which (if any) of the Individual Police Defendants were present at or near 3651 South

Federal in Chicago:

a. at any time between 4:00 p.m. and 6 :00 p.m. on April 13, 2003?

b. at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003

c. at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?

d. at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?

e. at any time between 10:30 p.m. on March 29, 2004 and 12:30 a.m. on March 30, 2004?

f. at any time between 9:00 and 10:00 p.m. on March 30, 2004?

g. at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?

h. at any time between 7:00 p.m. and 8:00 p.m. on May 3, 2004?

i. at any time between 10:30 p.m. and midnight on April 25, 2000?

## INTERROGATORY NO. 7:

Describe the assigned dress (plain clothes or uniform) and the car (including but not limited

to the make, model, color, and license plate number) assigned to each of the Individual Police

Defendants on the evening of:

a. April 13, 2003;

b. April 19, 2003;

c. April 28, 2003;

d. April 30, 2003;

e. March 29, 2004;

f.   March 30, 2004;

g.   April 7, 2004;

h.   May 3, 2000.

## INTERROGATORY NO. 8

For each Individual Police Defendant, state whether he was ever evaluated for mental or

psychological fitness for duty as a Chicago police officer or referred or recommended for

counseling by the Chicago Police Department.  For each evaluation or referral, state:

a.   The date(s) of the evaluation(s) or examination(s);

b.   The reasons for the evaluation or examination;

c.   The full name, address, and telephone number of the evaluator(s) or examiner(s);

d.   The results and findings of the evaluation, including any determination of fitness

for duty.

## INTERROGATORY NO. 9:

Identify each and every person that Defendant(s) may call as an expert witness in this matter.

For each such person identified:

a.  State the subject matter on which the witness is expected to testify;

b.  State the substance of the facts and opinions to which the witness is expected to testify
    and a summary of the grounds for each opinion;

c.  Describe with reasonable specificity all tests, investigations, data compilations or
    information  the witness conducted, compiled, will conduct or will rely upon for his or
    her testimony in this case;

d.  Identify all documents, texts, or articles reviewed by and/or relied upon by the witness in
    connection with this litigation;'

e.  State the qualifications of the witness, including but not limited to a list of all
    publications authored by the witness;

f.  State the compensation and rate of compensation to be paid to the witness for his or her

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | |
| UTRERAS (Star No. 19901), ANDREW | ) | No. 04 C 2617 |
| SCHOEFF (Star No. 4436), CHRIST | ) | |
| SAVICKAS (Star No. 5991), ROBERT | ) | Judge Joan Humphrey Lefkow |
| STEGMILLER (Star No. 18764), JOSEPH | ) | |
| SEINITZ (Star No. 4947), ROBERT SHULTZ | ) | Magistrate Judge Ashman |
| (Star No. 13882), NICHOLAS CORTESI (Star | ) | |
| No. 15112), JOHN CANNON (Star No. | ) | |
| 12241), and JOHN DOES ONE through FIVE, | ) | |
| in their individual capacities; and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S FIRST REQUEST TO PRODUCE
## DOCUMENTS TO DEFENDANT CITY OF CHICAGO

Plaintiff, by and through her attorney, Craig B. Futterman, and pursuant to Rule

34 of the Federal Rules of Civil Procedure, hereby requests that the Defendant CITY OF

CHICAGO, produce the following documents, objects, and tangible things within thirty

days upon receipt of this request at the office of Craig B. Futterman, EDWIN F.

MANDEL LEGAL AID CLINIC, 6020 South University, Chicago, IL 60637.

### DEFINITIONS

As used herein, the below-listed terms shall have the following meanings unless

otherwise specified or unless otherwise required by the context in which the term is used.

