IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DIANE BOND, | ) |
|     Plaintiff | ) ) ) |
| v. | ) No. 04 C 2617 ) ) Judge Joan Humphrey Lefkow |
| CHICAGO POLICE OFFICERS EDWIN UTRERAS (Star No. 19901), et al. | ) ) Magistrate Judge Ashman ) |
| Defendants. | ) ) |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCLIPLINARY RECORDS AND OTHER DOCUMENTS**

Plaintiff, by and through her counsel, respectfully requests, pursuant to Rule 37 of the Federal Rules of Civil Procedure, that this Court order Defendants to produce: (a) Complaint Register files 261514, 276011, 293008, 273527, 262498, 255289, and 291990; (b) all undisclosed Complaint Register investigations against Defendants Utreras, Schoeff, Seinitz, Stegmiller, and Savickas (the "Individual Officer Defendants"), including active Complaint Registers; (c) updated Employee Complaint Histories for each Individual Officer Defendant; (d) unredacted copies of Complaint Register files 274757, 268656, and 285883 pursuant to the Agreed, Qualified Protective Order; and (e) the April 13, 2003 arrest report for Grantly Skeets and the March 31, 2004 case reports for Elight Renfro and Michael Nawls. In support of these requests, Plaintiff respectfully submits as follows:

**Introduction**

1. This case alleges that the Individual Officer Defendants committed multiple acts of

1

sexual, physical, and psychological abuse against the Plaintiff, Ms. Bond, on at least five occasions between April 2003 and March 2004. Ms. Bond – a 50-year-old African-American woman – alleges that the Individual Officer Defendants targeted her for abuse because of her race and her gender. Ms. Bond further alleges that even before the Individual Officer Defendants targeted her for abuse, these same officers had engaged in a pattern of abuse in public housing communities on the South Side of Chicago, unchecked by the Chicago Police Department or the City of Chicago.

2. Ms. Bond asserts that the City of Chicago is liable for the injuries she suffered at the hands of the Individual Officer Defendants because the City maintains a policy, practice and custom of failing to properly supervise, monitor, discipline, counsel and otherwise control its police officers. The Individual Officer Defendants were aware of this policy, and relied on it in repeatedly abusing Ms. Bond, confident that they would suffer no adverse consequences, even if Ms. Bond were to report the abuse.

3. The Individual Officer Defendants and the City of Chicago deny these allegations. Specifically, the Individual Officer Defendants deny any contact with Ms. Bond, and have asserted that they were not at Stateway Gardens (the public housing complex where Ms. Bond lives) on the dates in question. The Individual Officer Defendants also deny engaging in a pattern of abuse. The City of Chicago has denied that it maintains a policy, practice or custom of failing to properly supervise, monitor, discipline, counsel or otherwise control its police officers.

4. This motion seeks to compel the production of certain disciplinary complaints filed against the Individual Officer Defendants, and other police records that document the whereabouts of the Individual Officer Defendants on some of the dates of abuse alleged in Ms. Bond's complaint. The disciplinary complaints at issue in this motion are known as "Complaint

Registers," or "CR's." The term "Complaint Register" or "CR" is the name given to files kept by the Chicago Police Department in the course of documenting and investigating complaints filed against Chicago Police Officers. Ms. Bond has sought production of all CR's filed against the Individual Officer Defendants because these documents will enable Ms. Bond to evaluate what prior complaints were brought against the Individual Officer Defendants, and how these prior complaints showed a pattern of abuse that should have alerted the City to the ongoing misconduct of the Individual Officer Defendants.

5. The other police records at issue in this motion are reports documenting the whereabouts of the Individual Officer Defendants on some of the dates at issue in this lawsuit. Specifically, the April 13, 2003 arrest report for Grantly Skeets, and the March 31, 2004 case reports relating to Elight Renfro and Michael Nawls, should place the Individual Officer Defendants at or near the Stateway Gardens complex on several of the relevant dates. Ms. Bond requested these materials on October 8, 2004. Defendants concede that the documents are relevant and discoverable, and in fact have promised on several occasions to produce these records. Because Ms. Bond's request for these documents has remained outstanding for over a year, and Ms. Bond has yet to see these reports, Ms. Bond respectfully requests that this Court order the immediate production of these documents.

**Procedural History and Compliance with Local Rule 37.2**

6. On October 8, 2004, Ms. Bond requested production of all CRs instituted against the Individual Officer Defendants. *See* Plaintiff's Request to Produce Documents to Defendant Robert Stegmiller at ¶ 10 (attached as Exhibit A to the instant Motion). Ms. Bond also requested production of all documents related to the Individual Officer Defendants' claims that they were

not at Stateway Gardens on the dates of abuse alleged in Ms. Bond's complaint. *Id.* at ¶ 2. Ms. Bond served these requests on each Individual Officer Defendant, and requested the same documents from the City of Chicago. *See* Plaintiff's First Request to Produce Documents to Defendant City of Chicago at ¶¶ 19, 46 (attached as Exhibit B to the instant Motion).

