IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | |
| UTRERAS (Star No. 19901), ANDREW | ) | No. 04 C 2617 |
| SCHOEFF (Star No. 4436), CHRIST | ) | |
| SAVICKAS (Star No. 5991), ROBERT | ) | Judge Joan Humphrey Lefkow |
| STEGMILLER (Star No. 18764), JOSEPH | ) | |
| SEINITZ (Star No. 4947), ROBERT SHULTZ | ) | Magistrate Judge Ashman |
| (Star No. 13882), NICHOLAS CORTESI (Star | ) | |
| No. 15112), JOHN CANNON (Star No. | ) | |
| 12241), and JOHN DOES ONE through FIVE, | ) | |
| in their individual capacities; and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

AGREED, QUALIFIED PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P 26 (c ) and 45 C.F.R. §§ 160 & 164, the parties to this

action, by and through their respective counsel, have represented to the court and the

court finds:

A. The following words and terms are defined for purposes of this agreed, qualified

protective order:

1. "Signatories" shall mean defendant City of Chicago, plaintiff, the individual

defendants, any additional party that this court may subsequently recognize as a signatory

of this qualified protective order, and their attorneys.

1

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996.

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. "Personal Identifying Information" shall mean an individual's social security numbers, home addresses, phone numbers, and the names or contact information of beneficiaries.

6. "Confidential Matter" shall mean medical, employment, disciplinary, investigatory, financial, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential Matter" includes, but is not limited to photographs of individual defendants and other police officers. "Confidential matter" also includes files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), including information in the Complaint Register files that identifies the complainant and civilian witnesses, including photographs or personal identifying information; personal identifying information of police officers; and PHI. The portions

2

of Complaint Register File Nos. 261847, 288793, and 289089, numbered IDL_0001-IDL_0170, produced by the Individual Police Defendants, and Michael Reese Hospital records, Bates numbered 000068-000075, produced by Plaintiff, pursuant to Fed.R.Civ.P. 26(a)(1), shall be treated as having been designated as "Confidential Matter" under this Order. The designation of material as "Confidential Matter" does not create any presumption for or against that treatment.

7. This order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or confidential matter.

B. The signatories are familiar with HIPAA and the Privacy Standards.

C. The parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties and non-parties to or from other parties and non-parties.

D. The signatories agree to the following terms and conditions:

1. The signatories agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary.

2. The signatories either seek or agree to the release of PHI specifically for, but not limited to, the following persons from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools:

### DIANE BOND

3. The signatories agree not to use or disclose the PHI and Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

3

4.  The signatories agree to store all PHI while it is in their possession according to the Privacy Standards.

5.  The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT
TO PROTECTIVE ORDER ENTERED IN 04 C 2617

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation and the identifying number appearing on the copy.

6.  Before disclosing PHI or any information containing or reflecting PHI, and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the PHI or documents and information containing or reflecting PHI, and/or the Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7.  To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any confidential matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8.  By this protective order, the discovering party does not waive its right to make application to the court, with reasonable notice to the responding party and other

4

parties to the litigation, for a determination that any Confidential matter produced by the responding party does not contain sensitive and confidential information, or that in the circumstance the information should be released from the provisions of this protective order, with the burden on the party attempting to designate material as confidential matter. If disputes arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve these disputes pursuant to the applicable Federal Rules of Civil Procedure. The parties agree that the standard relevant to this determination is that of "good cause" under Rule 26(c).

9. The signatories agree at the termination of this proceeding to return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and to dispose of any PHI retained thereafter pursuant to the Privacy Standards. The signatories further agree that, upon request, all Confidential Matter produced during the course of this proceeding shall be returned to the producing party

10. Nothing in this protective order shall be deemed a waiver of the right of any part to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

11. This protective order may be modified by further written stipulation signed by the undersigned attorneys and/or by further order of this court upon application to the court with notice.

12. No document treated as Confidential under this protective order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

ENTERED:

2-2-05

CRAIG B. FUTTERMAN
Attorney for Plaintiff Diane Bond

ARNOLD PARK
Attorney for Defendant City of Chicago

THOMAS J. PLATT
SUSAN SULLIVAN
Attorney for Individual Police Defendants

6