

# THE EDWIN F. MANDEL LEGAL AID CLINIC
# OF THE UNIVERSITY OF CHICAGO LAW SCHOOL

THE ARTHUR O. KANE CENTER FOR CLINICAL LEGAL EDUCATION

6020 SOUTH UNIVERSITY AVENUE / CHICAGO, ILLINOIS 60637-2786
(773) 702-9611 / FAX: (773) 702-2063 / www.law.uchicago.edu/mandel

August 24, 2005

*Lawyers*
Herschella G. Conyers
Craig B. Futterman
Mark J. Heyrman
Jeffrey E. Leslie
Melissa Mather
Abner J. Mikva
Randall D. Schmidt
Randolph N. Stone

*Social Service
Coordinator*
Michelle Geller

*Senior Advisor*
Norval Morris
(1923-2004)

Ms. Susan E. Sullivan
City of Chicago, Department of Law
30 North LaSalle Street, Room 1400
Chicago, IL 60602
Fax (312) 744-6566

**Via Facsimile**

Re:  <u>Bond v. Utreras, et. al. No. 04 C 2617</u>

Dear Counsel:

I am writing to confirm our areas of agreement (and disagreement) in our telephone conference of August 22, 2005. The conference call was held to discuss my July 26, 2005 letter regarding incomplete, redacted, and missing CRs.

First, you agreed to reproduce 287008 in its entirety, as there appears to have been photocopying errors in which certain attachments were omitted in the file that was produced to us.

Second, you indicated that you obtained your clients' disciplinary summaries from the City's Office of Legal Affairs. Because you are unaware of how the summaries are generated, you do not know why 287008 is not included in Utreras' Employee Complaint History.

Third, you represented that 268656, 274757, and 285883 were redacted by the City's Office of Legal Affairs because they contain information about witnesses or complainants who are juveniles. You agreed to consult with the Office of Legal Affairs and let us know whether you will agree to produce unredacted versions of these CRs under the existing protective order by today. Plaintiff agreed to the entry of a protective order covering the production of officer disciplinary complaints to protect privacy interests of third party witnesses. The Order expressly provides for such protection and was agreed to by all parties, including the City. As we underscored during the conference, unredacted files should be produced under the existing protective order.

Fourth, you represented that you do not have 255289 and 265893 in your possession. You represented that you have reordered these CRs and that you would produce them if you found them to be reasonably calculated to lead to the discovery of admissible evidence.

Fifth, we agreed not to seek production of certain investigative files based upon your representations in the conference. We agreed not to seek production of 265804 based on your representations that it involved an allegation that inventoried money was miscounted and not an allegation that the Defendants did not inventory all of the confiscated money. Plaintiff agreed not to seek production of 291990 based on your representations that the CR alleged that Defendants left narcotics in the police car but found it and turned it in the next day. Plaintiff also agreed not to seek production of 262974 based on your representation that it involved an administrative complaint for failure to perform a proper custodial search.

Sixth, the parties were unable to agree on the following issues despite reasonable efforts. You refuse to produce CR files 261514, 276011, 293008, 273527, and 262498 because you believe them to be irrelevant for discovery purposes. As we stated in the conference, we disagree.

You represented that 261514 charged that Defendant Seinitz stole and failed to inventory money from a civilian. This is clearly relevant for discovery purposes as the file involves a crime of dishonesty and goes directly to his credibility, which is a central issue in this case.

You represented that 276011 involved an investigation of charges that Defendant Seinitz planted drugs on a civilian which formed the basis of an illegal arrest. This file also goes to Seinitz's honesty and credibility and involves a false arrest, one of Plaintiff's claims in this case against the Defendants.

You represented that 293008 investigates the charge that Seinitz pointed a gun at a civilian and threatened to shoot her or him. In this case, Plaintiff charged that Defendants threatened her and pressed a loaded gun to her head. Seinitz threatened Ms. Bond with a weapon and ordered her to disrobe at the threat of violence and arrest. This file is obviously relevant to Plaintiff's charges.

You represented that 273527 charged Defendants Stegmiller and Savickas with the illegal searches of various cars without legal justification. This case also charges Defendants with a series of illegal searches and seizures of Plaintiff and her home. The file is relevant and should be produced.

You represented that 262498 involved an allegation that Officer Utreras fired a gunshot in the air while chasing someone. This file is relevant for discovery purposes because it involves Utreras' use of force, violence, and use of a weapon against a civilian—each of which form the basis of Plaintiff's Complaint.

As we were unable to resolve our differences with respect to these files, we intend to seek to seek a court order compelling the production of those files. We shall do so at the appropriate

2

time that will promote the efficient litigation of the parties' various disputes over document discovery.

Seventh, you agreed to produce by today the April 13, 2003, arrest reports of Grantly Skeets and Marvin Whettstone and the arrest and case reports and C.B. photos related to the March 31, 2004, arrests of Elight Renfro and Michael Nawls.

If I have misstated anything from this telephone conference, please contact Craig Futterman or me immediately.

Sincerely,

Melanie Miles
Law Student

cc: Mr. Arnold Park
    Mr. Thomas Platt

3