IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| v. | ) | Judge Joan Lefkow |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN UTRERAS, et al., | ) | Magistrate Judge Ashman |
| | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

TO: Craig B. Futterman          Thomas Platt
    Edwin F. Mandel Legal Aid Clinic    30 North LaSalle Street
    6020 South University       Suite 1400
    Chicago, Illinois 60637     Chicago, Illinois 60602

I hereby certify that I have served this notice and the attached **DEFENDANT CITY OF CHICAGO'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES and PLAINTIFF'S REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT CITY OF CHICAGO** by causing it to be delivered via U.S. mail to the person named above at the address shown this 14th day of January 2005.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago

By: _____
ARNOLD H. PARK
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06237837

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | Judge Joan Lefkow |
| UTRERAS (Star No. 19901), ANDREW | ) | |
| SCHOEFF.(Star No. 4436), CHRIST | ) | Magistrate Judge Ashman |
| SAVICKAS (Star No. 5991), ROBERT | ) | |
| STEGMILLER (Star No. 18764), JOSEPH | ) | Jury Demand |
| SEINITZ (Star No. 4947), ROBERT SCHULTZ | ) | |
| (Star No.13882), NICHOLAS CORTESI (Star | ) | |
| No. 15112), JOHN CANNON (Star No. 12241), | ) | |
| and JOHN DOES ONE through FIVE, in their | ) | |
| individual capacities; and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWERS
### TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago for its Answer and Defenses to Plaintiff's First Set of Interrogatories, states as follows:

### DEFINITIONS AND INSTRUCTIONS

Plaintiff adopts the Definitions and Instructions recited in Plaintiff's Request to Produce Documents to the City of Chicago.

### INTERROGATORY NO. 1:

Identify the full name, rank, unit of assignment, star number, address, and telephone number(s) of each and every Chicago police officer assigned or detailed to Public Housing Units 715 or 715B, who was assigned to patrol or dispatched to the immediate area surrounding Stateway Gardens apartments during the evening hours of:

a. April 13, 2003;
b. April 19, 2003;
c. April 28, 2003;
d. April 30, 2003;
e. March 29, 2004;
f. March 30, 2004;
g. April 7, 2004;
h. May 3, 2004; and
i. April 25, 2000.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this Interrogatory to the extent it is seeking the disclosure of personal information (such as date of birth or social security number) of any Chicago Police Department employee on the grounds that such information is irrelevant and on the basis of law enforcement security privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

## INTERROGATORY NO. 2:

Identify the full name, star number, rank, unit of assignment, address and phone number of each and every Chicago police officer who interacted or had contact with Plaintiff on any of the following dates:

a. April 13, 2003;
b. April 28, 2003;
c. April 30, 2003;
d. March 29, 2004;
e. March 30, 2004;

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence. The

City also objects to this Interrogatory to the extent it is seeking the disclosure of personal information (such as date of birth or social security number) of any Chicago Police Department employee on the grounds that such information is irrelevant and on the basis of law enforcement security privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

**INTERROGATORY NO. 3:**

Identify the full name, star number, rank, unit of assignment, address, and phone number of the each and every Chicago police officer assigned to a:

a. Blue Chevy Caprice, license plate M115315 on April 7, 2004, at approximately 6:30 p.m.

b. Grey Chevy Caprice, license plate M1206845 or M120845 on April 7, 2004, at approximately 6:30 p.m.

c. Grey Chevy Caprice, license plate M154643 on April 7, 2004, at approximately 6:30 p.m.

d. Dark colored unmarked police car, license plate M116885 on April 19, 2003, at approximately 6:15 p.m.

e. Dark Colored unmarked police car, license plate M140181 on May 3, 2004, at approximately 7:30 p.m.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this Interrogatory to the extent it is seeking the disclosure of personal information (such as date of birth or social security number) of any Chicago Police Department employee on the grounds that such information is irrelevant and on the basis

of law enforcement security privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

**INTERROGATORY NO. 4:**

Identify:

a. Each and every person who has or claims to have information relating to the April 13, 2003, incidents alleged in Plaintiff's Complaint.

b. Each and every person who has or claims to have information relating to the April 28, 2003, incidents alleged in Plaintiff's Complaint.

c. Each and every person who has or claims to have information relating to the April 30, 2003, incidents alleged in Plaintiff's Complaint.

d. Each and every person who has or claims to have information relating to the March 29, and 30, 2004, incidents alleged in Plaintiff's Complaint.

e. Each and every person not named in the preceding subparagraphs who has or claims to have any knowledge of the events described in Plaintiff's Complaint, the damages suffered or alleged to be suffered by Plaintiff, or any of the defenses raised by any defendant. For each person identified, state the nature and substance of his or her know ledge.

