## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 2617 |
| | ) | |
| CHICAGO POLICE OFFICERS EDWIN | ) | Judge Joan Lefkow |
| UTRERAS (Star No. 19901), ANDREW | ) | |
| SCHOEFF.(Star No. 4436), CHRIST ) | Magistrate Judge Ashman | |
| SAVICKAS (Star No. 5991), ROBERT | ) | |
| STEGMILLER (Star No. 18764), JOSEPH | ) | Jury Demand |
| SEINITZ (Star No. 4947), ROBERT SCHULTZ | ) | |
| (Star No.13882), NICHOLAS CORTESI (Star | ) | |
| No. 15112), JOHN CANNON (Star No. 12241), | ) | |
| and JOHN DOES ONE through FIVE, in their | ) | |
| individual capacities; and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CITY OF CHICAGO'S RESPONSE TO
### PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago for its Response to Plaintiff's First Request to Produce, states as follows:

### DOCUMENTS TO BE PRODUCED

1.     Any and all documents related to the allegations in Plaintiff's Complaint, and/or
any of the Answers and/or affirmative defenses filed by any of the Defendants. This request
includes, but is not limited to, any and all reports of telephone calls to and from Defendants,
radio communications, tape recordings, electronic communications including "personal data
transmissions," event query reports, unit query reports, general incident or case reports, evidence
technician reports, arrest reports, general progress reports, supplemental reports, daily activity
reports, supervisor management logs or reports, watch commander logs or reports, to/from
reports, field contact cards, use of force reports, drafts of any reports, notes, street files, roll call
records, attendance and assignment records, watch assignment sheets, lockup keeper reports,
search or arrest warrants, applications or supporting affidavits to attempt to obtain a warrant,
video or digital recordings, photographs, inventory sheets or reports, evidence or recovered
property (E.R.P.S.) reports, personal property inventory, lab reports, notes or reports of the Office

-1-

of Media affairs, reports, memoranda, notes, and files of the Office of Professional Standards ("O.P.S.") and/or Internal Affairs Division ("I.A.D"), and documents related to the administrative or judicial review of disciplinary recommendations or proceedings resulting from disciplinary complaints related to the incidents described in Plaintiff's Complaint.

**RESPONSE**: The City objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Request as information becomes available.

2.    Any and all documents containing any communication, note, or report of each and every person who has, or claims to have, any knowledge or information relating to the facts alleged in Plaintiff's Complaint or to any of the answers or affirmative defenses of any of the Defendants.

**RESPONSE**: The City objects to this Request as overly broad, seeks information that is more readily available to Plaintiff, and seeks information that is subject to the work product privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Request as information becomes available.

3.    Any and all documents or communications that identify any person (including police personnel) who was present Internal Affairs Division ("I.A.D."), and documents related to the administrative or judicial review of disciplinary recommendations or proceedings resulting from disciplinary complaints related to the incidents described in Plaintiff's Complaint.

**RESPONSE**: The City objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without

-2-

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


4.      The entire O.P.S. Complaint Register File for Nos. 261847, 288793, 289089 and 296843, including but not limited to any and all attachments thereto, investigator notes, documents memorializing any witness interviews or attempted witness interviews, witness lists, police reports, to/from reports, physical evidence, photographs, Office of Emergency Communications tapes, scientific or laboratory tests and results, transcripts or summaries of any kind, personal data transmissions or other electronic communications, unit query and event query reports, medical and paramedic (or emergency medical service) records, investigative findings, and disciplinary recommendations.

**RESPONSE:** The City objects to this Request as overly broad, seeks information that is

more readily available to Plaintiff, and seeks information that is subject to the work

product privilege. Subject to, and without waiving, these objections, the City refers

Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the

right to supplement this Request as information becomes available.


5.      Any and all photographs (color prints not photocopies) that were taken of either Barbara White or Diane Bond in relation to any of the aforementioned O.P.S. Complaint Register Files.

