November 29, 2005

VIA FACSIMILE

Mr. Thomas Platt
Ms. Susan Sullivan
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 1400
Chicago, Illinois 60602
Fax (312) 744-6566

Mr. Arnold Park
City of Chicago, Dept. of Law
30 N. LaSalle St., Room 900
Chicago, Illinois 60602
Fax (312) 744-6912

Re: *Bond v. Utreras et al.*, No. 04 C 2617

Dear Counsel:

I am writing to confirm our areas of agreement and disagreement in our telephone conference of November 22, 2005. This conference call was held to formulate a joint discovery plan and discuss outstanding document requests.

With respect to the joint discovery plan, we agreed that we would produce a draft to each of you on or before Monday, November 28, 2005. While we were not able to produce the draft to you by that date, we have included a copy of a proposed Joint Discovery Plan with this letter. To the extent that you agree to the plan as proposed, we can submit it as is, with appropriate additions from you. To the extent that we have areas of disagreement regarding the content of the plan, we can modify the document to reflect those disagreements.

With respect to outstanding discovery issues, we indicated our intent to file a motion to compel directed against the Individual Officer Defendants, and the City, and notice that motion for the same date and time as our status hearing before Judge Lefkow – currently set for Thursday, December 1, 2005, at 10:00 a.m. While we were not able to file this motion in time to place it on the calendar for December 1st, the motion should be filed by the end of the day today or tomorrow.

As we discussed in our call, this motion will address each of the CR's that we were unable to agree about in our earlier call, held on August 22, 2005, as well as CR's 291990 and 255289. As we also discussed in our call last week, we have

reconsidered our position on CR 291990, and believe that it is relevant to the allegations at issue here.

We also discussed the fact that CR's 274757, 268656, and 285883 are all redacted, most likely because they involve juvenile complainants. You indicated that there may be an Illinois statute covering this issue, and that a court order may be required for the documents to be produced un-redacted. We indicated that we will include these juvenile files in our motion to compel.

Ms. Sullivan also indicated that she might have the April 13, 2003 arrest reports for Grantly Skeets and the March 31, 2004 case reports for Elight Renfro and Michael Nawls on her desk. Ms. Sullivan indicated that if she did in fact have these documents, that she would produce them to us by November 23, 2005. We stated that these documents would be included in our motion to compel if the documents were not forthcoming.

With regard to the Employee Complaint Histories for the Individual Officer Defendants, Ms. Sullivan represented that the date listed in the top right corner of the Employee Complaint Histories is the date that these reports were generated. The Employee Complaint Histories that we have indicate that these reports were generated over a year ago, on May 13, 2004. Although Ms. Sullivan did indicate that she had supplemented discovery when investigations against the Individual Officer Defendants were closed, we believe it is important that we have updated complaint histories generated for each Individual Officer Defendant. This updated history will allow us to determine whether we have any areas of disagreement with counsel regarding CR's that have been closed since May 13, 2004, and whether any currently-active CR's have been filed against any of the Individual Officer Defendants since May 13, 2004. As you know, we do intend to seek production of all active CR's pending against the Individual Officer Defendants in our motion to compel.

With regard to discovery directed primarily toward the City, we stated that we intend to file a motion to compel directed against the City on or about December 12, 2005, related primarily to requests made in Plaintiff's First Set of Interrogatories to Defendant City of Chicago, and Plaintiff's First Request to Produce Documents to Defendant City of Chicago (both served on October 8, 2004). This motion will address those issues that we could not resolve either in our conference call held on October 26, 2005, or in our call held last week.

Based on our discussion with counsel for the City on October 26, 2005, as well as last week, we understand that the City has agreed to the following:

(1) Regarding Interrogatory No. 10 and Document Request No. 12, counsel for the City agreed in our October 26th call to confirm whether documents previously produced by the City indicating that none of the Individual Officer Defendants were ever "enrolled" in a behavioral intervention program necessarily means that none of the Individual Officer Defendants were ever "referred" to such a program. Counsel for the City reiterated this agreement in our call last week.

2

(2) Regarding Document Request No. 15, counsel for the City agreed in our October 26th call to determine whether the City can obtain copies of documents associated with the Joint Operations Award, given in August 2002 to Defendant Officers Stegmiller and Savickas, and documents associated with the Unit Meritorious Performance Award, given in June 2002 to Defendant Officers Schoeff, Utreras and Seinitz. Counsel for the City reiterated this agreement in our call last week.

(3) Regarding Document Request Nos. 30-34, 61, 62, 69-72, counsel for the City stated in our October 26th call that he intended to produce additional documents responsive to these requests, but that he could not say when he would be able to provide these documents. Counsel for the City reiterated this position in our call last week.

(4) Regarding our requests for supervisor management logs and daily activity reports from 2003 and 2004, counsel for the City indicated, as he had in a letter dated August 11, 2005, that the supervisory management logs for 2003 no longer exist, as they are only retained for three months. Counsel for the City agreed to provide written confirmation regarding whether any supervisor management logs exist for 2004, and whether any daily activity reports exist for 2003 or 2004.

On each of these agreed issues, we indicated that we would include these matters in our December 12th motion to compel, absent further production from the City.

In addition, with regard to the Document Request Nos. 9-11 and 14, counsel for the City stated in our October 26th telephone conference that he wished to consult with counsel for the Individual Officer Defendants regarding whether the City would produce the requested documents. Counsel for Plaintiff has heard nothing further regarding the City's intent with respect to these requests. Accordingly, Plaintiff will include Document Request Nos. 9-11 and 14 in its December 12th motion to compel, absent further production from the City.

With regard to Interrogatory No. 13 and Document Request Nos. 20-25, we clarified some earlier confusion from our call with Mr. Park on October 26th, and stated that these requests seek statistical information kept by the Chicago Police Department, rather than production of the actual CR's in each of the named categories. Counsel for the City took this under advisement, and reserved his objections as to these requests. We indicated that we would include this information in our December 12th motion to compel, absent further production from the City.

With regard to Interrogatory Nos. 14-16 and Document Request Nos. 16-17, 26-27, 42(G-H), 48 (G-H), 51(A-C, E), and 53, counsel were unable to agree, despite reasonable efforts. Aside from the City maintaining its previously-asserted objections with regard to these requests, the following specific matters were discussed:

- With respect to Interrogatory No. 15 and Document Request No. 53, counsel for the City asserted in our October 26th telephone conference that he maintained the City's previously-stated objections, and further asserted that the information sought by these requests was in the "public record." Counsel for the City

3

refused to state in writing that the City does not maintain records responsive to these requests.

- With regard to Interrogatory No. 14 and Document Request No. 27, counsel for Plaintiff indicated that these requests have been supplanted by Document Request No. 15, from Plaintiff's Second Set of Document Requests to Defendant City of Chicago, served on or about August 24, 2005. Counsel discussed this request, and the City asserted that it would maintain its objections.

- With regard to Document Request Nos. 42(G-H), 48(G-H), 51(A-C, E), counsel for the City indicated that he believed a ruling from Judge Kocoras may preclude these requests. Counsel for the City further indicated that he did not believe the City should produce documents involving dates not alleged as dates of abuse in Plaintiff's complaint. Plaintiff's counsel stated that we would consider any prior rulings of Judge Kocoras in determining how to proceed, but that these requests would likely be included in our December 12th motion to compel.

Please let me know if you wish to discuss any of these issues further. We look forward to seeing your comments on the proposed Joint Discovery Plan.

Sincerely,

H. Melissa Mather*

\* Licensed in Texas and New York
  Not licensed in Illinois

4