IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| v. | ) | Judge Joan Lefkow |
| | ) | |
| | ) | Magistrate Judge Keys |
| CHICAGO POLICE OFFICERS EDWIN | ) | |
| UTRERAS (Star No. 19901), et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL
PRODUCTION OF DISCIPLINARY RECORDS AND OTHER DOCUMENTS**

Plaintiff files this brief reply in order to respond to several issues raised in the Defendant Officers' Response to Plaintiff's Motion to Compel Production of Disciplinary Records and Other Documents.

*705 ILCS 405/1-7(C) does not forbid this Court from ordering the
production of unredacted copies of CR's involving juvenile complainants.*

The Defendant Officers cite to Chapter 705 of the Illinois Compiled Statutes, as support for their failure to produce unredacted copies of ***admittedly relevant*** CR's involving juvenile complainants. *See* Def. Off. Response at p. 5. The statute at issue provides, in relevant part, that "records of law enforcement officers concerning all minors under 17 years of age . . . may not be open to ***public inspection*** or their contents disclosed to the public ***except by order of the court*** . . ." 705 ILCS 405/1-7(C) (emphasis added). Defendants baldly assert that the statute "does not provide any exception for civil litigation, even in cases where a protective order has been entered by the Court that would include the documents." *Id.* No citation to any case or legislative

1

history follows this statement, and indeed, the plain language of the statute refutes this interpretation.

First, the Defendant Officers make no attempt to explain how an order from this Court, demanding that Defendants produce unredacted copies of the CR's at issue, would not suffice as an "order of the court," sufficient to satisfy the statute. *See People ex rel. Burgess v. City of Urbana*, 338 N.E.2d 220, 222 (Ill. App. 1975) (noting that the Illinois Supreme Court had, in an earlier case, authorized the disclosure of juvenile information, and that this disclosure was authorized under the statute, apparently because it was "pursuant to a court order") (citing *People v. Norwood*, 296 N.E.2d 852, 854 (Ill. 1973)). Nor do the Defendant Officers attempt to explain how disclosure to counsel pursuant to a protective order constitutes opening the records to "public inspection" or "disclos[ing] [the documents] to the public."

More fundamentally, the Defendant Officers fail to acknowledge that the clear thrust of this statute is the protection of records related to the arrest and/or prosecution of juvenile criminal defendants, not the identities of juveniles who complain that the police have abused them. *See* 705 ILCS 405/1-7(A) (restricting the "[i]nspection and copying of law enforcement records maintained by law enforcement agencies that relate to a minor ***who has been arrested or taken into custody*** before his or her 17th birthday") (emphasis added). In that context, *People ex rel. Burgess v. City of Urbana, supra,* is instructive. There, the Appellate Court of Illinois, Fourth District, held that the mayor of Urbana, Illinois, could not be prevented from examining a juvenile arrest record in the course of investigating a complaint that the arresting officer had behaved improperly. *Id.* at 221-22.

The court in *Burgess* first noted that "[a]t common law, public records were generally open to public inspection and it has been stated that good public policy requires liberality to

determine the right to examine public records." *Id.* at 222.  Nevertheless, the court agreed that the "Juvenile Court Act clearly expresses a policy limiting the right to inspect or use public records insofar as the same relates to juveniles." *Id.*  "While such policy is to be given effect," the court held that "it does not follow that the chief law enforcement officer of a city or his duly authorized agents are precluded from looking at records of one of the city's agencies in connection with the performance of official duties.  Such a construction is, in our judgment, neither necessary nor desirable and would not effectuate the stated legislative policy." *Id.*

Finally, the Defendant Officers fail to address the fact that the current discovery dispute arises from a federal lawsuit, brought in federal court, and is governed by the Federal Rules of Civil Procedure, not the state law of Illinois.  *See generally* U.S. Const. art. VI, cl. 2 (setting forth the principle that federal law trumps state law, when the two conflict).  Because neither state law, nor the Federal Rules of Civil Procedure contemplate the mandatory redaction of the names of juvenile complainants in a police misconduct investigation, Defendants should be ordered to produce this information.[1]

### *Plaintiff's motion was properly directed against the Defendant Officers and the City of Chicago.*

The Defendant Officers complain that portions of Plaintiff's motion would have been more properly directed against their co-defendant, the City of Chicago.  Def. Off. Response at pp. 7-8.  Plaintiff did, however, direct her motion against both the Defendant Officers and the City of Chicago.  *See generally* Plaintiff's Motion to Compel Production of Disciplinary Records and Other Documents ("Plaintiff's Motion to Compel") at pp. 3-4.  The Defendant Officers'

---

[1] The Defendant Officers' claim that Plaintiff is not "prejudiced" by Defendants' refusal to produce unredacted copies of these undisputedly relevant CR's merits little scrutiny.  Def. Off. Response at p. 5.  The fact that Plaintiff has already identified 19 witnesses who may be able to testify concerning the Defendant Officers' pattern of abuse hardly means that Plaintiff's investigation may be declared complete, or that the information redacted is not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

related assertion that "Plaintiff's production request to Defendant Officers did not include a request that Defendant Officers produce disciplinary histories," is simply false. *See* Plaintiff's Request to Produce Documents to Defendant Robert Stegmiller at p. 10 & Request No. 10 (attached as Exhibit A to Plaintiff's Motion to Compel) (calling for the production of "[a]ny and all documents related to any disciplinary complaints or proceedings against you in your employment (including but not limited to the Chicago Police Department) and in any post-high school educational institution").

