IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| vs. | ) | Judge Joan Humphrey Lefkow |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Magistrate Judge |
| EDWIN UTRERAS, et al. | ) | Arlander Keys |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant City of Chicago's Motion to Structure Discovery; Plaintiff's Motion to Compel Interrogatory Responses and Document Production from Defendant City of Chicago; Plaintiff's Motion to compel Production of Disciplinary Records; and Defendants' Motion to Quash Plaintiff's Subpoenas for Prior Employment Records. Plaintiff has sued Defendants, alleging that several Chicago Police Officers (the "Individual Defendants") sexually and physically abused and harassed her. Plaintiff also brings a *Monell* claim[1] against the City of Chicago ("the City"), alleging that the Individual Defendants' misconduct was a result of the execution of the City's policy or custom. The City seeks to stay discovery on Plaintiff's *Monell* claim, until such time as the claims against the Individual Defendants are fully discovered. The parties also dispute the reasonable parameters of discovery with regard to the

---

[1] *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

claims against the Individual Defendants. For the reasons set forth below, the City's Motion to Structure Discovery is denied; Plaintiff's Motion to Compel Discovery is granted in part and denied in part; Plaintiff's Motion to Compel the Production of Disciplinary Records is granted in part and denied in part; and Defendants' Motions to Quash Plaintiff's Subpoenas are granted.

## BACKGROUND FACTS

Plaintiff alleges that, from April 2003 until March 2004, several Chicago Police Officers sexually, verbally, and physically assaulted her; threatened to plant drugs on Plaintiff and place her under arrest; desecrated her religious items; beat her teenage son; and forced Plaintiff to watch as they coerced her son to beat another member of their community. *See* Pl.'s Comp. ¶ 2. Plaintiff filed suit against several Chicago Police Officers -- the Individual Defendants -- on April 12, 2004.

From the outset, Plaintiff complained that Defendants were slow to comply with her discovery requests. Once discovery did begin, however, Plaintiff purportedly learned that the City allegedly had notice of numerous other complaints against these Individual Defendants. Based on this information, Plaintiff moved to amend her Complaint in March of 2005, to include a claim of municipal liability against the City, pursuant to *Monell v. Dept of Social Services*, 436 U.S. 658 (1978). The City opposed this Motion, arguing that Plaintiff's *Monell* claim would be too

onerous to litigate and could not result in a monetary award to Plaintiff in any event. Judge Lefkow sided with Plaintiff, finding that the City's arguments against Plaintiff's *Monell* claims were "without merit." Order of June 6, 2005.

Plaintiff then requested that the City provide additional responses to her original discovery requests. In August of 2005, the City largely agreed to comply, without relinquishing its previously stated objections, but did not provide a timeframe for submitting its responses. The parties could not reach an accord on the appropriate scope and timeframe of discovery, and a flurry of discovery motions were filed in November and December of 2005. Those Motions are the subject of this Opinion Order.

## DISCUSSION

Under the Federal Rules of Civil Procedure, courts should permit "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ.P. 26(b)(1). Relevant information sought to be discovered need not be admissible at trial; rather, it is enough that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* With these standards in mind, the Court analyzes Defendants' Motion to Structure Discovery; Plaintiff's Motion to Compel Discovery; Plaintiff's Motion to Compel the Production of Disciplinary Records; and Defendants' Motions to Quash.

## I. The Motion to Structure Discovery is Denied.

The City requests that discovery on Plaintiff's *Monell* claim be delayed until the claims against the Individual Defendants are comprehensively explored. The City argues that, as a matter of judicial economy and to relieve the City of the onerous burden of conducting potentially unnecessary discovery, the Court should delay discovery related to Plaintiff's *Monell* claim. Pointing to Rule 26(b)(2), the City claims that the burden and expense of producing the sought-after discovery outweigh whatever potential benefit Plaintiff hopes to gain from receiving the documents immediately. *See* Fed. R. Civ. P. 26(b)(2)(iii)(noting that a court may limit discovery if its burden or expense outweighs its likely benefit.)

Plaintiff attempts to deflate the City's argument for structuring discovery on several grounds. First, Plaintiff claims that the City is exaggerating the difficulty of complying with her discovery requests. For example, Plaintiff notes that she is not requesting that the City undertake any statistical analysis that it has not already compiled, but merely asks that the City admit that it does not maintain such statistics, if that is the case. Next, Plaintiff contends that structuring discovery would be inefficient, as many of the witnesses identified and evidence sought to be discovered relate to both her claims against the Individual Defendants, as well as to her *Monell*

claim. Furthermore, the City's reference to delaying *Monell* discovery until discovery on the underlying claims has been "fully explored" is unworkably vague; the City does not elaborate on whether discovery should be postponed until summary judgment motions are resolved, until after the Individual Defendants have stood trial, or until some other ill-defined point in time.

