IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 2617 |
| | ) | |
| vs. | ) | Judge Joan Humphrey Lefkow |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Magistrate Judge |
| EDWIN UTRERAS, et al. | ) | Arlander Keys |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 10, 2006, this Court issued a Memorandum Opinion and Order ruling on a number of discovery motions, including Plaintiff's Motion to Compel the Production of Disciplinary Records. In that Motion, Plaintiff sought to discover, among other documents, Complaint Register ("CR") No. 265893, an open file under active investigation with the Office of Professional Standards ("OPS").

Defendants claimed that disclosing the information would compromise the integrity of the ongoing investigation, while Plaintiff countered that the documents are relevant and should be produced. The Court instructed Defendants to submit this CR to the Court for *in camera* review, to enable the Court to balance Defendants' need to maintain the confidentiality of its ongoing investigations against Plaintiff's entitlement to relevant materials. After reviewing the materials, it is clear that CR No. 265893 should be produced.

The CR consists of several documents summarizing and discussing complaints filed by eleven individuals arrested on September 21, 2000 in a drug sting operation.  The arrestees claim that, during the sting, they were verbally and/or physically abused by several Chicago Police Officers, including Defendant Officers Utreras, Schoeff, and Seinitz.  Specifically, CR No. 265893 includes a Memorandum from Lt. Richard Johnson to District Commander M. Perry, notifying him of the complaints; a Roster of Persons in Custody from September 21, 2000; Crime Scene Processing Reports; photographs documenting the complainants' physical appearance; photographs of the accused officers; Witness statement forms documenting statements taken from the complainants; Statements of the Accused Officers; the complainants' arrest reports; documents notifying the accused officers of the complaints; and police documents discussing Multiple Arrest Procedures, and the Specific Responsibilities of Officers when misconduct comes to their attention.

Defendants claim that shielding this CR is crucial to protecting the integrity of the investigation, because doing so prevents witnesses, complainants, or the accused from accessing the CR while it is under investigation, and that Plaintiff should simply wait until the investigation is completed.  The fact that the investigation has been ongoing for close to six years does not inspire confidence that it will be completed prior to the

commencement of this trial. Moreover, Defendants' concerns that

revealing the contents of the CR would jeopardize the integrity

of the investigation appear to be utterly unfounded. The

documents reveal little more than the arrestees' and the

officers' statements concerning the arrests on September 21,

2000. Notably, the officers have already been given summaries of

the complainants' allegations. While there is no indication that

the complainants have received similar summaries of the accused

officers' statements, the officers' consistent, categorical

denials are neither surprising nor revealing.

The documents contained in CR No. 265893 do not reflect the

Police Department's impressions concerning the guilt or innocence

of the charged officers, nor do they express any opinion on the

veracity of the complaints. They do not discuss confidential

investigatory techniques, reveal confidential witnesses, nor

involve any criminal investigations (the City has not claimed

that any criminal proceedings have arisen from the underlying

incident or subsequent investigation). Instead, the file

contains purely factual information that is largely known to all

involved parties.

Conversely, CR No. 265893 is clearly relevant to Plaintiff's

claim that the Individual Officer Defendants engaged in a pattern

of abuse against Chicago citizens, spanning many years, and that

certain Defendant Officers acted in concert with each other. The

-3-

claims detailed in the CR, like Plaintiff's claims, involve allegations that these officers allegedly were physically violent, verbally offensive, and that they abused their authority. And given the City's failure to resolve this investigation after five years, the CR may also prove useful in Plaintiff's *Monell* claims against the City.

In conclusion, it is not enough for Defendants to assert that the documents must be protected solely because they relate to an ongoing investigation. There is simply no support in the law for this position. Because Defendants have failed to identify any legitimate basis for refusing to produce CR No. 265893, and because the CR could lead to the discovery of admissible evidence, Plaintiff's Motion to Compel the Production of CR No. 265893 is Granted.

Dated: May 12, 2006

ENTER:

ARLANDER KEYS
United States Magistrate Judge