

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BOND,                          )
                                     )
            Plaintiff,               )    No. 04 C 2617
                                     )
      v.                             )    Judge Joan Humphrey Lefkow
                                     )
CHICAGO POLICE OFFICER EDWIN         )    Magistrate Judge Arlander Keys
UTRERAS, et al.,                     )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

On June 27, 2006, the Court issued a Memorandum Opinion and
Order denying the defendants' motions to compel certain discovery
from Jamie Kalven, a journalist who is involved in, but not a
party to, this case.  The Court ordered Mr. Kalven to produce any
notes or tapes he may have documenting his conversation with the
plaintiff, Diane Bond, but otherwise declined to compel Mr.
Kalven to produce any documents or answer any deposition
questions.  In ruling as it did, the Court did not rely on any
sort of privilege; rather, as per the Seventh Circuit's
instructions in *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir.
2003), the Court based its decision on what it determined was
reasonable in the circumstances.

The case is now before the Court on Mr. Kalven's motion for
partial reconsideration and on the defendants' motion for

reconsideration. Mr. Kalven asks the Court to reconsider its ruling with regard to Ms. Bond, and the defendants ask the Court to reconsider its ruling with regard to everyone and everything else.

Motions for reconsideration are intended to address errors of law or fact, or to present newly discovered evidence; they are not a means to rehash arguments already made – and rejected. *E.g., Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Neither side seems particularly troubled by the limited nature of such motions. Both pretty much dredge up the same arguments the Court has already considered; the defendants argue, as they did earlier, that they should be entitled to obtain discovery from Mr. Kalven because of the unique nature of his relationship to the case, and Mr. Kalven argues, as he did earlier, that requiring him to turn over his work product would compromise his "journalistic interests." The Court has already considered these arguments. Accordingly, and for the reasons more specifically addressed below, both sides' motions will be denied.

The Court turns first to the defendants' motion, which challenges the Court's conclusion that the subpoena, as written, was overbroad. In response to the Court's concern that the subpoena would require discovery from an "unknown universe of people," the defendants argue that Ms. Bond and Mr. Kalven put

2

that "universe" at issue by alleging that the CPD's officers have been running amuck at Stateway Gardens. But, as the Court said before, relevance is not the only concern here. The question is not whether the defendants should be entitled to obtain discovery about these witnesses; the question is whether they should be entitled to invade Mr. Kalven's privacy and journalistic integrity, such as it is, to get that discovery. The Court determined in its initial ruling that, under the circumstances, they should not. And nothing in the defendants' motion to reconsider persuades the Court that the initial ruling should be overturned. The defendants' current round of briefs, like the last, fails to establish that the evidence they seek is highly probative of issues relevant to the case or that the subpoenaed materials include information that is otherwise unavailable to them. As the Court has already noted, the defendants are free to explore inconsistencies in witnesses' statements through cross-examination. The defendants' motion for reconsideration is denied.

Turning to Mr. Kalven's motion, it is true that, with regard to the witnesses other than Ms. Bond, the Court saw the appeal in Mr. Kalven's argument that compelling him to turn over his notes, would, in his words, "damage [his] journalistic interests." But, as explained, this Circuit doesn't recognize a reporter's privilege. And the concept of reasonableness here demands that a

line be drawn, with the plaintiff on one side, and everyone else on the other. Quite simply, by deciding to sue, and by deciding to confide in Mr. Kalven and to enlist his services to help her pursue that suit, Ms. Bond waived any right she may have had to expect her interactions with Mr. Kalven to remain confidential. And, similarly, by using his position as an "embedded" journalist to investigate Ms. Bond's plight, to help her find an attorney, and to work closely with that attorney to further her case, Mr. Kalven has forfeited any right he may have had to expect that his "journalistic interests" would be preserved as to Ms. Bond. The Court is mindful that compelling Mr. Kalven to turn over notes and tapes - even if limited to those of Ms. Bond - imposes a burden on him; those items will reveal, to some extent, his journalistic activities and his journalistic work product. But his work product is not automatically protected from disclosure. And, having immersed himself so deeply into Ms. Bond's case, Mr. Kalven cannot expect that his interests may emerge entirely unscathed. Indeed, the Court's concerns about Mr. Kalven's "street cred" are alleviated by the fact that Ms. Bond shared her story with a clear mind that Mr. Kalven would take it to a lawyer (with an eye toward pursuing litigation) and to the people (via Kicking the Pigeon).

In short, with its initial ruling, the Court struck a balance among the competing interests at play here, and it

4

remains convinced that the ruling should stand. Mr. Kalven's motion for reconsideration, like the defendants' motion for reconsideration, is denied.

## Conclusion

For the reasons explained above, the Court denies the defendants' motion to reconsider [#160], and denies Mr. Kalven's motion for partial reconsideration [#162].

Dated: August 23, 2006

ENTER:

ARLANDER KEYS
United States Magistrate Judge