IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 2 2 2007
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

| | |
|---|---|
| DIANE BOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 04 C 2617 |
| ) | |
| CHICAGO POLICE OFFICER EDWIN ) | |
| UTRERAS, et al., ) | Judge Lefkow |
| ) | |
| Defendants. ) | Magistrate Judge Keys |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, DIANE BOND, by one of her attorneys, CRAIG B. FUTTERMAN, defendant, CITY OF CHICAGO, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants, EDWIN UTRERAS, JOSEPH SEINITZ, ROBERT STEGMILLER, ANDREW SCHOEFF, and CHRIST SAVICKAS, by one of their attorneys, THOMAS J. PLATT, Chief Assistant Corporation Counsel, herein stipulate and agree to the following:

1. This action has been brought by plaintiff Diane Bond ("plaintiff") against defendants City of Chicago ("City"), Edwin Utreras, Joseph Seinitz, Robert Stegmiller, Andrew Schoeff, and Christ Savickas (collectively referred to as "defendants"), and makes certain allegations contained in plaintiff's amended complaint.

2. Defendants deny each and every allegation of wrongdoing as stated in plaintiff's amended complaint, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of

1

any of the defendants and/or the City's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any of the defendants and/or the City's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and her attorney agree that they or any firm with which said attorney is affiliated or with which said attorney may later become affiliated shall not use this settlement as notice of misconduct on the part of any of the defendants and/or the City's future, current, or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to dismiss, with leave to reinstate solely in the event that the Chicago City Council rejects the hereinafter indicated settlement, all of her claims against defendants, with each side bearing its own costs and attorney's fees. Plaintiff agrees that she will be required to execute this Release and Settlement Agreement and effect said dismissal of this action prior to the City's presentation of the settlement agreement to the Chicago City Council and that plaintiff's offer to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council rejects the settlement agreement. Upon approval of the settlement by the Chicago City Council, plaintiff agrees to a final order dismissing with prejudice all of her claims against defendants, Edwin Utreras, Joseph Seinitz, Robert Stegmiller, Andrew Schoeff, and Christ Savickas and the City,

with each side bearing its own costs and attorney's fees.

5. Plaintiff accepts settlement from the City in the total amount of ONE HUNDRED AND FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), with each side bearing its own costs and attorney's fees.

6. The City's obligations pursuant to this Release and Settlement Agreement are conditioned upon approval of the settlement agreement by the Chicago City Council. The City will not be obligated to perform its obligations pursuant to this Release and Settlement Agreement until the following events occur: (1) the City receives a copy of this Release and Settlement Agreement executed by plaintiff and her attorney(s); (2) the Chicago City Council enacts an ordinance authorizing settlement and payment of the funds agreed upon in this Release and Settlement Agreement; and (3) the City receives a Final Agreed Order of Dismissal from the United States District Court dismissing with prejudice all of plaintiff's claims against defendants, with each side bearing its own costs and attorney's fees and without leave to reinstate as specified in paragraph 4 of this Release and Settlement Agreement.

7. The City agrees to pay plaintiff the total settlement amount as specified in paragraph 5 herein within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Final Agreed Order of Dismissal. All sums shall be payable solely by the City, and plaintiff and her attorneys agree that they will not seek payment from any source other than the City. The settlement checks will be made payable to plaintiff, her attorney(s), and lien claimants, if any, of which the City has notice.

8. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City

3

and its future, current or former officers, agents and employees, including but not limited to defendants Edwin Utreras, Joseph Seinitz, Robert Stegmiller, Andrew Schoeff, and Christ Savickas, from any claims, losses, damages or expenses, including attorney's fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

9. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff hereby releases and forever discharges on behalf of herself and her heirs, executors, administrators, assigns, and successors, all claims she had or has or may in the future have against defendants Edwin Utreras, Joseph Seinitz, Robert Stegmiller, Andrew Schoeff, Christ Savickas and the City, and against the City's future, current or former officers, agents, and employees, under local, state, or federal law, including attorney's fees and costs, arising either directly or indirectly out of the incidents occurring on or prior to the date of this Release and Settlement Agreement, including, but not limited to, those claims which are the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

10. This Release and Settlement Agreement and any documents that may be executed under paragraph 13 herein reflect the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11. This Release and Settlement agreement is entered into in the State of Illinois and

4

shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12. In entering into this Release and Settlement Agreement, plaintiff represents that she has relied upon the advice of her attorney, who is the attorney of her own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to her by her attorney, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that she and her attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

13. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

*Diane Bond*
DIANE BOND, plaintiff

Address: Mandel Legal Aid  
6020 S. University  
Chicago, IL 60637

Date of birth: 9-7-54

SSN: 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

*[signature]*
CRAIG B. FUTTERMAN
Attorney for plaintiff
Mandel Legal Aid Clinic
6020 South University
Chicago, Illinois 606037
(773) 702-9611
Attorney No. 6206936

                                              MARA S. GEORGES
                                              Corporation Counsel of the City of Chicago

By: *[signature]*
GEORGE J. YAMIN, JR.
Senior Counsel
Attorney for defendant City of Chicago, CLINE,
30 North LaSalle Street   HILLARD AND LIGHTFOOT
Suite 1610
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 06217483

*[signature]*
THOMAS J. PLATT
Chief Assistant Corporation Counsel
Attorney for the individual defendants
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4833
Attorney No. 06181260

6