FILED
NOV 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

DIANE BOND,                  ) No. 04 C 2617
                             )
              Plaintiff,     )
                             )
         vs.                 ) Chicago, Illinois
                             )
EDWIN UTRERAS, et al.,       )
                             ) October 25, 2007
              Defendants.)     9:30 a.m.

                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOAN HUMPHREY LEFKOW

APPEARANCES:

For the Plaintiff:       MR CRAIG B. FUTTERMAN
                         (Mandel Legal Aid Clinic,
                          6020 South University Avenue,
                          Chicago, Illinois  60637)

For the Defendants:      MR. THOMAS J. PLATT
                         MS. GERI LYNN YANOW
                         MS. MARY S. McDONALD
                         (City of Chicago, Department of Law,
                          Individual Defense Litigation,
                          30 North LaSalle Street, Suite 1400,
                          Chicago, Illinois  60602)

                         MS. MARA S. GEORGES
                         MS. BENNA RUTH SOLOMON
                         MR. GEORGE J. YAMIN, JR.
                         (City of Chicago, Department of Law,
                          30 North LaSalle Street,
                          Chicago, Illinois  60602)



                         PATRICK J. MULLEN
                         Official Court Reporter
                   219 South Dearborn Street, Room 2128,
                         Chicago, Illinois  60604
                            (312) 435-5565
```

EXHIBIT A

