IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DIANE BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 2617 |
| v. | ) | |
| | ) | JUDGE LEFKOW |
| EDWIN UTRERAS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO RELEASE DOCUMENTS
FROM PROTECTIVE ORDER TO BE USED IN A PENDING CASE
<u>AGAINST THE SAME DEFENDANT</u>**

LAURA RAMIREZ, JAMES RAMIREZ and ANTHONY RAMIREZ (Plaintiffs in Ramirez, *et al.*, v. City of Chicago, *et al.*, 05 C 317) through their attorneys, LOEVY & LOEVY, move to release CR files and an expert report relying on those files from this Court's protective order so that those files and report may be used in *Ramirez, et al, v. City of Chicago, et al.*, currently pending before Judge Shadur. In support of this Motion, Plaintiffs state as follows:

**The Bond Litigation**

1. As the Court likely recalls, Diane Bond filed suit against five Chicago police officers, the former chief administrator of the Office of Professional Standards, the superintendent of the Chicago Police Department, and the City of Chicago, alleging that the defendant officers subjected her to sexual, physical and psychological abuse under a police department policy, custom and practice.

2. At the outset of the litigation, this Court entered a protective order that allowed the parties to designate certain discovery material as confidential.

3. The protective order provided, however, that "the designation of material as 'Confidential Matter' does not create any presumption for or against that treatment" and explicitly noted that this court would retain authority to potentially redesignate any material designated "confidential."

4. During the litigation, Bond received extensive discovery documents that included: (1) a list of police officers during a specified time period against whom more than ten CR files had been opened, identifying the officers by name and the CR files by number; (2) a list of those police officers identified in (1) who had been referred to CPD's early intervention programs; and (3) dozens of CR investigation files.

5. Those files were used by police practices expert, Joe Stine, and a public health expert, Stephen Whitman, to evaluate the Chicago Police Department's response to citizen complaints using the above discovery.

6. On information and belief, Defendants here designated the above discovery as confidential, meaning that it is subject to the Court's protective order.

### The Ramirez Ligitation

7. Plaintiffs in *Ramirez v. City of Chicago*, three members of a family who were retaliated against by Chicago police officers because they took the side of a neighbor (also a Chicago police officer) in an excessive force dispute, seek to use Joe

Stine's analysis and the underlying discovery from the Bond case in order to establish municipal liability under *Monell*.

8. The Ramirez Plaintiffs seek nothing more than to use these materials (coupled with some new materials obtained in *Ramirez* per Judge Shadur's order) against the common Defendant in both cases, the City of Chicago.

9. It would make no sense to require Plaintiffs in the *Ramirez* case to have to separately obtain these same documents in *Ramirez* instead of just using those already produced in *Bond*. The Seventh Circuit long ago reasoned that it makes no sense to require reproduction of litigation documents in a second case when a simple modification of a protective order will make production *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) ("We therefore agree with the result reached by every other appellate court which has considered the issue, and hold that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.") (citations omitted).

10. There is no such risk of prejudice here as the documents are files drafted and maintained by the common Defendant in both cases. There is no more prejudice to substantial rights in producing the records in the *Ramirez* case than there was in the *Bond* case. Even if there was any prejudice, this Court still has the discretion to decide

11. Plaintiffs in Ramirez would agree to hold these documents under the terms

of this Court's protective order and would not disclose the documents publicly (outside of trial in *Ramirez*) absent approval from this Court.

11. On August 22, 2008, Plaintiffs in *Ramirez* asked counsel for the City of Chicago to agree to allow Plaintiffs to use the files at issue in the *Ramirez* case.

12. On August 29, 2008, the City of Chicago declined to agree to the request. (See Exhibit A).

WHEREFORE, Plaintiffs in *Ramirez v. City of Chicago*, 05 C 317, respectfully ask this Court to release all documents used by Joe Stine and Steven Whitman that were used by them in their expert opinions relating to *Monell* liability in *Bond*, so that their reports can be incorporated in the *Ramirez* case.

RESPECTFULLY SUBMITTED

/S/Mark Reyes
ATTORNEYS FOR PLAINTIFF

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 N. May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Mark Reyes, an attorney, certify that on April 28, 2006, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

S/Mark Reyes