A.  "Plaintiff" means Diane Bond.

1

41.  The Attendance and Assignment records for Chicago police officers assigned to Public Housing Units 715 or 715B at any time between 4 p.m. and midnight on:

A.  April 13, 2003;

B.  April 19, 2003;

C.  April 28, 2003;

D.  April 30, 2003;

E.  March 29, 2004;

F.  March 30, 2004;

G.  April 7, 2004;

H.  May 3, 2004; and

I.  April 25, 2000.

42.  Any and all documents containing information describing the vehicle (including make, model, body-type, year, color, license plate number, and whether the car was a marked or unmarked police vehicle), assigned to each of the Individual Police Defendants between 4 p.m. and midnight or in the 3rd or 6th Watch on:

A.  April 13, 2003;

B.  April 19, 2003;

C.  April 28, 2003;

D.  April 30, 2003;

E.  March 29, 2004;

F.  March 30, 2004;

G. April 7, 2004;

H. May 3, 2004; and

I. April 25, 2000.

43. Any and all Event Query reports that relate to events that occurred within a four-block radius of 3651 South Federal in Chicago, between the hours of 4 p.m. and midnight on:

A. April 13, 2003;

B. April 28, 2003;

C. April 30, 2003;

D. March 29, 2004;

E. March 30, 2004.

44. The Unit Query reports of all police personnel assigned or detailed to Public Housing Units 715 or 715B, who were assigned to work at any time between 4 p.m. and midnight on:

A. April 13, 2003;

B. April 19, 2003;

C. April 28, 2003;

D. April 30, 2003;

E. March 29, 2004;

F. March 30, 2004;

G. April 7, 2004;

H. May 3, 2004; and

I. April 25, 2000.

H.  May 3, 2004; and

I.  April 25, 2000.

47.  Any and all Watch Commander and Watch Secretary logs in Public Housing Units 715 or 715B for the 3rd Watch on the following days:

A.  April 13, 2003;

B.  April 19, 2003;

C.  April 28, 2003;

D.  April 30, 2003;

E.  March 29, 2004;

F.  March 30, 2004;

G.  April 7, 2004;

H.  May 3, 2004; and

I.  April 25, 2000.

48.  Any and all documents providing information as or related to the vehicles (including but not limited to the make, model, color, license plate number, and name of officer to whom the car was assigned) which were assigned to police officers assigned or detailed to Public Housing Units 715 or 715B at any time between 4 p.m. and midnight or in the 3rd or 6th Watch on:

A.  April 13, 2003;

B.  April 19, 2003;

C.  April 28, 2003;

D.  April 30, 2003;

E.  March 29, 2004;

21

F. March 30, 2004;

G. April 7, 2004;

H. May 3, 2004; and

I. April 25, 2000.

49. Any and all documents that indicate the manner of dress (e.g., police uniform, casual plain clothes, dress plain clothes) of police officers assigned or detailed to Public Housing Units 715 or 715B, whose areas of patrol or supervision included the immediate area surrounding Stateway Gardens apartments at any time between 4 p.m. and midnight on:

A. April 13, 2003;

B. April 19, 2003;

C. April 28, 2003;

D. April 30, 2003; and

E. March 29, 2004.

50. Any and all documents providing information as to or relating to the identity of the supervisors (including but not limited to the full name, address, and telephone numbers) of the Individual Police Defendants on:

A. April 13, 2003;

B. April 28, 2003;

C. April 30, 2003;

D. March 29, 2004;

E. March 30, 2004.

name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

55. The most recent color photographs (prints not photocopies) of each and every officer who participated in, was assigned or dispatched to, or was present during the seizures or arrests of Robert Travis and Demetrius Miller at or near 3651 South Federal in Chicago, on April 28, 2003. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

56. The most recent color photographs (prints not photocopies) of each and every officer assigned or detailed to Public Housing Units 715 or 715B, between 4 p.m. and midnight on the following days. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

A. April 13, 2003;

B. April 19, 2003;

C. April 28, 2003;

D. April 30, 2003;

E. March 29, 2004; and

F. March 30, 2004.

24