7. On or about February 2, 2005, all parties entered into an Agreed, Qualified Protective Order (the "Protective Order"), covering all parties to the litigation, as well as third parties. *See* Protective Order at ¶ 6 (attached as Exhibit C to the instant Motion). The Protective Order expressly covers the production of disciplinary and employment records. *Id*.

8. The City of Chicago responded to Ms. Bond's requests for production of the CR's on June 17, 2005, providing both an "Employee Complaint History" for each Individual Officer Defendant (listing all CR's filed against that particular officer), and copies of some – although not all – of the CR's listed on the complaint histories. *See* June 17, 2005 letter from Susan Sullivan to Craig Futterman, attached to the instant Motion as Exhibit D. Several of the CR's produced (namely CR's 274757, 268656 and 285883) had been redacted to exclude the name of the complaining witness and all identifying information pertaining to the complaining witness, including the address where the incident of misconduct occurred. *See* July 26, 2005 letter from Melanie Miles, on behalf of Plaintiff, to counsel for Defendants, attached to the instant Motion as Exhibit E.

9. In addition, the complaint histories provided for the Individual Officer Defendants appeared to be incomplete. One CR that Plaintiff's counsel happened to be personally aware of, filed against Defendant Officer Utreras, did not appear on the complaint history. *Id.* Another CR that has been produced charged both Defendant Officer Stegmiller and Defendant Officer Utreras with misconduct, but that CR appeared only on the complaint history provided for

4

Defendant Officer Stegmiller, not on the complaint history provided for Defendant Officer Utreras. *Id.* at p. 2. Plaintiff's counsel raised these issues in a letter addressed to counsel for all Defendants, dated July 26, 2005, and specifically asked for assurances from Defendants' counsel that complaint histories for the Individual Officer Defendants "will be made complete." *Id.*

10. On August 22, 2005, counsel for Ms. Bond and counsel for the Individual Officer Defendants held a Rule 37 conference call, in an attempt to agree on what CR's Defendant would produce, and whether Defendants would provide unredacted copies of CR's 274757, 268656 and 285883. *See* August 24, 2005 letter from Melanie Miles, on behalf of Plaintiff, to Susan Sullivan, attached to the instant Motion as Exhibit F. The parties were able to resolve certain issues, but, despite reasonable efforts, the parties were unable to agree on CR's 261514, 276011, 293008, 273527, and 262498. *Id.* at p. 2. Counsel for the Defendants also indicated that the Defendants would not produce documents related to open or "active" CR's.

11. In addition, several issues remained open, subject to additional information being provided by counsel for Defendants. Specifically, counsel for the Individual Officer Defendants agreed to consult with the Office of Legal Affairs and determine whether to produce unredacted copies of CR's 274757, 268656, and 285883. *Id.* at p. 1. Counsel for the Individual Officer Defendants further agreed to produce the April 13, 2003 arrest report for Grantly Skeets and the March 31, 2004 case reports for Elight Renfro and Michael Nawls. *Id.* at p. 3.

12. With regard to the errors noted in the complaint histories, counsel for the Individual Officer Defendants stated that she did not know how the histories were generated, or why a CR would appear in the history for one defendant, but not another. *Id.* at p. 1.

13. At the time that counsel held their joint discovery conference on November 22, 2005, counsel for the Individual Officer Defendants had yet to notify Plaintiff's counsel as to the

decision regarding the unredacted production of CR's 274757, 268656 and 285883, had yet to produce the arrest and case reports discussed in the August 22, 2005 conference call, and had yet to provide any assurances regarding how the complaint histories were generated, or how counsel for Plaintiff could be assured that the histories were complete.[1] *See* November 29, 2005 letter from Melissa Mather to counsel for Defendants, attached to the instant Motion as Exhibit G, at p. 2. At this joint discovery conference, Plaintiff's counsel informed counsel for Defendants that these issues would be included in a motion to compel, to be noticed for December 1, 2005, unless Defendants produced the documents within the next several days. *Id.*

14. As of the date of filing of the instant motion, Plaintiff's counsel has not received unredacted copies of CR's 274757, 268656 or 285883, nor has Plaintiff's counsel received the arrest report and case reports promised by counsel for the Individual Officer Defendants. Plaintiff's counsel also has yet to hear anything further from counsel for Defendants regarding the completeness of the complaint histories.