f. Each and every person who has or claims to have knowledge of the whereabouts or activities of any of the Individual Police Defendants on April 13, 2003, between the hours of 4:00 p.m. and 6:00 p.m.

g. Each and every person who has or claims to have knowledge of the whereabouts or activities of any of the Individual Police Defendants on April 28, 2003, between the hours of 7:00 p.m. and 9:00 p.m.

h. Each and every person who has or claims to have knowledge of the whereabouts or activities of any of the Individual Police Defendants between the hours of 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003.

i. Each and every person who has or claims to have knowledge of the whereabouts or

activities of any of the Individual Police Defendants between the hours of 10:30 p.m. on March 29, 2004 and 12:30 a.m. on March 30, 2004.

j. Each and every person who has or claims to have knowledge of the whereabouts or activities of any of the Individual Police Defendants on March 30, 2004, between the hours of 9:00 p.m. and 10:00 p.m.

k. The full name, address, and telephone number(s) of each person that you may call as a witness at the trial of this case.

l. With respect to the preceding subparagraphs, state whether any statement was taken of the person(s) listed, the date of the statement, the method of recording the statement, and identify the person(s) who currently have control over the record(s) of the statement and the location of such record.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33. The City also objects to this Interrogatory to the extent it is seeking the disclosure of personal information (such as date of birth or social security number) of any Chicago Police Department employee on the grounds that such information is irrelevant and on the basis of law enforcement security privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

**INTERROGATORY NO. 5:**

Describe with specificity the whereabouts (including street address and location) and activities of each of the Individual Police Defendants during the following periods of time:

    a. between the hours of 4:00 p.m. and 6:00 p.m. on April 13, 2003;
    b. between the hours of 6:00 p.m. and 7:00 p.m. on April 19, 2003;
    c. between the hours of 7:00 p.m. and 9:00 p.m. on April 28, 2003;

  d. between the hours of 10:30 p.m. on April 30, 2003 to 12:30 a.m. on May 1, 2003;
  e. between the hours of 10:30 p.m. on March 29, 2004 to 12:30 a.m. on March 30, 2004;
  f. between the hours of 9:00 p.m. and 10:00 p.m. on March 30, 2004;
  g. between the hours of 6:00 p.m. and 7:00 p.m. on April 7, 2004;
  h. between the hours of 7:00 p.m. and 8:00 p.m. on May 3, 2004: and
  i. between the hours of 10:30 p.m. and midnight on April 25, 2000.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33. The City also objects to this Interrogatory to the extent it is seeking the disclosure of personal information (such as date of birth or social security number) of any Chicago Police Department employee on the grounds that such information is irrelevant and on the basis of law enforcement security privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

## INTERROGATORY NO. 6:

State which (if any) of the Individual Police Defendants were present at or near 3651 South Federal in Chicago:

  a. at any time between 4:00 p.m. and 6:00 p.m. on April 13, 2003?
  b. at any time between 6:00 p.m. and 7:00 p.m. on April 19, 2003
  c. at any time between 7:00 p.m. and 9:00 p.m. on April 28, 2003?
  d. at any time between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003?
  e. at any time between 10:30 p.m. on March 29, 2004 and 12:30 a.m. on March 30, 2004?
  f. at any time between 9:00 and 10:00 p.m. on March 30, 2004?
  g. at any time between 6:00 p.m. and 7:00 p.m. on April 7, 2004?
  h. at any time between 7:00 p.m. and 8:00 p.m. on May 3, 2004?
  i. at any time between 10:30 p.m. and midnight on April 25, 2000?

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

### INTERROGATORY NO. 7:

Describe the assigned dress (plain clothes or uniform) and the car (including but not limited to the make, model, color, and license plate number) assigned to each of the Individual Police Defendants on the evening of:

a. April 13, 2003;
b. April 19, 2003;
c. April 28, 2003;
d. April 30, 2003;
e. March 29, 2004;
f. March 30, 2004;
g. April 7, 2004;
h. May 3, 2000.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

**INTERROGATORY NO. 8:**

For each Individual Police Defendant, state whether he was ever evaluated for mental or psychological fitness for duty as a Chicago police officer or referred or recommended for counseling by the Chicago Police Department. For each evaluation or referral, state:

a. The date(s) of the evaluation(s) or examination(s);
b. The reasons for the evaluation or examination;
c. The full name, address, and telephone number of the evaluator(s) or examiner(s);
d. The results and findings of the evaluation, including any determination of fitness for duty.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