**RESPONSE:** The City objects to this Request as overly broad, seeks information that is

more readily available to Plaintiff, and seeks information that is subject to the work

product privilege. Subject to, and without waiving, these objections, the City refers

Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the

right to supplement this Request as information becomes available.

6.    Any and all documents related to any supervisory or administrative review of the investigative findings and disciplinary recommendations concerning the allegations in Plaintiff's Complaint and/or O.P.S. Complaint Register Nos. 261847, 288793, 289089 and 296843. This request includes documents, notes, memos, or communications related to command channel review and any administrative or court proceedings, including but not limited to those before the Police Board, complaint review panel, arbitrator, or judicial officer.

> **RESPONSE:** The City objects to this Request as overly broad, seeks information that is
>
> more readily available to Plaintiff, and seeks information that is subject to the work
>
> product privilege. Subject to, and without waiving, these objections, the City refers
>
> Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the
>
> right to supplement this Request as information becomes available.

7.    Any and all documents or communication that identify any person (including police

personnel) who was present or claims to have been present during any part of the incidents involved in Plaintiff's Complaint, including:

A.    Persons who have knowledge of any interaction between Plaintiff and members of the Chicago Police Department on April 13, 2003, at the Stateway Gardens apartment complex.

B.    Persons who have knowledge of any interaction between Plaintiff and members of the Chicago Police Department on April 28, 2003, at the Stateway Gardens apartment complex.

C.    Persons who have knowledge of any interaction between Plaintiff and members of the Chicago Police Department on April 30, 2003, at the Stateway Gardens apartment complex.

D.    Persons who have knowledge of any interaction between Plaintiff and members of the Chicago Police Department on March 29, 2004, at the Stateway Gardens apartment complex.

E.    Persons who have knowledge of any interaction between Plaintiff and members of the Chicago Police Department on March 30, 2004, at the Stateway Gardens apartment complex.

**RESPONSE:** The City objects to this Request as overly broad, seeks information that is more readily available to Plaintiff, and seeks information that is subject to the work product privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Request as information becomes available.

8.      Any and all documents or materials referred to in response to Plaintiff's Interrogatories to Defendants.

**RESPONSE:** The City objects to this Request as overly broad, seeks information that is more readily available to Plaintiff, and seeks information that is subject to the work product privilege. Subject to, and without waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this Request as information becomes available.

9.      The entire personnel files of each of the Individual Police Defendants, including but not limited to records reflecting each of the Defendant's participation in or referral to the Department's Behavioral Alert, Behavioral Intervention, or Personnel Concerns programs, physical, psychological or evaluative tests for fitness for duty, performance evaluations and ratings, awards or commendations, complaint and disciplinary records, job assignments and details, and employment application.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Any and all documents included in and/or comprising the job applications of each of the Individual Police Defendants for their jobs in the Chicago Police Department.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

11.     Any and all documents relating to the job history of each of the Individual Police Defendants, including but not limited to, any and all documents that provide information as to which units the Individual Defendants have been assigned to since they started working at the Chicago Police Department.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Any and all documents relating to each of the Individual Police Defendant's involvement in or referral to the Chicago Police Department's Personnel Concerns, Behavioral Alert, or Behavioral Intervention programs.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

13.     Any and all documents relating to the physical, psychological or evaluative tests
            of
each of the Individual Police Defendants, including not limited to any tests administered for fitness for duty.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     Any and all documents relating to the review of the performance of the Individual Police Defendants from the time they began employment with the Chicago Police Department including but not limited to performance reviews.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Any and all documents relating to any awards, commendations, or promotions received by the Individual Defendants.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

16.    Any and all records providing information as to whether any of the Individual Police Defendants have ever fired their guns while employed by the Chicago Police Department (excluding target practice and training exercises).