### *The Defendant Officers' assertion that the production of active CR's will compromise the "integrity of [ongoing] investigations" has been rejected in this District.*

The Defendant Officers complain that production of active CR's would compromise the "integrity of [ongoing] investigations." Def. Off. Response at p. 6. This argument was raised and rejected most recently in *McGee v. City of Chicago*, 2005 WL 3215558, *4 (N.D. Ill. June 23, 2005), where Judge Nolan specifically refuted the City's suggestion that the public was best served by keeping Chicago Police Department investigations confidential. After noting that the Court would order the production of complainant information, subject to a protective order, Judge Nolan went on to state his belief that "the effectiveness of the Chicago Police Department's internal investigations is strengthened by public review of C.R. files produced in civil rights litigation," and that "public and media scrutiny over how allegations of police misconduct are handled and investigated by the police department encourages the police department to fairly and honestly investigate and resolve such allegations." *Id*.

Similar holdings have been made in *Doe v. White*, 2001 WL 649536 (N.D. Ill. June 8, 2001) (Lefkow, J.), *Vodak v. City of Chicago*, 2004 WL 1381043, *5 (N.D. Ill. 2004) (Nolan, Magistrate J.), and *Charles v. Cotter*, 1994 WL 424144 at *3 (N.D. Ill. Aug. 11, 1994) (Castillo, J.), all unpublished cases cited in Plaintiff's Response to Defendant Officers' Motion to Quash

4

Plaintiff's Subpoenas for Defendant Officers' Prior Employment Records, and attached to that Motion as exhibits. Because each of these discovery motions will be heard by this Court together, Plaintiff respectfully refers the Court to those exhibits, in lieu of attaching them again to the instant Response.

### *The CR's specifically referenced in Plaintiff's motion are discoverable under the Federal Rules of Civil Procedure.*

With regard to the individual CR's in dispute, the Defendant Officers' tortured attempts to characterize these allegations are "unrelated" to the allegations Ms. Bond has made in this lawsuit cannot withstand logical scrutiny. *See* Def. Off. Response at pp. 11-12. The fact that certain members of this crew of officers were only involved in certain of the CR's does not make the allegations in those CR's any less relevant. Indeed, the entire thrust of Ms. Bond's complaint is that these Defendant Officers acted as a team – meaning that they committed their abuse as a team, and they covered up for each other as a team. Plaintiff respectfully submits that this Court should not allow these officers to avoid scrutiny into their past acts merely because the particular defendants alleged to have committed particular acts of abuse (such as brandishing a weapon or threatening to plant drugs) were not directly implicated in the CR's at issue.

### *Nothing in Plaintiff's motion violated the Agreed, Qualified Protective Order entered by Judge Lefkow.*

Plaintiff can find no basis for the Defendant Officers' assertion that her brief in support of her Motion to Compel violated the Agreed, Qualified Protective Order ("Protective Order"), entered by Judge Lefkow, in any way. Plaintiff did not attach any documents marked "Confidential" to her Motion, and in fact, could not have attached those documents, as the very purpose of Plaintiff's motion was to force the Defendants to produce the documents at issue.

The Defendant Officers' suggestion to the contrary, placed in a footnote on page 10 of their response, contains no citation to a specific section of the Protective Order. *See* Def. Off. Response at p. 10 n. 1. Indeed, the most relevant section Plaintiff can find is ¶ 12 of the Protective Order, which specifically requires leave of court in order to file certain documents under seal. *See* Protective Order (attached as Exhibit C to Plaintiff's Motion to Compel) at ¶ 12.

## **CONCLUSION**

Plaintiff's respectfully request that this Court grant the instant Motion to Compel, and order Defendants to produce the information specifically requested.

Respectfully submitted,


/s/ H. Melissa Mather_____
One of the Plaintiff's Attorneys

Craig B. Futterman
H. Melissa Mather
Edwin F. Mandel Legal Aid Clinic
University of Chicago Law School
6020 South University Avenue
Chicago, IL 60637
(773) 702-9611


Dated: December 21, 2005

6

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney, certifies that she caused the foregoing document to be served on counsel for Defendants, who are "Filing Users" pursuant to ECF, on Wednesday, December 21, 2005, in accordance with the rules on electronic filing of documents.


                                              /s/ H. Melissa Mather_____
                                              H. Melissa Mather