In weighing the parties' arguments, the Court balances the fact that the evidence Plaintiff is seeking is reasonably calculated to lead to the discovery of admissible evidence, against the competing fact that the discovery requested is substantial and will clearly require the City to expend considerable time and expense in responding. However, Judge Lefkow has entered an order scheduling this case for a jury trial on October 16, 2006, a mere seven months away. This will require the parties to conduct more discovery in the next several months than they have been able to achieve since Plaintiff filed her First (still outstanding) Set of Interrogatories on October 8, 2004. And, as the City has so candidly demonstrated, the necessary discovery is substantial and time consuming.

Tipping the scales even further is the Court's conclusion that conducting discovery in phases would be duplicative and inefficient. Several of Plaintiff's witnesses (purportedly) will both corroborate Plaintiff's account of relevant events and also testify that they experienced similar treatment at the hands of

the Individual Defendants. In addition, evidence demonstrating how the City dealt with Plaintiff's complaints against the Individual Defendants - such as performance reviews and disciplinary records - is relevant to both Plaintiff's *Monell* claim as well as Plaintiff's claims against the Individual Defendants.

Under these circumstances, the Court rejects the City's request to structure discovery. The City will answer the outstanding discovery in a manner consistent with the remainder of this Opinion.

### II. Plaintiff's Motion to Compel Interrogatory Responses

In her Motion to Compel, Plaintiff asks the Court to order Defendants to answer interrogatories as requested in Interrogatory Nos. 3, 7, 10 and 13-16 of Plaintiff's First Set of Interrogatories, and to produce documents as requested in Plaintiff's First Document Request Nos. 9-12, 14-17, 20-26, 29-34, 42(G-H), 48(G-H), 51 (A-C, E), 53, 61, and 69-72; and Second Document Request Nos. 4, 15, 16, and 29-35.

In Interrogatory No. 3, Plaintiff seeks the name, star number, rank, unit of assignment, address and phone number of the police officers assigned to five different vehicles (identified by both description and license plate number) on specific dates and at specific times. Document Request Nos. 42, 48, and 51 seek similar information: requesting the City to identify the

6

vehicles that the Individual Defendants were driving on specific days and at specific times; to identify the vehicles assigned to officers patrolling Plaintiff's area at specific times; and to identify the officers assigned to specific vehicles on specific days and at certain times.

In this case, several of the Individual Defendants deny that they were working in the area at the times that Plaintiff was allegedly abused. Although Plaintiff was not able to ascertain her attackers' names while the alleged abuse was occurring, she apparently was able to obtain the license plate numbers of nearby police vehicles. Thus, the information that Plaintiff seeks is clearly calculated to lead to the discovery of relevant and admissible information. Notably, Defendants have not adequately explained why producing such information poses an undue burden[2]. Therefore, Plaintiff's Motion to Compel this evidence is Granted[3].

Request for Production[4] Nos. 9-12, 14-17, and 53 are also specific to the Individual Defendants. These Requests seek

---

[2] Defendants mysteriously state that "identification is no longer an issue," but do not concede that Plaintiff has properly identified the Individual Defendants.

[3] It is sufficient for Defendants to supply Plaintiff with the Officers' Work Phone Number, as opposed to revealing their home information.

[4] As the Requests for Production are largely duplicative of the Interrogatories, the Court will focus on the Requests for Production, supplementing when necessary.

7

personnel files, job applications, performance reviews, referrals to the Personnel Concerns Program, referrals to the Behavioral Alert or the Behavioral Intervention System, unit assignment histories, use of force documents, records of firing a weapon, and any transcripts of criminal motions to quash.

Defendants argue that the requested evidence has no bearing on whether the Individual Defendants violated Plaintiff's constitutional rights from April of 2003 through March of 2004. With regard to their personnel files, performance reviews, and job applications, Defendants note that the files contain sensitive and private information - such as family information, addresses, insurance and benefits information, etc. -- completely unrelated to the Individual Defendants' performance as police officers.