```
 1  APPEARANCES:   (Cont.)
 2  For the Petitioners:   MR. JONATHAN I. LOEVY
                           MS. SAMANTHA A. LISKOW
 3                         (Loevy & Loevy,
                            312 North May Street, Suite 100,
 4                          Chicago, Illinois   60607)
 5
                           MR. MATTHEW J. PIERS
 6                         (Hughes, Socol, Piers, Resnick & Dym,
                            Three First National Plaza,
 7                          70 West Madison Street, Suite 4000,
                            Chicago, Illinois   60602
 8
                           MR. JUDSON H. MINER
 9                         (Miner, Barnhill & Galland,
                            14 West Erie Street,
10                          Chicago, Illinois   60610)
11                         MR. CLYDE E. MURPHY
                           (Chicago Lawyers Committee for
12                          Civil Rights Under Law, Inc.,
                            100 North LaSalle Street, Suite 600,
13                          Chicago, Illinois   60602)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              THE CLERK:  04 C 2617, Bond versus Utreras.
 2              THE COURT:  Good morning.
 3              MR. PIERS:  Good morning, Your Honor.  Matthew Piers,
 4    Judson Miner, and Clyde Murphy on behalf of the petitioners
 5    seeking intervention.
 6              MR. YAMIN:  Good morning, Your Honor.  George Yamin
 7    on behalf of defendant City of Chicago.  With me today is Benna
 8    Solomon, deputy corporation counsel of the appeals division.
 9              THE COURT:  Where is she?
10              MS. SOLOMON:  Good morning.
11              THE COURT:  Good morning, Ms. Solomon.
12              MR. PLATT:  Thomas Platt for the individual police
13    officers.
14              MS. YANOW:  Geri Lynn Yanow on behalf of the
15    individual police officers.
16              MS. GEORGES:  Mara Georges, G-e-o-r-g-e-s, on behalf
17    of the defendants.  Judge, I don't believe I have an appearance
18    on file in this case, so I'd request leave to file my
19    appearance.
20              THE COURT:  You may.
21              MS. GEORGES:  Thank you, Judge.
22              MS. McDONALD:  Mary McDonald on behalf of the
23    individual officers.
24              MR. FUTTERMAN:  Good morning.  Craig Futterman on
25    behalf of the plaintiff.
```

4

1             MR. LOEVY: Good morning, Your Honor. John Loevy
2 here for intervenor Jamie Kalven, who's also in court.
3             THE COURT: Okay. Is that everyone?
4             MS. LISKOW: Good morning. Samantha Liskow on behalf
5 of intervenor Jamie Kalven.
6             THE COURT: Okay. I've seen the petition and have
7 read it, so I gather the place to start here is a response.
8 Then I'll let the intervenors' counsel reply.
9             MR. YAMIN: Well, Your Honor, the defendants would
10 ask that a briefing schedule be set on this matter. As you
11 know from the long history of this case and for other reasons,
12 the matter before the Court now is of great import. The
13 importance is multidimensional, and we think all involved would
14 be best suited, in the long run would be best suited if the
15 city could have the opportunity to articulate its response in
16 opposition to the motion in writing.
17             THE COURT: Okay. Well, before we get to that, I
18 have a few questions of the petitioners here.
19             MR. PIERS: Yes, Your Honor.
20             THE COURT: Number one, why do I have any
21 jurisdiction when this case is on appeal?
22             MR. PIERS: I don't think the case -- excuse me. I
23 don't think the case itself is on appeal, Your Honor. I think
24 what is on appeal is your order of July 2 lifting in part the
25 protective order which Your Honor issued with regard to the

1 documents which were produced by the city to the plaintiff. I
2 don't think that anybody would dispute that if that protective
3 order were violated, recourse would lie by coming before this
4 Court to have that order enforced.
5      This is an appeal of a very limited matter, and I
6 don't think that it takes away jurisdiction at all. Indeed,
7 the order itself is an order that you entered on July 2, an
8 order that includes continuing restrictions with regard to
9 release of certain of the information in the documents.
10      So I think both that order recognizes and the scope
11 of the appeal recognizes that you have continuing jurisdiction
12 with regard to the protective order which pends before you in
13 light of the stay issued by the Seventh Circuit.
14      THE COURT: Well, that may or may not be so, but the
15 very question that is before the Court of Appeals is whether
16 the documents produced in discovery are confidential. Isn't
17 that the question that you want me to decide on your behalf?
18      MR. PIERS: In a very different context, Your Honor.
19 I think the question more narrowly put that is before the Court
20 of Appeals is whether the general public should have access to
21 these documents which were admittedly produced by the city in
22 discovery pursuant to a protective order.
23      In the course of the proceedings which led to your
24 order and to the Seventh Circuit's stay of your order pending
25 appeal, all parties to this case, as I read the record,

1 acknowledge that the aldermen, the members of the corporate
2 authority of the City of Chicago, were and should be and would
3 be entitled to see these documents if they wished.
4     Pursuant to those representations, aldermen sought
5 those documents and were denied those documents. So we think
6 it is both properly before you and quite distinct from the
7 question that is before the Court of Appeals as to whether the
8 order should be lifted for a much more limited public, if you
9 will, the elected official of the corporate authority, as the
10 parties agreed there would be no problem and, second, whether
11 in light of the fact that the corporation counsel has
12 represented to by my count three courts, this Court, Judge
13 Pallmeyer, and the United States Courts of Appeals, in the
14 course of seeking and receiving a stay of your order, that all
15 the aldermen would have to do is request these documents to
16 receive them, whether in light of those representations the
17 corporation counsel must not be held to those representations
18 and provide these documents to my clients.
19     THE COURT: Well, I could, you know, take briefs on
20 this, but I feel rather strongly that I've already granted the
21 relief, any relief that I can give you, unless you can show me
22 any reason why I have authority or any stake in ordering the
23 documents to be produced.
24     All I was saying was that I don't think these
25 documents are properly protected as confidential by the

1  protective order, and I said to the city lawyers who were here
2  that day: I'm lifting the protective order. If you want to
3  deliver them to the aldermen -- parentheses, I think you should
4  -- you can do that. I'm not going to stand in your way.
5       If you recall at the end of the transcript, I said:
6  This is a political question as far as I'm concerned. You go
7  fight it out, but I don't have a dog in this fight.
8       That's really where I stand, and I think if I heard
9  you and, you know, if I got a response, that's really where I
10 would come out in the end. So my inclination is to deny this
11 on that basis.
12      MR. PIERS: And that basis would be jurisdiction?
13      THE COURT: Well, A, I don't think I have
14 jurisdiction. That's probably where -- because I think this
15 issue is exactly what is before the Court of Appeals. The way
16 I framed the question is: Are those documents properly agreed
17 to by the parties as being confidential under Rule 26 or, you
18 know, the discovery rules?
19      I'm saying no, and the Court of Appeals has stayed
20 that order. That's what you're asking me to decide again, only
21 it adds this gloss of these other parties who are interested,
22 but that sounds to me like another lawsuit. If the aldermen
23 want to sue the city to get the documents because they have
24 some legal entitlement to them, they can do that, too.
25      MR. PIERS: Well, I don't want to repeat myself, Your

8

1  Honor, but I do think that the standing of my clients is quite
2  distinct from the standing of Mr. Kalven. As your order spoke
3  to a general lifting of the order, what we are seeking here is
4  something much, much more limited which I think is neither
5  addressed directly by your order and, more troubling, is
6  something that the parties in obtaining the stay have
7  acknowledged my clients are entitled to.
8         THE COURT: Well, I think I'm going to deny the
9  motion for lack of subject matter jurisdiction.
10        MR. PIERS: Very well, Your Honor.
11        MS. McDONALD: Thank you, Judge.
12        MS. GEORGES: Thank you, Judge.
13        THE COURT: Okay.
14     (Proceedings concluded.)
15
16              C E R T I F I C A T E
17        I, Patrick J. Mullen, do hereby certify that the
   foregoing is a complete, true, and accurate transcript of the
18 proceedings had in the above-entitled case before the Honorable
   JOAN HUMPHREY LEFKOW, one of the judges of said court in
19 Chicago, Illinois, on October 25, 2007.

                              _____
                                   Official Court Reporter
                                   United States District Court
                                   Northern District of Illinois
                                       Eastern Division