### This Court Should Order Defendants to Produce CR's 261514, 276011, 293008, 273527, 262498, 255289, and 291990.

15. Ms. Bond requests that this Court order Defendants to produce the following CR's: 261514, 276011, 293008, 273527, 262498, 255289, and 291990. These CR's are "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), because they are likely to contain information supporting Ms. Bond's claim that the Individual Officer Defendants engaged in a pattern of abuse against Chicago citizens spanning many years, supported and encouraged by the City of Chicago's policy, practice, and custom of failing to

---

[1] Counsel for the Individual Officer Defendants did indicate that the date on which the complaint histories were run could be determined by looking in the top, right-hand corner of the document.

properly supervise, monitor, discipline, counsel, and otherwise control its police officers.

16. In addition, the contents of the requested CR's will likely prove admissible under Fed. R. Evid. 404(b), as these complaints demonstrate motive, intent, knowledge, identity, and absence of mistake or accident on the part of the Individual Officer Defendants.

17. Moreover, as the Individual Officer Defendants continue to deny having any contact with Ms. Bond, proper or improper, on the dates at issue in this lawsuit, the credibility of the Individual Officer Defendants will be a central issue at trial. The content of the CR's requested bears directly on the credibility of the Individual Officer Defendants, initially because these CR's will indicate that the Individual Officer Defendants have lied in the past to cover up misconduct. The content of the CR's requested also demonstrates the Individual Officer Defendants' motive and bias to shade their testimony in that many of the CR's at issue accuse more than one Individual Officer Defendant of misconduct or list other Individual Officer Defendants as witnesses to the misconduct. Should any of these Individual Officer Defendants break their collective code of silence at this point, in this lawsuit, they each have a great deal to lose. The existence of these undisclosed CR's provides the Individual Officer Defendants with a further motive, bias and interest to give false testimony to avoid being disciplined or fired.

18. In addition to these issues, each of the specific CR's requested here is relevant and discoverable, in light of Ms. Bond's allegations against both the Individual Officer Defendants, and the City of Chicago:

- **CR 261514.** Counsel for the Individual Officer Defendants represented that CR 261514 charged that Defendant Seinitz stole money from a civilian and failed to inventory this money. The dishonesty charged in 261514 goes to the Defendant's credibility. Fed. R. Evid. 608(b).

- **CR 276011.** Counsel for the Individual Officer Defendants represented that CR

276011 charged that Defendant Seinitz planted drugs on a civilian. This allegation is similar to Ms. Bond's allegations against the Defendants, as Ms. Bond alleges that Defendant Seinitz threatened to plant drugs on her. This CR also charges false arrest, which is one of Ms. Bond's claims against the Defendants. This CR also goes to Defendant Seinitz's credibility because it alleges that he engaged in an illegal act and then lied to cover it up.

- **CR 293008.** Counsel for the Individual Police Defendants represented that CR 293008 involved an investigation of charges that Defendant Seinitz pointed a gun at a civilian and threatened to shoot this person. This CR is relevant because Ms. Bond charges that Defendant Seinitz threatened her with a weapon and ordered her to remove her clothes under the threat of violence and arrest. The allegation in CR 293008 goes to Defendant's motive and intent to intimidate civilians by using excessive force. Fed. R. Evid. 404(b).

- **CR 273757.** Counsel for the Individual Officer Defendants represented that CR 273757 charged Defendants Stegmiller and Savickas with illegally searching cars. This CR is relevant to Ms. Bond's charge that the Individual Officer Defendants engaged in a series of illegal searches and seizures of Ms. Bond and her home.

- **CR 262498.** Counsel for the Individual Officer Defendants represented that CR 262498 involved an allegation that Defendant Utreras fired a gunshot in the air while chasing someone. This CR is relevant to Ms. Bond's charge that Defendant Utreras used unjustified force against her, and bears on Defendant Utreras' motive and intent.

- **CR 291990 and CR 255289.** Counsel for the Individual Officer Defendants represented that CR 291990 alleged that one or more of the Individual Officer Defendants left narcotics in their police vehicle, but turned it in the next day. CR 255289 involved a similar allegation that one or more of the Individual Officer Defendants failed to properly search their vehicle. CR 255289 was sustained, and Defendant Seinitz was reprimanded. CR's 291990 and 255289 are relevant to Ms. Bond's claim of dishonesty and relate directly to the credibility of the Individual Officer Defendants. F. R. Evid. 608(b).

19.  Because each of the CR's listed above are relevant and discoverable, Ms. Bond respectfully requests that this Court order the Defendants to produce the requested CR's.

### This Court Should Compel the Production of All Undisclosed CR's, Including Active CR's, against the Individual Officer Defendants.

20.  Ms. Bond requests that this Court order Defendants to produce all undisclosed

8

CR's against the Individual Officer Defendants, whether those CR's are closed, or remain active.[2] The very existence of any active or pending CR's gives the Individual Officer Defendants a powerful incentive to give false testimony here, in order to avoid being fired or otherwise disciplined at work. On a more general level, these files relate to the Individual Officer Defendants' bias, motive, or interest to conceal their abuse of Ms. Bond, and also provide strong evidence that the Individual Officer Defendants have in fact engaged in a pattern of abuse – evidence which may be admissible under Fed. R. Evid. 404(b) to prove individual liability.