**INTERROGATORY NO. 9:**

Identify each and every person that Defendant(s) may call as an expert witness in this matter. For each such person identified:

a. State the subject matter on which the witness is expected to testify;
b. State the substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion;
c. Describe with reasonable specificity all tests, investigations, data compilations or information the witness conducted, compiled, will conduct or will rely upon for his or her testimony in this case;
d. Identify all documents, texts, or articles reviewed by and/or relied upon by the witness in connection with this litigation;
e. State the qualifications of the witness, including but not limited to a list of all publications authored by the witness;
f. State the compensation and rate of compensation to be paid to the witness for his or her work and testimony;
g. State the date on which the witness was first contacted by any Defendant or Defense Counsel with regard to this case and the date on which the witness first offered the above listed opinions and conclusions; and
h. State whether the witness has ever provided testimony or been retained as an expert in any other lawsuit, and if so, for each lawsuit state:
    1) Title and docket number of the case;

2) Type of claim(s) involved;
3) Name and location of the court where the case was pending;
4) Name and address of the party and their attorneys for whom the witness testified or by whom the witness was retained;
5) Whether the party was a plaintiff or a defendant;
6) Whether the witness drafted a written report related to the case; and
7) Whether the witness provided testimony in a deposition or court proceeding.

**ANSWER:** The City objects to this Interrogatory as it exceeds the number of interrogatories permitted in Rule 33. The City states that it has not retained any experts at this time and reserves the right to disclose any experts when, and if, retained.

### INTERROGATORY NO. 10:

State whether any of the Individual Police Defendants have ever been referred to the Chicago Police Department's Personnel Concerns, Behavioral Intervention, or Behavioral Alert programs? For each referral, identify the name of the Defendant, the program, the date of the referral, the person(s) making such referral, the reasons for the referral, and the start and end dates of Defendant's participation in the program.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

### INTERROGATORY NO. 11:

State the full name, rank, star number, and unit of assignment (in April 2003 and April 2004) corresponding to each photograph or image produced in response to the Plaintiff's Document Requests.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33. Subject to, and without

-9-

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Interrogatory as information becomes available.

**INTERROGATORY NO. 12:**

As to each Individual Police Defendant, state whether he has ever had any disciplinary complaints filed against him with the Chicago Police Department. As to each complaint, provide the complaint register number, the name of the complainant, the nature of the charge(s), and indicate the disposition (if any) or provide a complaint history computer print-out for each of the Individual Police Defendants.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

**INTERROGATORY NO. 13:**

For each of the years from 1999 to 2004, state:

A. The number of excessive force complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination;

B. The number of illegal search complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination;

C. The number of strip search complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination;

D The number of illegal or false arrest complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination;

-10-

E. The number of sexual abuse or harassment complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination; and

F. The number of racial abuse or discrimination complaints brought against Chicago police officers, the number of which were sustained, and the number which resulted in the imposition of discipline of a suspension for longer than a week or termination.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

## INTERROGATORY NO. 14:

State the full name, star number, and unit of assignment of each officer who has received more than twenty complaints in the last five years. For each such officer, describe any disciplinary sanction or behavioral intervention imposed upon him or her in response to those complaints.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

## INTERROGATORY NO. 15:

For each instance during the years 1999 through 2004, in which a Chicago Police Officer made a statement in an internal investigation or a civil or criminal law suit or legal proceeding, which affirmed the misconduct of another Chicago Police Officer, state:

A. The full name, star number, and unit of assignment of the officer who made the statement;

B. The date and form of the statement;

C. The full name, star number, and unit of assignment of each accused officer who was the subject of the misconduct complaint;

D. The Complaint Register Number;

E. The case caption, case number, court, and name of judge;

F. The Subject Matter of the Complaint; and

G. The substance of the statement.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

### INTERROGATORY NO. 16:

For each year from 1999 through 2004, identify the full names of the persons who were members of the Chicago Police Department's Use of Force Committee, and any documents, memoranda, or recommendations produced or made by the Committee. Describe any changes in City policy, practice, procedures, or training that were implemented as a result of the Committee's recommendations or work.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the number of interrogatories permitted in Rule 33.

### INTERROGATORY NO. 17:

Describe any early warning system or mechanism used by the Chicago Police Department to identify police officers who may be in need of behavioral intervention.

**ANSWER:** The City objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeds the

number of interrogatories permitted in Rule 33.

                                              Respectfully submitted,

                                              MARA S. GEORGES,
                                              Corporation Counsel
                                              City of Chicago

By: _____
       ARNOLD H. PARK
       Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06237837

-13-