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

17.    Any and all documents (including use of force and tactical response reports) related to instances in which any of the Individual Police Defendants used force as a part of his job as a Chicago police officer.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

18.    For the years 2003 through the present, any and all arrest reports, case reports, and field contact cards in which any of the Individual Police Defendants were listed as a reporting or assisting officer.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

19.     Any and all records of any disciplinary complaints and investigations (including Summary Punishment), whether or not acted upon formally or informally, including the entire Complaint Register files (O.P.S. and I.A.D. records), records indicating any sexual harassment caused by the Individual Police Defendants, disciplinary histories and summaries for each of the Individual Police Defendants at any time during his employment with the Chicago Police Department. For each such complaint, please also produce for each witness that any of the Defendants may call as an expert witness at trial produce any and all documents relating to investigative and disciplinary recommendations, the review of the investigator's recommendations (including but not limited to review by supervisory personnel of O.P.S. or I.A.D., command channel review, review by the Superintendent, Police Board, and Complaint Review Panel), any administrative or judicial proceedings related to the complaint (including but not limited to proceedings before the complaint review panel, Police Board, arbitrator, or judicial or administrative officer), and any official or unofficial action taken.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

The City states that it has not retained any experts at this time and reserves the right to

disclose any experts when, and if, retained.

20.     For each of the years 1999 through 2004, any and all documents containing information related to the number of excessive force complaints filed against Chicago police officers, the number and percentages of excessive force complaints that were sustained, and the number of excessive force complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

21.     For each of the years 1999 through 2004, any and all documents containing information related to the number of illegal search complaints filed against Chicago police officers, the number and percentages of illegal search complaints that were sustained, and the number of illegal search complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

22.     For each of the years 1999 through 2004, any and all documents containing information related to the number of strip search complaints filed against Chicago police officers, the number and percentages of strip search complaints that were sustained, and the number of strip search complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

23.     For each of the years 1999 through 2004, any and all documents containing information related to the number of sexual abuse or harassment complaints filed against Chicago police officers, the number and percentages of sexual abuse or harassment complaints that were sustained, and the number of sexual abuse or harassment complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

24.     For each of the years 1999 through 2004, any and all documents containing information related to the number of racial abuse or discrimination complaints filed against Chicago police officers, the number and percentages of racial abuse or discrimination complaints that were sustained, and the number of racial abuse or discrimination harassment complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

25.     For each of the years 1999 through 2004, any and all documents containing information related to the number of illegal or false arrest complaints filed against Chicago police officers, the number and percentages of illegal or false arrest complaints that were

sustained, and the number of illegal or false arrest complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

26.    For each of the years 1999 through 2004, any and all documents containing information related to the number of police misconduct complaints filed against Chicago police officers, the number and percentages of complaints that were sustained, and the number of complaints that resulted in the imposition of a disciplinary sanction of a suspension for longer than a week or termination.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

27.    Any and all documents providing information as to the full name and star number of each officer who has received more than twenty complaints in the last five years, and, for each and every officer with more than twenty complaints, the disciplinary measures that were taken in response to the complaints against the officer.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

28.    Any and all audio or written records of Chicago police radio communications, "911" calls, or personal data transmissions regarding officer or incidents at or within a four-block radius of 3651 South Federal in Chicago, and/or regarding plaintiff Diane Bond:

A.  Between the hours of 10:30 p.m. on March 29, 2004 and 12:30 a.m. on March 30, 2004;

B.  Between the hours of 7:00 p.m. and 9:00 p.m. on March 30, 2004;

C.  Between 4:00 p.m. and 6:00 p.m. on April 13, 2003;

D. Between 7:00 p.m. and 9:00 p.m. on April 28, 2003;

E. Between 10:30 p.m. on April 30, 2003 and 12:30 a.m. on May 1, 2003.

**RESPONSE:** The City objects to this Request as overly broad and seeks information that

is subject to the work product privilege. Subject to, and without waiving, these

objections, the City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The

City further reserves the right to supplement this Request as information becomes

available.