However, the Individual Defendants' job applications, performance reviews, and personnel files also contain relevant information and are discoverable. *See Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004). The information in the Individual Defendants' performance reviews could support Plaintiff's claim that the Individual Officers' standing within the police department was not negatively impacted, despite the fact that they each had [allegedly] numerous civilian complaints against them. Similarly, the Individual Defendants' personnel file is relevant to Plaintiffs'

claims against both the Individual Officers and to her *Monell* claim against the City. *Id.* ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in [sec] 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality.")

Defendants' concerns regarding the disclosure of personal information are valid, but the Court will not throw out the baby with the bath water. The Court directs Defendants to redact irrelevant, personal information contained in these documents, such as the Individual Defendants' home addresses, telephone numbers, social security numbers, insurance and benefit information, family histories, family member information, etc., prior to disclosing them to Plaintiff.

Next, Defendants claim that referrals to the Personnel Concerns Program ("PCP") or the Behavioral Intervention System ("BIS"), use of force and illegal search documents, and records of firing a weapon are unlikely to reveal relevant evidence. Defendants argue that Plaintiff is seeking the evidence only to demonstrate impermissible prior bad acts or propensity evidence -- neither of which is admissible at trial.

Plaintiff correctly points out that such evidence may be admissible to prove motive, intent, absence of mistake, opportunity, preparation, and plan. *See Wilson v. City of*

*Chicago*, 6 F.3d 1230, 1238 (7th Cir. 1993). The Court agrees, and further finds that the request is reasonably calculated to lead to the discovery of admissible evidence.

Defendants further argue that the criminal court transcripts that Plaintiff requests can be obtained just as easily by Plaintiff from a third-party source, such as the Cook County State's Attorney's Office or the Public Defender's Office. Plaintiff has not demonstrated that she cannot obtain the information in this manner, and the Court can see no reason to require Defendants to undertake this burden on Plaintiff's behalf. Therefore, Plaintiff's Motion to Compel this evidence is denied.

Plaintiff also seeks statistical information, concerning various types of complaints filed against police officers, and policy information, concerning proposed recommendations and their implementation. *See* Interrogatory Nos. 13, 14, and 16; First Document Request Nos. 20-26, 61 and 69-72; and Second Document Request Nos. 16, 29-35. Similarly, Second Document Request No. 15 asks the City to identify each officer who has received more than ten complaints in the last five years, and the corresponding disciplinary measures taken against such officers. As discussed above, Defendants should either forward the available compiled statistical data, or simply admit to Plaintiff that the City and/or the Chicago Police Department do not maintain the data in

the manner that Plaintiff has requested. The Court will not require that Defendants compile such data for Plaintiff, only that such information be produced, if it already exists in a system of records.

With the denial of its Motion to Structure, Defendants have offered no legitimate basis for refusing to produce additional policy-related documents, presuming Defendants have the compiled information. *See* First Document Request Nos. 61, and 69-72. These documents are relevant to Plaintiff's *Monell* claim and should be produced.

Defendants object to producing information on the number of excessive force complaints referred to the Cook County State's Attorneys' Office. *See* Second Document Request No. 4. Defendants attack the request on the grounds that: 1) the information is overly broad and not reasonably calculated to lead to admissible evidence; 2) Plaintiff incorrectly presumes that the complaints leading to the referrals are necessarily true; and 3) Plaintiff incorrectly presumes that the referral of a complaint to the State's Attorney's Office is the most appropriate form of discipline.

Defendants have not explained why the information sought is not relevant to Plaintiff's claim that the City has failed to monitor, discipline, or otherwise control its police officers. And Plaintiff's presumptions about the veracity of the complaints

11

or the appropriate form of discipline have no bearing on whether the information is relevant. Therefore, the Plaintiff's Motion with regard to this evidence is granted.

In Interrogatory No. 15, Plaintiff seeks information concerning any instance where a police officer made a statement affirming the misconduct of another police officer. While the information may be relevant, the Court agrees that requiring the City to review thousands of complaint registers for instances where an officer observed another officer's misconduct would be unduly burdensome, particularly when much of the information is available to Plaintiff by reviewing criminal or civil case histories. The Court will not require Defendants to undertake this task on Plaintiff's behalf[5]. Therefore, Plaintiff's Motion to Compel Defendants to answer this interrogatory is denied.