21. By obtaining all undisclosed CR's, including those that remain active, Ms. Bond will be able to show that the Individual Officer Defendants have a strong incentive to give exculpatory testimony in this case. Because the Chicago Police Department may consider an officer's complaint history, including complaints that are not sustained, in evaluating an officer's credibility, the number and content of previously-filed CR's is relevant in assessing what punishment the Individual Officer Defendants might suffer if they were found to be liable in this case.

22. Because this information is reasonably calculated to lead to the discovery of admissible evidence, Ms. Bond respectfully requests that this Court order Defendants to produce all undisclosed CR's, including those CR's that remain active.

---

[2] Ms. Bond is unable to identify each of these CR's by number, as the latest complaint history provided to Ms. Bond was run over a year ago, on May 13, 2004. Whether or not this Court orders the production of additional CR's, Plaintiff's counsel will need an updated complaint history for each of the Individual Officer Defendants, in order to cross-check whether all relevant CR's have been produced. *See* Exhibit E at p. 2 (letter from Melanie Miles, on behalf of Ms. Bond, raising issues relating to the completeness of the complaint histories, and the failure of these histories to include known CR's filed against the Individual Officer Defendants).

**This Court Should Order the Production of
Unredacted Copies of CR's 274757, 268656, and 285883.**

23.     On or about June 17, 2005, Defendants produced redacted copies of CR's 274757, 268656, and 285883. *See* Exhibit D. While Defendants do not dispute the relevance of these files, *id.*, they have refused to produce unredacted copies of CR's 274757, 268656, and 285883 because these CR's allegedly involve juvenile complainants. The redactions at issue exclude not only the names and contact information for the complaining witness, but also information about where the incident took place. These redactions seriously impede Ms. Bond's ability to investigate and prepare evidence of relevant misconduct by the Defendants.

24.     Moreover, Defendants' concerns regarding the confidentiality of information relating to juvenile complainants are unnecessary here, as all information disclosed will fall under the scope of the Protective Order. *See* Protective Order, attached as Exhibit C, at ¶ 6 (encompassing "information that is of a sensitive or non-public nature regarding . . . non-party witnesses"). Because the Protective Order adequately protects the privacy interests of third-party witnesses, Ms. Bond requests that this Court order Defendants to produce unredacted copies of CR's 274757, 268656, and 285883, pursuant to the Protective Order.

**This Court Should Order Production of the April 13, 2003 Arrest Report for Grantly
Skeets, and the March 31, 2004 Case Reports for Elight Renfro and Michael Nawls.**

25.     Defendants admit that the April 13, 2003 arrest report for Grantly Skeets and the March 31, 2004 case reports for Elight Renfro and Michael Nawls are relevant and discoverable. In fact, counsel for the Individual Officer Defendants has agreed to produce these reports on at least two separate occasions. *See* Exhibit F at p. 3; Exhibit G at p. 2.

26.     ***Ms. Bond first requested these documents on October 8, 2004***. Defendants'

continued failure to produce these documents stands as a serious impediment to the completion of discovery in this case. Without these reports, Ms. Bond will not have the most basic information about where the Individual Defendant Officers were working on the dates in question, and will be unable to adequately depose the remaining Individual Officer Defendants. Accordingly, Ms. Bond asks this Court to order the immediate production of these reports.

WHEREFORE, Plaintiff respectfully requests that this Court order Defendants to produce: (a) Complaint Register files 261514, 276011, 293008, 273527, 262498, 255289, and 291990; (b) all undisclosed Complaint Register files brought against the Individual Officer Defendants, including active Complaint Registers; (c) updated Employee Complaint Histories for each Individual Officer Defendant; (d) unredacted copies of Complaint Register files 274757, 268656, and 285883 pursuant to the Protective Order; and (e) the April 13, 2003 arrest report for Grantly Skeets and the March 31, 2004 case reports for Elight Renfro and Michael Nawls.

Respectfully submitted,

/s/ H. Melissa Mather_____
One of Plaintiff's Attorneys

Date: November 29, 2005
Craig B. Futterman
H. Melissa Mather
EDWIN F. MANDEL LEGAL AID CLINIC
University of Chicago Law School
6020 S. University
Chicago, Illinois 60637
(773) 702-9611

[*] Melanie Miles, a second-year student at the University of Chicago Law School, assisted in the preparation of this document.

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused the foregoing document to be served on counsel for Defendants, who are "Filing Users" pursuant to ECF, on Tuesday, November 29, 2005, in accordance with the rules on electronic filing of documents.

/s/ H. Melissa Mather_____
H. Melissa Mather