29.     Any and all documents from the year 2000 through the present relating to the
Chicago Police Department's Use of Force Committee, including but not limited to any findings
or recommendations made by that committee and any changes to Chicago police policy,
procedures, or training implemented as a result of the work of the Use of Force Committee.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

30.     Any and all documents relating to or evaluating City of Chicago Alderman
        Howard
Brookins' proposed Ordinance to implement an effective early warning system to identify police
officer in need of behavioral intervention in the Chicago Police Department, including but not
limited to the Chicago Police Department's evaluation of and response to the proposed
Ordinance.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

31.     Any and all documents relating to or containing communications from 1999
through the present between the Chicago Police Department and the Justice Coalition for Greater
Chicago or Citizens Alert regarding the Chicago Police Department's disciplinary system.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

32.     Any and all documents related to any studies or reports the Chicago Police Department has commissioned or completed related to the use of force or excessive force, implementation of an early identification or warning system to identify police officers in need of behavioral intervention, or improving relations between the Chicago Police Department and racial minorities.  For each and every report identified, produce any and all documents related to the consideration or evaluation of the findings or recommendations of the report and the implementation of any changes in Chicago Police Department policy, procedures, or training.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

33.     Any and all documents related to any studies or reports the Chicago Police Department has commissioned or completed of whether its police personnel are following its policies and practices concerning use of force, excessive force, sexual harassment, gender discrimination (not including gender discrimination in employment practices), and racial discrimination (not including racial discrimination in employment practices).  For each and every report identified, produce any and all documents related to the consideration or evaluation of the findings or recommendations of the report and the implementation of any changes in Chicago Police Department policy, procedures, or training.  For each and every study cited, any and all results of the study, including but not limited to findings and recommendations made and/or adopted.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

34.     Any and all records, notes, and documents created by those in supervisory positions over the Individual Police Defendants relating to the review and monitoring of the Individual Police Defendants' performance, activities, or duties in their employment in the Chicago Police Department.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

-12-

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

35.     Any and all documents relating to the salaries of and any bonuses received by the Individual Police Defendants for the years 2000 to the present, including, but not limited to copies of the pay and tax records of the Individual Police Defendants for the years 2000 to the present.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

36.     Any and all documents relating to the pension benefits of each of the Individual Police Defendants.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

37.     Any and all documents relating to the physical descriptions in April 2003 and April 2004 of the Individual Police Defendants, including but not limited to photographs of the Individual Defendants during those time periods. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph .

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

38      The photographs that were shown to Diane Bond at approximately 12:35 p.m. on May 23, 2003, by the Reporting Investigator in a Photograph Viewing Room at I.A.D. of male white officers assigned to Unit 715 for the 3rd Watch. For each photograph, please provide the full name, unit of assignment (on April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

39.     Any and all records that indicate the names of the male white or Hispanic officers assigned to Unit 715 for the 3rd Watch whose photographs were shown to Diane Bond by City personnel on May 23, 2003.

**RESPONSE:** The City objects to this Request as overly broad, unduly burdensome,

harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

40.     Any and all records including but not limited to unit query reports, event query reports, daily activity records, and supervisor management logs that indicate the identities of any and all police officers assigned or detailed to Public Housing Units 715 and 715B who were assigned to patrol or dispatched to the immediate area surrounding Stateway Gardens apartments between 4 p.m. and midnight on:

A.  April 13, 2003;
B.  April 19, 2003;
C.  April 28, 2003;
D.  April 30, 2003;
E.  March 29, 2004;
F.  March 30, 2004;
G.  April 7, 2004;
H.  May 3, 2004; and
I.  April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395.  The City further reserves the right to supplement this Request as information

becomes available.

-14-

41.     The Attendance and Assignment records for Chicago police officers assigned to Public Housing Units 715 or 715B at any time between 4 p.m. and midnight on:

A.  April 13, 2003;
B.  April 19, 2003;
C.  April 28, 2003;
D.  April 30, 2003;
E.  March 29, 2004;
F.  March 30, 2004;
G.  April 7, 2004;
H.  May 3, 2004; and
I.  April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


42.     Any and all documents containing information describing the vehicle (including make, model, body-type, year, color, license plate number, and whether the car was a marked or unmarked police vehicle), assigned to each of the Individual Police Defendants between 4 p.m. and midnight or in the 3rd or 6th Watch on:

A.  April 13, 2003;
B.  April 19, 2003;
C.  April 28, 2003;
D.  April 30, 2003;
E.  March 29, 2004;
F.  March 30, 2004;
G.  April 7, 2004;
H.  May 3, 2004; and
I.  April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


43.     Any and all Event Query reports that relate to events that occurred within a four-block radius of 3651 South Federal in Chicago, between the hours of 4 p.m. and midnight on:

    A.  April 13, 2003;
    B.  April 19, 2003;
    C.  April 28, 2003;
    D.  April 30, 2003;
    E.  March 29, 2004;
    F.  March 30, 2004;
    G.  April 7, 2004;
    H.  May 3, 2004; and
    I.  April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


44.     The Unit Query reports of all police personnel assigned or detailed to Public Housing Units 715 or 715B, who were assigned to work at any time between 4 p.m. and midnight on:

    A.  April 13, 2003;
    B.  April 19, 2003;
    C.  April 28, 2003;
    D.  April 30, 2003;
    E.  March 29, 2004;
    F.  March 30, 2004;

-16-

G. April 7, 2004;

H. May 3, 2004; and

I. April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


45.     The daily activity reports, supervisor management logs or any other report that documents or summarizes the daily activity of all police personnel assigned or detailed to Public Housing Units 715 or 715B, who were assigned to work at any time between 4 p.m. and midnight on:

A. April 13, 2003;

B. April 19, 2003;

C. April 28, 2003;

D. April 30, 2003;

E. March 29, 2004;

F. March 30, 2004;

G. April 7, 2004;

H. May 3, 2004; and

I. April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

-17-

46. Any and all documents that provide any information about the whereabouts and activities of the Individual Police Defendants between 4 p.m. and midnight on:

A. April 13, 2003;
B. April 19, 2003;
C. April 28, 2003;
D. April 30, 2003;
E. March 29, 2004;
F. March 30, 2004;
G. April 7, 2004;
H. May 3, 2004; and
I. April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


47. Any and all Watch Commander and Watch Secretary logs in Public Housing Units
715 or 715B for the 3rd Watch on the following days:

A. April 13, 2003;
B. April 19, 2003;
C. April 28, 2003;
D. April 30, 2003;
E. March 29, 2004;
F. March 30, 2004;
G. April 7, 2004;
H. May 3, 2004; and
I. April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


48.     Any and all documents providing information as or related to the vehicles
(including but not limited to the make, model, color, license plate number, and name of officer to
whom the car was assigned) which were assigned to police officers assigned or detailed to Public
Housing Units 715 or 715B at any time between 4 p.m. and midnight or in the 3rd or 6th Watch
on:

A.  April 13, 2003;
B.  April 19, 2003;
C.  April 28, 2003;
D.  April 30, 2003;
E.  March 29, 2004;
F.  March 30, 2004;
G.  April 7, 2004;
H.  May 3, 2004; and
I.   April 25, 2000.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


49.     Any and all documents that indicate the manner of dress (e.g., police uniform,
casual plain clothes, dress plain clothes) of police officers assigned or detailed to Public Housing
Units 715 or 715B, whose areas of patrol or supervision included the immediate area surrounding
Stateway Gardens apartments at any time between 4 p.m. and midnight on:

A.  April 13, 2003;
B.  April 19, 2003;

-19-

C. April 28, 2003;
D. April 30, 2003;
E. March 29, 2004;

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


50.     Any and all documents providing information as to or relating to the identity of
        the
supervisors (including but not limited to the full name, address, and telephone numbers) of the
Individual Police Defendants on:

A. April 13, 2003;
B. April 28, 2003;
C. April 30, 2003;
D. March 29, 2004;
E.. March 30, 2004;

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


51.     Any and all documents that identify the police officers assigned to the following
vehicles on the following days:

A.  Blue Chevy Caprice, license plate M115315 on April 7, 2004, at approximately 6:30

-20-

p.m.