### III. Plaintiff's Motion to Compel Disciplinary Records

Plaintiff moves to compel the production of disciplinary records, including Complaint Registers ("C.R.'s"), for the Individual Defendants. Specifically, Plaintiff seeks: 1) unredacted copies of juvenile C.R. Nos. 274757, 268656, and 285883 (the "Juvenile C.R.'s"); 2) C.R. 265893, an open file under active investigation with the Office of Professional Standards (the "Open C.R."); 3) updated disciplinary histories

---

[5] However, if Defendants do, in fact, maintain the information in the format requested by Plaintiff, the material should be produced.

for the Individual Defendants; and 4) C.R. Nos. 261514, 276011, 293008, 273527, 262498, 255289, and 291990 (the "Other C.R.'s")[6]. Plaintiff asserts that, because the records may contain information supporting her claim that the Individual Defendants participated in a pattern and practice of abuse, operating as a team and covering for each other, the records are discoverable.

Defendants note that, with regard to the Juvenile C.R.'s, Defendants have produced the files requested, with all identifying information redacted. Defendants argue that Illinois law protects the Juvenile C.R.s from further disclosure. Specifically, the Juvenile Court Act, 705 ILCS 405/1-7© (West 2006), requires the redaction of juvenile information, in the absence of a court order to the contrary.

Plaintiff counters that the Juvenile Court Act protects from disclosure the identity of arrested juveniles, not juveniles that file complaints against police officers, and that an order from this Court compelling disclosure is permissible under the Act.

The Court acknowledges that the juvenile complainants who filed the C.R.'s in question may not have been arrested -- hypothetically. And certainly the Juvenile Court Act recognizes the authority of this Court to compel disclosure, under the

---

[6] Plaintiff's Motion also seeks to compel the production of an arrest report for a juvenile and case reports for two other individuals. Because Defendants produced those documents prior to filing its Response, Plaintiff's Motion with regard to these documents is moot.

13

appropriate circumstances. But Plaintiff has not confirmed that the complainants have not, in fact, been arrested. Nor has Plaintiff described the nature of their complaints – even though she has the redacted C.R.s at her disposal -- or even argued that the C.R.s describe conduct similar to that of which she complains. Beyond Plaintiff's bald assertion that the records are relevant, Plaintiff has articulated no reason for the Court to order the disclosure of the sensitive information.

While the Illinois Supreme Court found compelling a mayor's interest in reviewing records involving a juvenile constituent, *See People ex rel. Burgess v. City of Urbana*, 338 N.E.2d 220, 222 (Ill. App. 1975), the Court is not convinced that the benefit afforded Plaintiff in revealing the identities of the juvenile complainants outweighs the protection afforded juveniles under the Juvenile Court Act. "The Juvenile Court Act clearly expresses a policy limiting the right to inspect or use public records insofar as the same relates to juveniles." *Id.* Absent a more persuasive showing, the Court declines to order Defendants to disclose the juvenile complainants' identities. Plaintiff's Motion to Compel the disclosure of the juvenile complainants' identities is Denied.

With regard to the open C.R., Defendants claim that disclosing the information at this time will compromise the integrity of the ongoing investigation. According to Defendants,

14

all C.R.s remain confidential and unavailable to complainants and accused officers alike, until the completion of the investigation. Plaintiff counters that Defendants have not denied that the C.R.s are relevant, and, in light of the protective order already in place in this case, there is no reason to permit Defendants to withhold the documents.

While the City's decision to protect its open C.R.'s does not render the files undiscoverable, the Court appreciates that ongoing internal police investigations benefit from a degree of confidentiality. This consideration should be balanced against the relevance of the complaint and Plaintiff's need for the information; a balancing the Court cannot feasibly undertake without reviewing the file. The Court directs Defendants to submit this C.R. to the Court for an *in camera* review to determine if the document should be disclosed.

Next, Plaintiff seeks "updated" disciplinary histories from the Individual Defendants. Defendants offer a convoluted explanation as to why there may be verifiable lapses in their production, and state that Plaintiff should be seeking the requested documents from the City of Chicago. Plaintiff correctly notes that her Motion is directed toward both the Individual Defendants and the City. To the extent that Defendants have failed to produce more recent and relevant complaints in the Individual Defendants disciplinary files, they

are directed to do so. Therefore, Plaintiff's Motion to Compel the disclosure of the Individual Defendants' updated histories is Granted.

### IV. Defendants' Motions to Quash

Defendant Officer Robert Stegmiller worked as an employee of the University of Illinois at Chicago ("UIC") from 1990 until 1995. Plaintiff has served upon UIC a subpoena seeking the production of "All records relating to Robert Stegmiller . . . employee of the University of Illinois at Chicago from 1990-1995," including: 1)Officer Stegmiller's personnel files; 2) "Any and all documents included in and/or comprising the job applications of Stegmiller;" 3) "Any and all documents related to Stegmiller's job history;" 4) "Any and all records providing information as to whether Stegmiller has ever fired his gun;" 5) "Any and all documents related to instances in which Stegmiller used force;" and 6) "Any and all records of any disciplinary complaints and investigations."