B. Grey Chevy Caprice, license plate M1206845 or M120845 on April 7, 2004, at approximately 6:30 p.m.

C. Grey Chevy Caprice, license plate M154643 on April 7, 2004, at approximately 6:30 p.m.

D. Dark colored unmarked police car, license plate M116885 on April 19, 2003, at approximately 6:15 p.m.

E. Dark Colored unmarked police car, license plate M140181 on May 3, 2004, at approximately 7:30 p.m.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


52.    Any press releases or media reports relating to this lawsuit.

**RESPONSE:** The City objects to this Request as overly broad, equally available to

Plaintiff and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, these objections, the City refers Plaintiff to documents

Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this

Request as information becomes available.


53.    Any and all documents containing information related to every criminal case in which the Individual Defendants have testified where evidence was suppressed because of criminal defendant's motion to quash arrest, suppress evidence, or exclude a statement, including

-21-

but not limited to documents which provide the name of the presiding judge, the court in which the proceeding was filed, the title and docket number of the case, the date(s) of the hearing, the name of the parties involved, and the attorneys representing each party.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

54.     The most recent color photographs (prints not photocopies) of each and every Individual Police Defendant. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

55.     The most recent color photographs (prints not photocopies) of each and every officer who participated in, was assigned or dispatched to, or was present during the seizures or arrests of Robert Travis and Demetrius Miller at or near 3651 South Federal in Chicago, on April 28, 2003. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


56.     The most recent color photographs (prints not photocopies) of each and every officer assigned or detailed to Public Housing Units 715 or 715B, between 4 p.m. and midnight on the following days. For each photograph, please provide the full name, unit of assignment (in April 2003 and April 2004), and star number of the person depicted in the photograph, either in a separate index attached, or on the back of the photograph.

A. April 13, 2003;
B. April 19, 2003;
C. April 28, 2003;
D. April 30, 2003;
E. March 29, 2004;
F. March 30, 2004;

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


57.     For each witness that any of the Defendants may call as an expert witness at trial, produce:

A. Any and all written reports, drafts of reports, or notes prepared by the witnesses related to this case;

B. All data or other information considered by the witness, including information provided by Defendants or their counsel, in forming his/her opinions;

C. All documents or data reviewed by the witness but not being utilized to support

his/her opinions;

D. Each exhibit to be used as a summary of or in support of the expert witness' opinions;

E. Documents reflecting the qualifications of the witness (including but not limited to the witness' curriculum vitae or other professional resume);

F. Documents reflecting the opinions to be provided in this case;

G. All publications of the witness, including those that the witness relied or intends to rely upon in forming his/her opinion;

H. A list of the witness's publications;

I. Documents that reflect each case in which the expert was consulted or has testimony;

J. All other reports or testimony, whether at trial or in deposition or by affidavit, which the witness has furnished in other cases;

K. Any and all correspondence between any of the defendants or their agents (including defense counsel) and the witness related to this case;

L. Any and all retainer agreements between the witness and any of the defendants; and

M. Any and all bills produced by the witness related to this case.

**RESPONSE:** The City states that it has not retained any experts at this time and reserves

the right to disclose any experts when, and if, retained.

58.     For each civil or criminal lawsuit or administrative proceeding in which any of the Individual Police Defendants have been a party in their roles as employees of the Chicago Police Department, produce:

A. Documents that contains the case caption and identifies the court or administrative body presiding over the matter and identifies the names and contact information of the attorneys representing each party;

B. Any and all documents related to the disposition of the case, including but not limited to any settlement agreements or orders of final judgment or dismissal.

-24-

**RESPONSE:** The City objects to this Request as overly broad and not reasonably
calculated to lead to the discovery of admissible evidence. Subject to, and without
waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001
- 0395. The City further reserves the right to supplement this Request as information
becomes available.


59.     For each civil or criminal lawsuit or administrative proceeding in which the City
        of
Chicago has been a party to in its role as employer of the Individual Defendants, produce:

A. Documents that contains the case caption and identifies the court or administrative
body presiding over the matter and identifies the names and contact information of the
attorneys representing each party;

**RESPONSE:** The City objects to this Request as overly broad, equally available to

Plaintiff in the public record, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to, and without waiving, these objections, the City refers

Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the

right to supplement this Request as information becomes available.