Similarly, Plaintiff served upon the Chicago Housing Authority ("CHA") a subpoena seeking "any and all" documents relating to the hiring, employment, potential discipline, and performance of its former employees, Defendant Officer Andrew Schoeff and Defendant Officer Joseph Seinitz. Both of these officers worked for the CHA from 1994 until 1997, concluding their employment approximately six years before they allegedly

16

began abusing Plaintiff.

Defendants argue that the subpoenas should be quashed[7], because Plaintiff is clearly seeking to discover "bad acts" evidence or propensity evidence; neither of which is admissible under Fed. R. Evid. 404(b) to prove that a party acted on the occasion in question consistent with his alleged bad character. *United States v. Shriver*, 842 F.2d 968 (7th Cir. 1988). Defendants also argue that Plaintiff is seeking documents wholly unrelated to the allegations in her lawsuit. Whether Officer Stegmiller ever fired his gun while employed by UIC, for example, is wholly irrelevant to whether the Individual Officers abused Plaintiff. Defendants further contend that the evidence Plaintiff seeks is too remote in time – comprising a period six to thirteen years before the alleged abuse occurred – to have any relevance to her claims. *Huddleston v. United States*, 485 U.S. 681 (1988).

Plaintiff counters that bad act or propensity evidence may be admissible to show motive, intent, absence of mistake, opportunity, preparation, and plan. *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993) (reversing trial court's refusal to admit evidence of other police misconduct complaints). And

---

[7] The Court notes that some of the materials responsive to the subpoenas have been produced to Plaintiff. The Court is not inclined to issue an order prohibiting Plaintiff from reviewing those materials.

17

that, while remoteness in time is a factor to consider in weighing admissibility, courts have admitted outdated conduct where the acts are sufficiently similar to the conduct under scrutiny at trial. *See United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005)(admitting evidence of nine-year-old cocaine sales in drug trial); *United States v. Wimberly*, 60 F.3d 281, 285 (7th Cir. 1995) (admitting evidence of molestation that occurred thirteen-years prior against stepfather charged with molesting a second stepdaughter). Finally, Plaintiff contends that Defendants have failed to properly invoke a privilege, *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (to invoke privilege, defendants must make a "substantial threshold showing of specific harms likely to accrue"), and cannot demonstrate a privacy concern that cannot be overcome by an appropriate protective order. *McGee v. City of Chicago*, No. 04 C 6352, 2005 WL 3215558, at *3 (N.D. Ill. June 23, 2005).

While Plaintiff's contentions accurately represent the state of the law, her request stretches the parameters of reasonable discovery too far. Plaintiff's request smacks more of a fishing expedition than a request reasonably calculated to lead to the discovery of admissible evidence. Naturally, Plaintiff would like to take a peek into the records of the former employers to see what she can find. However, Plaintiff has not identified any basis for believing that these officers were disciplined by their

previous employers for engaging in conduct similar to that charged here. See *Perry v. Best Lock Corp.*, No. IP 98-C-0936-H/G, 1999 WL 33494858, at *3 (S.D. Inc. Jan. 21, 1999) (quashing subpoena for plaintiff's personnel records from third-party employer, noting that the defendant had "not identified any specific concerns or targets, and stating that the need for the requested evidence was "highly attenuated")

Courts have recognized that an officer's police department files are entitled to minimal privacy in a civil rights lawsuit; a police officer's "privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review." *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988). Notwithstanding, the officer's role as a public servant does not give civil rights litigants carte blanche to explore every facet of the officer's life, over an unlimited period of time. See generally, *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998) (discussing a police officer's privacy interest in personnel and other professional files).

After weighing Plaintiff's request, the Court concludes that Plaintiff's requests with respect to these documents are simply too broad, too remote in relevance and time, and not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court grants Defendants' Motion to Quash.

19

## CONCLUSION

For the reasons set forth above, Defendant City of Chicago's Motion to Structure Discovery is Denied, Plaintiff's Motion to Compel Discovery is Granted in Part and Denied in Part; Plaintiff's Motion to Compel the Production of Disciplinary Records is Granted in Part and Denied in Part; and Defendants' Motions to Quash are Granted.

DATE: March 10, 2006          E N T E R E D:

*Arlander Keys*
Judge Arlander Keys
United States Magistrate Judge