60.     Any and all documents related to the disposition of the case, including but not
limited to any settlement agreements or orders of final judgment or dismissal.

**RESPONSE:** The City objects to this Request as overly broad, equally available to

Plaintiff in the public record, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to, and without waiving, these objections, the City refers

Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further reserves the

right to supplement this Request as information becomes available.

61.    Any and all general orders, special orders, department notices, handbooks, rules, regulations, form sets, and other Chicago Police Department rules, policies, procedures, or practices that relate to the following topics:

A. Entry and searches to residences or homes;

B. Searches of individuals (including strip searches and searches performed by officers of the opposite sex of the person being searched);

C. The use of force (including the drawing of a weapon) and use of physical restraint;

D. Destruction of or damage to personal property belonging to civilians;

E. The maintenance of photographs or digital images of Chicago police personnel;

F. Documents that explain the abbreviations, codes, and symbols contained in the Department's computer disciplinary summaries or complaint histories of Chicago police officers;

G. The procedures by which supervisors in the Chicago Police Department supervise and monitor the performance, daily activities, and job duties of tactical and patrol officers, including any special procedures for supervision and monitoring of officers assigned to the Public Housing Unit;

H. The procedures for investigating misconduct complaints against Chicago police officers;

I. The procedures related to the imposition of disciplinary action against Chicago police officers;

J. The Behavioral Alert, Behavioral Intervention, and Personnel Concerns programs;

K. The procedures used by the Internal Affairs Unit or the Office of Professional Standards to identify Chicago police officers charged with misconduct pursuant to a civilian complaint, including but not limited to procedures by which complainants or witnesses are permitted to identify the accused officers (e.g., photographs, line-ups, etc.);

L. Sexual harassment;

M. Chicago Alternative Policing Strategy or community policing;

N. Improving the relationship between the Chicago Police Department and the public, including but not limited to members of racial minorities.

O. The criteria, data, reports, and mechanisms that are used, reviewed, or made by supervisors to review or evaluate the performance of patrol officers.

P. The ways that supervisory evaluation of officer job performance, performance evaluations and ratings are used or taken into account in disciplinary, promotional, assignment, or salary decisions.

Q. Early warning systems for the identification of police officers who are or may be in need of behavioral intervention.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.


62.    All manuals, instructional or training materials, training bulletins, and other documents or memoranda used to provide training or information to members of the Chicago Police Department that relate to the following subject areas:

A. Entry and searches to residences or homes;

B. Searches of individuals (including strip searches and searches performed by officers of the opposite sex of the person being searched);

C. The use of force (including the drawing of a weapon) and use of physical restraint;

D. Destruction of or damage to personal property belonging to civilians;

E. The maintenance of photographs or digital images of Chicago police personnel;

F.  Documents that explain the abbreviations, codes, and symbols contained

in the Department's computer disciplinary summaries or complaint histories of Chicago police officers;

G. The procedures by which supervisors in the Chicago Police Department supervise and monitor the performance, daily activities, and job duties of tactical and patrol officers, including any special procedures for supervision and monitoring of officers assigned to the Public Housing Unit;

H. The procedures for investigating misconduct complaints against Chicago police officers;

I. The procedures related to the imposition of disciplinary action against Chicago police officers;

J. The Behavioral Alert, Behavioral Intervention, and Personnel Concerns programs;

K. The procedures used by the Internal Affairs Unit or the Office of Professional Standards to identify Chicago police officers charged with misconduct pursuant to a civilian complaint, including but not limited to procedures by which complainants or witnesses are permitted to identify the accused officers (e.g., photographs, line-ups, etc.);

L. Sexual harassment;

M. Chicago Alternative Policing Strategy or community policing;

N. Improving the relationship between the Chicago Police Department and the public, including but not limited to members of racial minorities.

O. The criteria, data, reports, and mechanisms that are used, reviewed, or made by supervisors to review or evaluate the performance of patrol officers.

P. The ways that supervisory evaluation of officer job performance, performance evaluations and ratings are used or taken into account in disciplinary, promotional, assignment, or salary decisions.

Q. Early warning systems for the identification of police officers who are or may be in need of behavioral intervention.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

63.     Any and all documents related to any convictions, arrests, or detentions by any governmental entity or law enforcement agency (including but not limited to "rap sheets" and arrest or C.B. reports) for Plaintiff Diane Bond, each of Plaintiff's witnesses disclosed to Defendants in her Rule 26(a)(1) materials, the Individual Police Defendants, and all other persons Defendants might call as witnesses in this lawsuit.

**RESPONSE:** The City objects to this Request as overly broad, equally available to

Plaintiff, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, these objections, the City refers Plaintiff to documents

Bates-stamped IDL 0001 - 0395. The City further reserves the right to supplement this

Request as information becomes available.

64.     Any and all documents related to the Plaintiff's injuries or damages alleged in Plaintiff's complaint, including but not limited to any records of communications between Chicago police personnel and medical service providers.

**RESPONSE:** The City objects to this Request as overly broad, seeks information that

may be subject to the work product privilege, and not reasonably calculated to lead to the

discovery of admissible evidence. Subject to, and without waiving, these objections, the

City refers Plaintiff to documents Bates-stamped IDL 0001 - 0395. The City further

reserves the right to supplement this Request as information becomes available.

65.     Any and all photographs of Plaintiff, including but not limited to computer

generated images, mug shots or other images. Please provide color prints where available. For each photograph, please indicate the date and time upon which image was created and the purpose for which the image was created.

> **RESPONSE:** The City objects to this Request as overly broad and not reasonably
>
> calculated to lead to the discovery of admissible evidence. Subject to, and without
>
> waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001
>
> - 0395. The City further reserves the right to supplement this Request as information
>
> becomes available.

66.     Any and all other documents related to Plaintiff Diane Bond.

> **RESPONSE:** The City objects to this Request as overly broad and not reasonably
>
> calculated to lead to the discovery of admissible evidence. Subject to, and without
>
> waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001
>
> - 0395. The City further reserves the right to supplement this Request as information
>
> becomes available.

67.     Any and all physical evidence or demonstrative aids (including but not limited to charts, diagrams, photographs, models, or sketches) that relate to any aspect of the incidents described in Plaintiff's complaint or the Answers or Affirmative Defenses of Defendants, or that any of the Defendants may offer at trial.

> **RESPONSE:** The City objects to this Request as overly broad and not reasonably
>
> calculated to lead to the discovery of admissible evidence. Subject to, and without
>
> waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001
>
> - 0395. The City further reserves the right to supplement this Request as information

becomes available.

68.     Any and all documents received by any defendant pursuant to any subpoena or records disposition in this case.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

69.     Any and all documents related to the Chicago Police Department's review of and decision not to implement the Brainmaker Program to identify police officers who may be in need of behavioral intervention.

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

70.     Any and all documents related to the Chicago Police Department's study or evaluation of best police practices to identify police officers in need of behavioral intervention.

**RESPONSE:** The City objects to this Request as overly broad, vague, and not

reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

71.     Any and all documents related to what Mayor Daley in June 2002 referred to as the "outreach campaign... to help the community and police better understand when force is and is not appropriate." (See attached letter from Mayor Daley, Jan. 18, 2002.)

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

72.     Any and all documents related to what Mayor Daley in June 2002 referred to as the Chicago Police Department's "overhaul" of the Office of Professional Standards. (See attached letter from Mayor Daley, Jan. 18, 2002.)

**RESPONSE:** The City objects to this Request as overly broad and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to, and without

waiving, these objections, the City refers Plaintiff to documents Bates-stamped IDL 0001

- 0395. The City further reserves the right to supplement this Request as information

becomes available.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

-32-

By: _____

ARNOLD H. PARK
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06237837